# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Tampa Division

**FEDERAL TRADE COMMISSION,**

      Plaintiff,

v.

**THE ONLINE ENTREPRENEUR, INC.,**
a corporation, also d/b/a THE SIX FIGURE
PROGRAM and BEN AND DAVE'S
PROGRAM;

**BEN AND DAVE'S CONSULTING
ASSOCIATES, INC.,** a corporation;

**BENJAMIN MOSKEL**, individually and as
an officer or owner of THE ONLINE
ENTREPRENEUR, INC.; and BEN AND
DAVE'S CONSULTING ASSOCIATES,
INC.; and

**DAVID CLABEAUX**, individually and as
an officer or owner of THE ONLINE
ENTREPRENEUR, INC., and BEN AND
DAVE'S CONSULTING ASSOCIATES,
INC.,

      Defendants.

Case No.

## PLAINTIFF FEDERAL TRADE COMMISSION

### VOLUME IV

- **STATUTES**

- **TRADE RULES AND REGULATIONS**

- **PRIOR FTC *EX PARTE* TEMPORARY RESTRAINING ORDERS**

# TABLE OF CONTENTS

## Statutes and Rules

A.        Federal Trade Commission Act, 15 U.S.C. § 41

B.        Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45

C.        Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53

D.        Section 19 of the Federal Trade Commission Act, 15 U.S.C. § 57b

E.        Business Opportunity Rule, 16 C.F.R. Part 437

F.        Fed. R. Civ. P. 65

## Recent *Ex Parte* TROs entered in the Middle District of Florida

G.        *FTC v. Latrese & Kevin Enterprises, Inc.*, No. 3:08-cv-1001-J-34JRK  (M.D. Fla.
          May 15,  2012)

H.        *FTC v. National Solutions LLC*, No. 11-cv-1131-ORL-22-GJK (M.D. Fla. July 12,
          2011)

I.        *FTC v. Vacation Property Services, Inc.*, No. 8:11-cv-595-T-27MAP (M.D. Fla. Mar.
          23, 2011)

J.        *FTC v. JPM Accelerated Services Inc.*, No. 6:09-cv-2021-ORL-28-KRS (M.D. Fla.
          Nov. 30, 2009)

K.        *FTC v. Washington Data Resources, Inc.,* No. 8:09-cv-2309-T-23TBM (M.D. Fla.
          Nov. 13, 2009)

L.        *FTC v. Home Assure, LLC,* No. 8:09-cv-547-T-23TBM (M.D. Fla. Mar. 26, 2009)

M.        *FTC v. Global Marketing Group, Inc.*, No. 8:06-cv-2272-T-30TGW (M.D. Fla.
          Dec.12, 2006)

## Recent *Ex Parte* TROs entered in Similar Cases

N.        *FTC v. North America Marketing and Associates, LLC*, 2:12-cv-00914-DGC
          (D. Ariz.  May 2, 2012)

O.      *FTC v. Prophet 3H, Inc.*, No. 06-CV-1692 (N.D. Ga. July 18, 2006)

P.      *FTC v. Neiswonger*, No. 4:96CV02225 SNL (E.D. Mo. July 17, 2006)

Q.      *FTC v. Associated Record Distributors, Inc.*, 02-21754-CV-MARTINEZ (S.D. Fla.
        Sept. 29, 2004)

R.      *FTC v. Essex Marketing Group, Inc.*, Civ. No. 023415 (E.D.N.Y. June 25, 2002)

# ATTACHMENT A.



LEXSTAT 15 USCS § 41

UNITED STATES CODE SERVICE
Copyright © 2011 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM)
All rights reserved.

*** CURRENT THROUGH PL 111-383, APPROVED 1/7/2011 ***

TITLE 15. COMMERCE AND TRADE
CHAPTER 2. FEDERAL TRADE COMMISSION; PROMOTION OF EXPORT TRADE AND PREVENTION OF
UNFAIR METHODS OF COMPETITION
FEDERAL TRADE COMMISSION

**Go to the United States Code Service Archive Directory**

*15 USCS § 41*

§ 41. Federal Trade Commission established; membership; vacancies; seal

A commission is created and established, to be known as the Federal Trade Commission (hereinafter referred to as the commission), which shall be composed of five commissioners, who shall be appointed by the President, by and with the advice and consent of the Senate. Not more than three of the commissioners shall be members of the same political party. The first commissioners appointed shall continue in office for terms of three, four, five, six, and seven years, respectively, from the date of taking effect of this Act, the term of each to be designated by the President, but their successors shall be appointed for terms of seven years, except that any person chosen to fill a vacancy shall be appointed only for the unexpired term of the commissioner whom he shall succeed: *Provided, however,* That upon the expiration of his term of office a Commissioner shall continue to serve until his successor shall have been appointed and shall have qualified. The commission [President] shall choose a chairman from its own [the commission's] membership. No commissioner shall engage in any other business, vocation, or employment. Any commissioner may be removed by the President for inefficiency, neglect of duty, or malfeasance in office. A vacancy in the commission shall not impair the right of the remaining commissioners to exercise all the powers of the commission.

The commission shall have an official seal, which shall be judicially noticed.

HISTORY:
   (Sept. 26, 1914, ch 311, § 1, 38 Stat. 717; Mar. 21, 1938, ch 49, § 1, 52 Stat. 111.)

HISTORY; ANCILLARY LAWS AND DIRECTIVES

References in text:
   The "date of taking effect of this Act", referred to in this section, is September 26, 1914, or the enactment date of Act Sept. 26, 1914, ch 311, 38 Stat. 717, which enacted *15 USCS §§ 41* et seq.

# ATTACHMENT B.



# 15 USCS § 45

Current through PL 112-134, approved 6/15/12

<u>United States Code Service - Titles 1 through 51</u> > <u>TITLE 15.</u> > <u>CHAPTER 2.</u> > <u>FEDERAL TRADE COMMISSION</u>

> **§ 45. Unfair methods of competition unlawful; prevention by Commission [Caution: See prospective amendment note below.]**

(a)   Declaration of unlawfulness; power to prohibit unfair practices; inapplicability to foreign trade.

    (1)   Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.

    (2)   The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, savings and loan institutions described in section 18(f)(3) [*15 USCS § 57a(f)(3)*], Federal credit unions described in section 18(f)(4) [*15 USCS § 57a(f)(4)*], common carriers subject to the Acts to regulate commerce, air carriers and foreign air carriers subject to the Federal Aviation Act of 1958 [*49 USCS §§ 40101* et seq.], and persons, partnerships, or corporations insofar as they are subject to the Packers and Stockyards Act, 1921, as amended [*7 USCS §§ 181* et seq.], except as provided in section 406(b) of said Act [*7 USCS § 227(b)*], from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.

    (3)   This subsection shall not apply to unfair methods of competition involving commerce with foreign nations (other than import commerce) unless--

        (A)   such methods of competition have a direct, substantial, and reasonably foreseeable effect--

            (i)   on commerce which is not commerce with foreign nations, or on import commerce with foreign nations; or

            (ii)   on export commerce with foreign nations, of a person engaged in such commerce in the United States; and

        (B)   such effect gives rise to a claim under the provisions of this subsection, other than this paragraph.
          If this subsection applies to such methods of competition only because of the operation of subparagraph (A)(ii), this subsection shall apply to such conduct only for injury to export business in the United States.

    (4)   (A) For purposes of subsection (a), the term unfair or deceptive acts or practices' includes such acts or practices involving foreign commerce that--

        (i)   cause or are likely to cause reasonably foreseeable injury within the United States; or

        (ii)   involve material conduct occurring within the United States.

            (B)   All remedies available to the Commission with respect to unfair and deceptive acts and practices shall be available for acts and practices described in this paragraph, including restitution to domestic or foreign victims.

(b)   Proceeding by Commission; modifying and setting aside orders. Whenever the Commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition or unfair or deceptive act or practice in or affecting commerce, and if it shall appear to the Commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the Commission requiring such person, partnership, or corporation to cease and desist from the violation of the law so charged in said complaint. Any person, partnership, or corporation may make application, and upon good cause shown may

<u>Exhibit 35</u>

15 USCS § 45

be allowed by the Commission to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the Commission. If upon such hearing the Commission shall be of the opinion that the method of competition or the act or practice in question is prohibited by this Act, it shall make a report in writing in which it shall state its findings as to the facts and shall issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist from using such method of competition or such act or practice. Until the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, or, if a petition for review has been filed within such time then until the record in the proceeding has been filed in a court of appeals of the United States, as hereinafter provided, the Commission may at any time, upon such notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section. After the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, the Commission may at any time, after notice and opportunity for hearing, reopen and alter, modify, or set aside, in whole or in part, any report or order made or issued by it under this section, whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require, except that (1) the said person, partnership, or corporation may, within sixty days after the service upon him or it of said report or order entered after such a reopening, obtain a review thereof in the appropriate court of appeals of the United States, in the manner provided in subsection (c) of this section; and (2) in the case of an order, the Commission shall reopen any such order to consider whether such order (including any affirmative relief provision contained in such order) should be altered, modified, or set aside, in whole or in part, if the person, partnership, or corporation involved files a request with the Commission which makes a satisfactory showing that changed conditions of law or fact require such order to be altered, modified, or set aside, in whole or in part. The Commission shall determine whether to alter, modify, or set aside any order of the Commission in response to a request made by a person, partnership, or corporation under paragraph [clause] (2) not later than 120 days after the date of the filing of such request.

(c)   Review of order; rehearing. Any person, partnership, or corporation required by an order of the Commission to cease and desist from using any method of competition or act or practice may obtain a review of such order in the [circuit] court of appeals of the United States, within any circuit where the method of competition or the act or practice in question was used or where such person, partnership, or corporation resides or carries on business, by filing in the court, within sixty days from the date of the service of such order, a written petition praying that the order of the Commission be set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the Commission, and thereupon the Commission shall file in the court the record in the proceeding, as provided in *section 2112 of title 28, United States Code*. Upon such filing of the petition the court shall have jurisdiction of the proceeding and of the question determined therein concurrently with the Commission until the filing of the record and shall have power to make and enter a decree affirming, modifying, or setting aside the order of the Commission, and enforcing the same to the extent that such order is affirmed and to issue such writs as are ancillary to its jurisdiction or are necessary in its judgment to prevent injury to the public or to competitors pendente lite. The findings of the Commission as to the facts, if supported by evidence, shall be conclusive. To the extent that the order of the Commission is affirmed, the court shall thereupon issue its own order commanding obedience to the terms of such order of the Commission. If either party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts, or make new findings, by reason of the additional evidence so taken, and it shall file such modified or new findings, which, if supported by evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of its original order, with the return of such additional evidence. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari, as provided in section 240 of the Judicial Code [*28 USCS § 1254*].

(d)   Jurisdiction of court. Upon the filing of the record with it the jurisdiction of the [circuit] court of appeals of the United States to affirm, enforce, modify, or set aside orders of the Commission shall be exclusive.

(e)   Extension from liability. No order of the Commission or judgment of court to enforce the same shall in anywise relieve or absolve any person, partnership, or corporation from any liability under the Antitrust Acts.

(f)   Service of complaints, orders and other processes; return. Complaints, orders, and other processes of the Commission under this section may be served by anyone duly authorized by the Commission, either (a) by deliv-

Exhibit 35

15 USCS § 45

ering a copy thereof to the person to be served, or to a member of the partnership to be served, or the president, secretary, or other executive officer or a director of the corporation to be served; or (b) by leaving a copy thereof at the residence or the principal office or place of business of such person, partnership, or corporation; or (c) by mailing a copy thereof by registered mail or by certified mail addressed to such person, partnership, or corporation at his or its residence or principal office or place of business. The verified return by the person so serving said complaint, order, or other process setting forth the manner of said service shall be proof of the same, and the return post office receipt for said complaint, order, or other process mailed by registered mail or by certified mail as aforesaid shall be proof of the service of the same.

(g)   Finality of order. An order of the Commission to cease and desist shall become final--

   (1)   Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time; but the Commission may thereafter modify or set aside its order to the extent provided in the last sentence of subsection (b).

   (2)   Except as to any order provision subject to paragraph (4), upon the sixtieth day after such order is served, if a petition for review has been duly filed; except that any such order may be stayed, in whole or in part and subject to such conditions as may be appropriate, by--

      (A)   the Commission;

      (B)   an appropriate court of appeals of the United States, if (i) a petition for review of such order is pending in such court, and (ii) an application for such a stay was previously submitted to the Commission and the Commission, within the 30-day period beginning on the date the application was received by the Commission, either denied the application or did not grant or deny the application; or

      (C)   the Supreme Court, if an applicable petition for certiorari is pending.

   (3)   For purposes of subsection (m)(1)(B) and of section 19(a)(2) [*15 USCS § 57b(a)(2)*], if a petition for review of the order of the Commission has been filed--

      (A)   upon the expiration of the time allowed for filing a petition for certiorari, if the order of the Commission has been affirmed or the petition for review has been dismissed by the court of appeals and no petition for certiorari has been duly filed;

      (B)   upon the denial of a petition for certiorari, if the order of the Commission has been affirmed or the petition for review has been dismissed by the court of appeals; or

      (C)   upon the expiration of 30 days from the date of issuance of a mandate of the Supreme Court directing that the order of the Commission be affirmed or the petition for review be dismissed.

   (4)   In the case of an order provision requiring a person, partnership, or corporation to divest itself of stock, other share capital, or assets, if a petition for review of such order of the Commission has been filed--

      (A)   upon the expiration of the time allowed for filing a petition for certiorari, if the order of the Commission has been affirmed or the petition for review has been dismissed by the court of appeals and no petition for certiorari has been duly filed;

      (B)   upon the denial of a petition for certiorari, if the order of the Commission has been affirmed or the petition for review has been dismissed by the court of appeals; or

      (C)   upon the expiration of 30 days from the date of issuance of a mandate of the Supreme Court directing that the order of the Commission be affirmed or the petition for review be dismissed.

(h)   Modification or setting aside of order by Supreme Court. If the Supreme Court directs that the order of the Commission be modified or set aside, the order of the Commission rendered in accordance with the mandate of the Supreme Court shall become final upon the expiration of thirty days from the time it was rendered, unless within such thirty days either party has instituted proceedings to have such order corrected to accord with the mandate, in which event the order of the Commission shall become final when so corrected.

(i)   Modification or setting aside of order by Court of Appeals. If the order of the Commission is modified or set aside by the [circuit] court of appeals, and if (1) the time allowed for filing a petition for certiorari has expired and no such petition has been duly filed, or (2) the petition for certiorari has been denied, or (3) the decision of the court has been affirmed by the Supreme Court, then the order of the Commission rendered in accordance with the mandate of the court of appeals shall become final on the expiration of thirty days

Exhibit 35

15 USCS § 45

from the time such order of the Commission was rendered, unless within such thirty days either party has instituted proceedings to have such order corrected so that it will accord with the mandate, in which event the order of the Commission shall become final when so corrected.

(j)   Rehearing upon order or remand. If the Supreme Court orders a rehearing; or if the case is remanded by the [circuit] court of appeals to the Commission for a rehearing, and if (1) the time allowed for filing a petition for certiorari has expired, and no such petition has been duly filed, or (2) the petition for certiorari has been denied, or (3) the decision of the court has been affirmed by the Supreme Court, then the order of the Commission rendered upon such rehearing shall become final in the same manner as though no prior order of the Commission had been rendered.

(k)   "Mandate" defined. As used in this section the term "mandate," in case a mandate has been recalled prior to the expiration of thirty days from the date of issuance thereof, means the final mandate.

(l)   Penalty for violation of order; injunctions and other appropriate equitable relief. Any person, partnership, or corporation who violates an order of the Commission after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $ 10,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the Attorney General of the United States. Each separate violation of such an order shall be a separate offense, except that in the case of a violation through continuing failure to obey or neglect to obey a final order of the Commission, each day of continuance of such failure or neglect shall be deemed a separate offense. In such actions, the United States district courts are empowered to grant mandatory injunctions and such other and further equitable relief as they deem appropriate in the enforcement of such final orders of the Commission.

(m)   Civil actions for recovery of penalties for knowing violations of rules and cease and desist orders respecting unfair or deceptive acts or practices; jurisdiction; maximum amount of penalties; continuing violations; de novo determinations; compromise or settlement procedure.

   (1)

      (A)   The Commission may commence a civil action to recover a civil penalty in a district court of the United States against any person, partnership, or corporation which violates any rule under this Act respecting unfair or deceptive acts or practices (other than an interpretive rule or a rule violation of which the Commission has provided is not an unfair or deceptive act or practice in violation of subsection (a)(1)) with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule. In such action, such person, partnership, or corporation shall be liable for a civil penalty of not more than $ 10,000 for each violation.

      (B)   If the Commission determines in a proceeding under subsection (b) that any act or practice is unfair or deceptive, and issues a final cease and desist order, other than a consent order, with respect to such act or practice, then the Commission may commence a civil action to obtain a civil penalty in a district court of the United States against any person, partnership, or corporation which engages in such act or practice--

   (1)   after such cease and desist order becomes final (whether or not such person, partnership, or corporation was subject to such cease and desist order), and

   (2)   with actual knowledge that such act or practice is unfair or deceptive and is unlawful under subsection (a)(1) of this section.
      In such action, such person, partnership, or corporation shall be liable for a civil penalty of not more than $ 10,000 for each violation.

      (C)   In the case of a violation through continuing failure to comply with a rule or with section 5(a)(1) [subsec. (a)(1) of this section], each day of continuance of such failure shall be treated as a separate violation, for purposes of subparagraphs (A) and (B). In determining the amount of such a civil penalty, the court shall take into account the degree of culpability, any history of prior such conduct, ability to pay, effect on ability to continue to do business, and such other matters as justice may require.

   (2)   If the cease and desist order establishing that the act or practice is unfair or deceptive was not issued against the defendant in a civil penalty action under paragraph (1)(B) the issues of fact in such action against such defendant shall be tried de novo. Upon request of any party to such an action against such defendant, the court shall also review the determination of law made by the Commission in the proceed-

Exhibit 35

15 USCS § 45

ing under subsection (b) that the act or practice which was the subject of such proceeding constituted an unfair or deceptive act or practice in violation of subsection (a).

(3)   The Commission may compromise or settle any action for a civil penalty if such compromise or settlement is accompanied by a public statement of its reasons and is approved by the court.

(n)   Definition of unfair acts or practices. The Commission shall have no authority under this section or section 18 [*15 USCS § 57a*] to declare unlawful an act or practice on the grounds that such act or practice is unfair unless the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition. In determining whether an act or practice is unfair, the Commission may consider established public policies as evidence to be considered with all other evidence. Such public policy considerations may not serve as a primary basis for such determination.

---

**History**

---

(Sept. 26, 1914, ch 311, § 5,38 Stat. 719; Mar. 21, 1938, ch 49, § 3, 52 Stat. 111; June 23, 1938, ch 601, Title XI, § 1107(f), 52 Stat. 1028; Mar. 16, 1950, ch 61, § 4(c), 64 Stat. 21; July 14, 1952, ch 745, § 2, 66 Stat. 632; Aug. 23, 1958, P.L. 85-726, Title XIV, § 1411, 72 Stat. 809; Aug. 28, 1958, P.L. 85-791, § 3, 72 Stat. 942; Sept. 2, 1958, P.L. 85-909, § 3, 72 Stat. 1750; June 11, 1960, P.L. 86-507, § 1(13), 74 Stat. 200; Nov. 16, 1973, P.L. 93-153, Title IV, § 408(c), (d), 87 Stat. 591, 592; Jan. 4, 1975, P.L. 93-637, Title II, §§ 201(a), 204(b), 205(a), 88 Stat. 2193, 2200; Dec. 12, 1975, P.L. 94-145, § 3, 89 Stat. 801; July 23, 1979, P.L. 96-37, § 1(a), 93 Stat. 95; May 28, 1980, P.L. 96-252, § 2, 94 Stat 374; Oct. 8, 1982, P.L. 97-290, Title IV, § 403, 96 Stat. 1246; Nov. 8, 1984, P.L. 98-620, Title IV, Subtitle A, § 402(12), 98 Stat. 3358; Aug. 10, 1987, P.L. 100-86, Title VII, § 715(a)(1), 101 Stat. 655.)

(As amended Aug. 26, 1994,P.L. 103-312, §§ 4, 6, 9, 108 Stat. 1691, 1692, 1695; Dec. 22, 2006, *P.L. 109-455, § 3, 120 Stat. 3372.*)

*UNITED STATES CODE SERVICE*

*Copyright © 2012 Matthew Bender & Company, Inc. a member of the LexisNexis Group ™ All rights reserved.*

Exhibit 35

# ATTACHMENT C.


LexisNexis®

# 15 USCS § 53

Current through PL 112-134, approved 6/15/12

United States Code Service - Titles 1 through 51  >  TITLE 15.  >  CHAPTER 2.  >  FEDERAL TRADE COMMISSION

---

**§ 53. False advertisements; injunctions and restraining orders**

---

(a)   Power of Commission; jurisdiction of courts. Whenever the Commission has reason to believe--

    (1)   that any person, partnership, or corporation is engaged in, or is about to engage in, the dissemination or the causing of the dissemination of any advertisement in violation of section 12 [*15 USCS § 52*], and

    (2)   that the enjoining thereof pending the issuance of a complaint by the Commission under section 5 [*15 USCS § 45*], and until such complaint is dismissed by the Commission or set aside by the court on review, or the order of the Commission to cease and desist made thereon has become final within the meaning of section 5 [*15 USCS § 45*], would be to the interest of the public,

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States or in the United States court of any Territory, to enjoin the dissemination or the causing of the dissemination of such advertisement. Upon proper showing a temporary injunction or restraining order shall be granted without bond. Any suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under *section 1391 of title 28, United States Code*. In addition, the court may, if the court determines that the interests of justice require that any other person, partnership, or corporation should be a party in such suit, cause such other person, partnership, or corporation to be added as a party without regard to whether venue is otherwise proper in the district in which the suit is brought. In any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found.

(b)   Temporary restraining orders; preliminary injunctions. Whenever the Commission has reason to believe

    (1)   that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and

    (2)   that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: *Provided, however,* That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect: *Provided further,* That in proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction. Any suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under *section 1391 of title 28, United States Code*. In addition, the court may, if the court determines that the interests of justice require that any other person, partnership, or corporation should be a party in such suit, cause such other person, partnership, or corporation to be added as a party without regard to whether venue is otherwise proper in the district in which the suit is brought. In any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found.

(c)   Service of process of the Commission; proof of service. Any process of the Commission under this section may be served by any person duly authorized by the Commission--

    (1)   by delivering a copy of such process to the person to be served, to a member of the partnership to be

Exhibit 36

VOL. IV, Page 16

15 USCS § 53

served, or to the president, secretary, or other executive officer or a director of the corporation to be served;

(2)   by leaving a copy of such process at the residence or the principal office or place of business of such person, partnership, or corporation; or

(3)   by mailing a copy of such process by registered mail or certified mail addressed to such person, partnership, or corporation at his, or her, or its residence, principal office, or principal place or business.

The verified return by the person serving such process setting forth the manner of such service shall be proof of the same.

(d)   Exception of periodical publications. Whenever it appears to the satisfaction of the court in the case of a newspaper, magazine, periodical, or other publication, published at regular intervals--

(1)   that restraining the dissemination of a false advertisement in any particular issue of such publication would delay the delivery of such issue after the regular time therefor, and

(2)   that such delay would be due to the method by which the manufacture and distribution of such publication is customarily conducted by the publisher in accordance with sound business practice, and not to any method or device adopted for the evasion of this section or to prevent or delay the issuance of an injunction or restraining order with respect to such false advertisement or any other advertisement,

the court shall exclude such issue from the operation of the restraining order or injunction.

**History**

(Sept. 26, 1914, Ch 311, § 13, as added Mar. 21, 1938, Ch 49, § 4,52 Stat. 115; Nov. 16, 1973, P.L. 93-153, Title IV, § 408(f), 87 Stat. 592.)
(As amended Aug. 26, 1994,P.L. 103-312, § 10, 108 Stat. 1695.)

UNITED STATES CODE SERVICE

Copyright © 2012 Matthew Bender & Company, Inc. a member of the LexisNexis Group ™ All rights reserved.

Exhibit 36

# ATTACHMENT D.



LEXSTAT 15 USCS § 57B

## UNITED STATES CODE SERVICE
Copyright © 2011 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM)
All rights reserved.

**\*\*\* CURRENT THROUGH PL 111-383, APPROVED 1/7/2011 \*\*\***

### TITLE 15. COMMERCE AND TRADE
CHAPTER 2. FEDERAL TRADE COMMISSION; PROMOTION OF EXPORT TRADE AND PREVENTION OF
UNFAIR METHODS OF COMPETITION
FEDERAL TRADE COMMISSION

**Go to the United States Code Service Archive Directory**

*15 USCS § 57b*

§ 57b.  Civil actions for violations of rules and cease and desist orders respecting unfair or deceptive acts or practices

(a) Suits by Commission against persons, partnerships, or corporations; jurisdiction; relief for dishonest or fraudulent acts.

  (1) If any person, partnership, or corporation violates any rule under this Act respecting unfair or deceptive acts or practices (other than an interpretive rule, or a rule violation of which the Commission has provided is not an unfair or deceptive act or practice in violation of section 5(a) [*15 USCS § 45(a)*]), then the Commission may commence a civil action against such person, partnership, or corporation for relief under subsection (b) in a United States district court or in any court of competent jurisdiction of a State.

  (2) If any person, partnership, or corporation engages in any unfair or deceptive act or practice (within the meaning of section 5(a)(1) [*15 USCS § 45(a)(1)*]) with respect to which the Commission has issued a final cease and desist order which is applicable to such person, partnership, or corporation, then the Commission may commence a civil action against such person, partnership, or corporation in a United States district court or in any court of competent jurisdiction of a State. If the Commission satisfies the court that the act or practice to which the cease and desist order relates is one which a reasonable man would have known under the circumstances was dishonest or fraudulent, the court may grant relief under subsection (b).

(b) Nature of relief available.  The court in an action under subsection (a) shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers or other persons, partnership, and corporations resulting from the rule violation or the unfair or deceptive act or practice, as the case may be. Such relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be; except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages.

(c) Conclusiveness of findings of Commission in cease and desist proceedings; notice of judicial proceedings to injured persons, etc.

15 USCS § 57b

(1) If (A) a cease and desist order issued under section 5(b) [15 USCS § 45(b)] has become final under section 5(g) [15 USCS § 45(g)] with respect to any person's, partnership's, or corporation's rule violation or unfair or deceptive act or practice, and (B) an action under this section is brought with respect to such person's, partnership's, or corporation's rule violation or act or practice, then the findings of the Commission as to the material facts in the proceeding under section 5(b) [15 USCS § 45(b)] with respect to such person's, partnership's, or corporation's rule violation or act or practice, shall be conclusive unless (i) the terms of such cease and desist order expressly provide that the Commission's findings shall not be conclusive, or (ii) the order became final by reason of section 5(g)(1) [15 USCS § 45(g)(1)], in which case such finding shall be conclusive if supported by evidence.

(2) The court shall cause notice of an action under this section to be given in a manner which is reasonably calculated, under all of the circumstances, to apprise the persons, partnerships, and corporations allegedly injured by the defendant's rule violation or act or practice of the pendency of such action. Such notice may, in the discretion of the court, be given by publication.

(d) Time for bringing of actions.  No action may be brought brought by the Commission under this section more than 3 years after the rule violation to which an action under subsection (a)(1) relates, or the unfair or deceptive act or practice to which an action under subsection (a)(2) relates; except that if a cease and desist order with respect to any person's, partnership's, or corporation's rule violation or unfair or deceptive act or practice has become final and such order was issued in a proceeding under section 5(b) [15 USCS § 45(b)] which was commenced not later than 3 years after the rule violation or act or practice occurred, a civil action may be commenced under this section against such person, partnership, or corporation at any time before the expiration of one year after such order becomes final.

(e) Availability of additional Federal or State remedies; other authority of Commission unaffected.  Remedies provided in this section are in addition to, and not in lieu of, any other remedy or right of action provided by State or Federal law. Nothing in this section shall be construed to affect any authority of the Commission under any other provision of law.

HISTORY:
    (Sept. 26, 1914, ch 311, § 19, as added Jan. 4, 1975, P.L. 93-637, Title II, § 206(a), 88 Stat. 2201.)

        HISTORY; ANCILLARY LAWS AND DIRECTIVES


References in text:
    "This Act", referred to in this section, is Act Sept. 26, 1914, ch 311, 38 Stat. 717, which appears generally as 15 USCS §§ 41 et seq. For full classification of this Act, consult USCS Tables volumes.


Other provisions:
    Effective date. Act Jan. 4, 1975, P.L. 93-637, Title II, § 206(b), 88 Stat. 2202, provided: "The amendment made by subsection (a) of this section [enacting this section] shall not apply to--
    "(1) any violation of a rule to the extent that such violation occurred before the date of enactment of this Act, or
    "(2) any act or practice with respect to which the Commission issues a cease-and-desist order, to the extent that such act or practice occurred before the date of enactment of this Act, unless such order was issued after such date and the person, partnership or corporation against whom such an order was issued had been notified in the complaint, or in the notice or order attached thereto, that consumer redress may be sought."

NOTES:


Related Statutes & Rules:

# ATTACHMENT E.

**Pt. 437, Nt.**                                            **16 CFR Ch. I (1–1–12 Edition)**

EFFECTIVE DATE NOTE: At 76 FR 76860, Dec. 8, 2011, part 437 was revised, effective March 1, 2012. For the convenience of the user, the revised text is set forth as follows:

## PART 437—BUSINESS OPPORTUNITY RULE (Eff. 3–1–12)

Sec.
437.1   Definitions.
437.2   The obligation to furnish written documents.
437.3   The disclosure document.
437.4   Earnings claims.
437.5   Sales conducted in Spanish or other languages besides English.
437.6   Other prohibited practices.
437.7   Record retention.
437.8   Franchise exemption.
437.9   Outstanding orders; preemption.
437.10   Severability.
APPENDIX A TO PART 437—DISCLOSURE OF IMPORTANT INFORMATION ABOUT BUSINESS OPPORTUNITY
APPENDIX B TO PART 437—DISCLOSURE OF IMPORTANT INFORMATION ABOUT BUSINESS OPPORTUNITY (SPANISH-LANGUAGE VERSION)

AUTHORITY: 15 U.S.C. 41–58.

**§ 437.1   Definitions.**

The following definitions shall apply throughout this part:

(a) *Action* means a criminal information, indictment, or proceeding; a civil complaint, cross claim, counterclaim, or third party complaint in a judicial action or proceeding; arbitration; or any governmental administrative proceeding, including, but not limited to, an action to obtain or issue a cease and desist order, an assurance of voluntary compliance, and an assurance of discontinuance.

(b) *Affiliate* means an entity controlled by, controlling, or under common control with a business opportunity seller.

(c) *Business opportunity* means a commercial arrangement in which:

(1) A seller solicits a prospective purchaser to enter into a new business; and

(2) The prospective purchaser makes a required payment; and

(3) The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will:

(i) Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or

(ii) Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services; or

(iii) Buy back any or all of the goods or services that the purchaser makes, produces,

498

**Federal Trade Commission**                                    **Pt. 437, Nt.**

fabricates, grows, breeds, modifies, or provides, including but not limited to providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

(d) *Designated person* means any person, other than the seller, whose goods or services the seller suggests, recommends, or requires that the purchaser use in establishing or operating a new business.

(e) *Disclose* or *state* means to give information in writing that is clear and conspicuous, accurate, concise, and legible.

(f) *Earnings claim* means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings claims include, but are not limited to:

(1) Any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and

(2) Any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year").

(g) *Exclusive territory* means a specified geographic or other actual or implied marketing area in which the seller promises not to locate additional purchasers or offer the same or similar goods or services as the purchaser through alternative channels of distribution.

(h) *General media* means any instrumentality through which a person may communicate with the public, including, but not limited to, television, radio, print, Internet, billboard, Web site, commercial bulk email, and mobile communications.

(i) *Material* means likely to affect a person's choice of, or conduct regarding, goods or services.

(j) *New business* means a business in which the prospective purchaser is not currently engaged, or a new line or type of business.

(k) *Person* means an individual, group, association, limited or general partnership, corporation, or any other business entity.

(l) *Prior business* means:

(1) A business from which the seller acquired, directly or indirectly, the major portion of the business' assets; or

(2) Any business previously owned or operated by the seller, in whole or in part.

(m) *Providing locations, outlets, accounts, or customers* means furnishing the prospective purchaser with existing or potential locations, outlets, accounts, or customers; requiring, recommending, or suggesting one or more locators or lead generating companies; providing a list of locator or lead generating companies; collecting a fee on behalf of one or more locators or lead generating companies; offering to furnish a list of locations; or otherwise assisting the prospective purchaser in obtaining his or her own locations, outlets, accounts, or customers, *provided, however,* that advertising and general advice about business development and training shall not be considered as "providing locations, outlets, accounts, or customers."

(n) *Purchaser* means a person who buys a business opportunity.

(o) *Quarterly* means as of January 1, April 1, July 1, and October 1.

(p) *Required payment* means all consideration that the purchaser must pay to the seller or an affiliate, either by contract or by practical necessity, as a condition of obtaining or commencing operation of the business opportunity. Such payment may be made directly or indirectly through a third party. A required payment does not include payments for the purchase of reasonable amounts of inventory at bona fide wholesale prices for resale or lease.

(q) *Seller* means a person who offers for sale or sells a business opportunity.

(r) *Signature* or *signed* means a person's affirmative steps to authenticate his or her identity.

It includes a person's handwritten signature, as well as an electronic or digital form of signature to the extent that such signature is recognized as a valid signature under applicable federal law or state contract law.

(s) *Written* or *in writing* means any document or information in printed form or in any form capable of being downloaded, printed, or otherwise preserved in tangible form and read. It includes: type-set, word processed, or handwritten documents; information on computer disk or CD–ROM; information sent via email; or information posted on the Internet. It does not include mere oral statements.

**§ 437.2  The obligation to furnish written documents.**

In connection with the offer for sale, sale, or promotion of a business opportunity, it is a violation of this Rule and an unfair or deceptive act or practice in violation of Section 5 of the Federal Trade Commission Act ("FTC Act") for any seller to fail to furnish a prospective purchaser with the material information required by §§ 437.3(a) and 437.4(a) of this part in writing at least seven calendar days before the earlier of the time that the prospective purchaser:

(a) Signs any contract in connection with the business opportunity sale; or

(b) Makes a payment or provides other consideration to the seller, directly or indirectly through a third party.

**§ 437.3  The disclosure document.**

In connection with the offer for sale, sale, or promotion of a business opportunity, it is a violation of this Rule and an unfair or deceptive act or practice in violation of Section 5 of the FTC Act, for any seller to:

499

(a) Fail to disclose to a prospective purchaser the following material information in a single written document in the form and using the language set forth in appendix A to this part; or if the offer for sale, sale, or promotion of a business opportunity is conducted in Spanish, in the form and using the language set forth in appendix B to this part; or if the offer for sale, sale, or promotion of a business opportunity is conducted in a language other than English or Spanish, using the form and an accurate translation of the language set forth in appendix A to this part:

(1) *Identifying information.* State the name, business address, and telephone number of the seller, the name of the salesperson offering the opportunity, and the date when the disclosure document is furnished to the prospective purchaser.

(2) *Earnings claims.* If the seller makes an earnings claim, check the "yes" box and attach the earnings statement required by §437.4. If not, check the "no" box.

(3) *Legal actions.* (i) If any of the following persons has been the subject of any civil or criminal action for misrepresentation, fraud, securities law violations, or unfair or deceptive practices, including violations of any FTC Rule, within the 10 years immediately preceding the date that the business opportunity is offered, check the "yes" box:

(A) The seller;

(B) Any affiliate or prior business of the seller; or

(C) Any of the seller's officers, directors, sales managers, or any individual who occupies a position or performs a function similar to an officer, director, or sales manager of the seller.

(ii) If the "yes" box is checked, disclose all such actions in an attachment to the disclosure document. State the full caption of each action (names of the principal parties, case number, full name of court, and filing date). For each action, the seller may also provide a brief accurate statement not to exceed 100 words that describes the action.

(iii) If there are no actions to disclose, check the "no" box.

(4) *Cancellation or refund policy.* If the seller offers a refund or the right to cancel the purchase, check the "yes" box. If so, state all material terms and conditions of the refund or cancellation policy in an attachment to the disclosure document. If no refund or cancellation is offered, check the "no" box.

(5) *References.* (i) State the name, state, and telephone number of all purchasers who purchased the business opportunity within the last three years. If more than 10 purchasers purchased the business opportunity within the last three years, the seller may limit the disclosure by stating the name, state, and telephone number of at least the 10 purchasers within the past three years who are located nearest to the prospective purchaser's location. Alternatively, a seller may furnish a prospective buyer with a list disclosing all purchasers nationwide within the last three years. If choosing this option, insert the words "See Attached List" without removing the list headings or the numbers 1 through 10, and attach a list of the references to the disclosure document.

(ii) Clearly and conspicuously, and in immediate conjunction with the list of references, state the following: "If you buy a business opportunity from the seller, your contact information can be disclosed in the future to other buyers."

(6) *Receipt.* Attach a duplicate copy of the disclosure document to be signed and dated by the purchaser. The seller may inform the prospective purchaser how to return the signed receipt (for example, by sending to a street address, email address, or facsimile telephone number).

(b) Fail to update the disclosures required by paragraph (a) of this section at least quarterly to reflect any changes in the required information, including, but not limited to, any changes in the seller's refund or cancellation policy, or the list of references; *provided, however,* that until a seller has 10 purchasers, the list of references must be updated monthly.

### § 437.4   Earnings claims.

In connection with the offer for sale, sale, or promotion of a business opportunity, it is a violation of this Rule and an unfair or deceptive act or practice in violation of Section 5 of the FTC Act, for the seller to:

(a) Make any earnings claim to a prospective purchaser, unless the seller:

(1) Has a reasonable basis for its claim at the time the claim is made;

(2) Has in its possession written materials that substantiate its claim at the time the claim is made;

(3) Makes the written substantiation available upon request to the prospective purchaser and to the Commission; and

(4) Furnishes to the prospective purchaser an earnings claim statement. The earnings claim statement shall be a single written document and shall state the following information:

(i) The title "EARNINGS CLAIM STATEMENT REQUIRED BY LAW" in capital, bold type letters;

(ii) The name of the person making the earnings claim and the date of the earnings claim;

(iii) The earnings claim;

(iv) The beginning and ending dates when the represented earnings were achieved;

(v) The number and percentage of all persons who purchased the business opportunity prior to the ending date in paragraph (a)(4)(iv) of this section who achieved at least the stated level of earnings;

(vi) Any characteristics of the purchasers who achieved at least the represented level

500

**Federal Trade Commission**                                              **Pt. 437, Nt.**

of earnings, such as their location, that may differ materially from the characteristics of the prospective purchasers being offered the business opportunity; and

(vii) A statement that written substantiation for the earnings claim will be made available to the prospective purchaser upon request.

(b) Make any earnings claim in the general media, unless the seller:

(1) Has a reasonable basis for its claim at the time the claim is made;

(2) Has in its possession written material that substantiates its claim at the time the claim is made;

(3) States in immediate conjunction with the claim:

(i) The beginning and ending dates when the represented earnings were achieved; and

(ii) The number and percentage of all persons who purchased the business opportunity prior to the ending date in paragraph (b)(3)(i) of this section who achieved at least the stated level of earnings.

(c) Disseminate industry financial, earnings, or performance information unless the seller has written substantiation demonstrating that the information reflects, or does not exceed, the typical or ordinary financial, earnings, or performance experience of purchasers of the business opportunity being offered for sale.

(d) Fail to notify any prospective purchaser in writing of any material changes affecting the relevance or reliability of the information contained in an earnings claim statement before the prospective purchaser signs any contract or makes a payment or provides other consideration to the seller, directly or indirectly, through a third party.

**§ 437.5   Sales conducted in Spanish or other languages besides English.**

(a) If the seller conducts the offer for sale, sale, or promotion of a business opportunity in Spanish, the seller must provide the disclosure document required by § 437.3(a) in the form and language set forth in appendix B to this part, and the disclosures required by §§ 437.3(a) and 437.4 must be made in Spanish.

(b) If the seller conducts the offer for sale, sale, or promotion of a business opportunity in a language other than English or Spanish, the seller must provide the disclosure document required by § 437.3(a) using the form and an accurate translation of the language set forth in appendix A to this part, and the disclosures required by §§ 437.3(a) and 437.4 must be made in that language.

**§ 437.6   Other prohibited practices.**

In connection with the offer for sale, sale, or promotion of a business opportunity, it is a violation of this part and an unfair or deceptive act or practice in violation of Section 5 of the FTC Act for any seller, directly or indirectly through a third party, to:

(a) Disclaim, or require a prospective purchaser to waive reliance on, any statement made in any document or attachment that is required or permitted to be disclosed under this Rule;

(b) Make any claim or representation, orally, visually, or in writing, that is inconsistent with or contradicts the information required to be disclosed by §§ 437.3 (basic disclosure document) and 437.4 (earnings claims document) of this Rule;

(c) Include in any disclosure document or earnings claim statement any materials or information other than what is explicitly required or permitted by this Rule. For the sole purpose of enhancing the prospective purchaser's ability to maneuver through an electronic version of a disclosure document or earnings statement, the seller may include scroll bars and internal links. All other features (e.g., multimedia tools such as audio, video, animation, or pop-up screens) are prohibited;

(d) Misrepresent the amount of sales, or gross or net income or profits a prospective purchaser may earn or that prior purchasers have earned;

(e) Misrepresent that any governmental entity, law, or regulation prohibits a seller from:

(1) Furnishing earnings information to a prospective purchaser; or

(2) Disclosing to prospective purchasers the identity of other purchasers of the business opportunity;

(f) Fail to make available to prospective purchasers, and to the Commission upon request, written substantiation for the seller's earnings claims;

(g) Misrepresent how or when commissions, bonuses, incentives, premiums, or other payments from the seller to the purchaser will be calculated or distributed;

(h) Misrepresent the cost, or the performance, efficacy, nature, or central characteristics of the business opportunity or the goods or services offered to a prospective purchaser;

(i) Misrepresent any material aspect of any assistance offered to a prospective purchaser;

(j) Misrepresent the likelihood that a seller, locator, or lead generator will find locations, outlets, accounts, or customers for the purchaser;

(k) Misrepresent any term or condition of the seller's refund or cancellation policies;

(l) Fail to provide a refund or cancellation when the purchaser has satisfied the terms and conditions disclosed pursuant to § 437.3(a)(4);

(m) Misrepresent a business opportunity as an employment opportunity;

(n) Misrepresent the terms of any territorial exclusivity or territorial protection offered to a prospective purchaser;

(o) Assign to any purchaser a purported exclusive territory that, in fact, encompasses

501

**Pt. 437, Nt.**                                      **16 CFR Ch. I (1–1–12 Edition)**

the same or overlapping areas already assigned to another purchaser;

(p) Misrepresent that any person, trademark or service mark holder, or governmental entity, directly or indirectly benefits from, sponsors, participates in, endorses, approves, authorizes, or is otherwise associated with the sale of the business opportunity or the goods or services sold through the business opportunity;

(q) Misrepresent that any person:

(1) Has purchased a business opportunity from the seller or has operated a business opportunity of the type offered by the seller; or

(2) Can provide an independent or reliable report about the business opportunity or the experiences of any current or former purchaser.

(r) Fail to disclose, with respect to any person identified as a purchaser or operator of a business opportunity offered by the seller:

(1) Any consideration promised or paid to such person. Consideration includes, but is not limited to, any payment, forgiveness of debt, or provision of equipment, services, or discounts to the person or to a third party on the person's behalf; or

(2) Any personal relationship or any past or present business relationship other than as the purchaser or operator of the business opportunity being offered by the seller.

**§ 437.7   Record retention.**

To prevent the unfair and deceptive acts or practices specified in this Rule, business opportunity sellers and their principals must prepare, retain, and make available for inspection by Commission officials copies of the following documents for a period of three years:

(a) Each materially different version of all documents required by this Rule;

(b) Each purchaser's disclosure receipt;

(c) Each executed written contract with a purchaser; and

(d) All substantiation upon which the seller relies for each earnings claim from the time each such claim is made.

**§ 437.8   Franchise exemption.**

The provisions of this Rule shall not apply to any business opportunity that constitutes a "franchise," as defined in the Franchise Rule, 16 CFR part 436; *provided, however,* that the provisions of this Rule shall apply to any such franchise if it is exempted from the provisions of part 436 because, either:

(a) Under § 436.8(a)(1), the total of the required payments or commitments to make a required payment, to the franchisor or an affiliate that are made any time from before to within six months after commencing operation of the franchisee's business is less than $500, or

(b) Under § 436.8(a)(7), there is no written document describing any material term or aspect of the relationship or arrangement.

**§ 437.9   Outstanding orders; preemption.**

(a) A business opportunity required by prior FTC or court order to follow the Franchise Rule, 16 CFR part 436, may petition the Commission to amend the order or to stipulate to an amendment of the court order so that the business opportunity may follow the provisions of this part.

(b) The FTC does not intend to preempt the business opportunity sales practices laws of any state or local government, except to the extent of any conflict with this part. A law is not in conflict with this Rule if it affords prospective purchasers equal or greater protection, such as registration of disclosure documents or more extensive disclosures. All such disclosures, however, must be made in a separate state disclosure document.

**§ 437.10   Severability.**

The provisions of this part are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall continue in effect.

Federal Trade Commission                                                                    Pt. 437, Nt.

APPENDIX A to PART 437

**DISCLOSURE OF IMPORTANT INFORMATION ABOUT BUSINESS OPPORTUNITY**
Required by the Federal Trade Commission, Rule 16 C.F.R. Part 437

Name of Seller:                          Address:

Phone:                  Salesperson:              Date:

[Name of Seller] has completed this form, which provides important information about the business opportunity it is offering you. The Federal Trade Commission, an agency of the federal government, requires that [Name of Seller] complete this form and give it to you. However, the Federal Trade Commission has **not** seen this completed form or checked that the information is true. **Make sure that this information is the same as what the salesperson told you about this opportunity.**

---

**LEGAL ACTIONS:** Has [Name of Seller] or any of its key personnel been the subject of a civil or criminal action involving misrepresentation, fraud, securities law violation, or unfair or deceptive practices, including violations of any FTC Rule, within the past 10 years?

☐ YES → *If the answer is yes, [Name of Seller] must attach a list of all such legal actions to this form.*
☐ NO

**CANCELLATION OR REFUND POLICY:** Does [Name of Seller] offer a cancellation or refund policy?

☐ YES → *If the answer is yes, [Name of Seller] must attach a statement describing this policy to this form.*
☐ NO

**EARNINGS:** Has [Name of Seller] or its salesperson discussed how much money purchasers of this business opportunity can earn or have earned? In other words, have they stated or implied that purchasers can earn a specific level of sales, income, or profit?

☐ YES → *If the answer is yes, [Name of Seller] must attach an Earnings Claims Statement to this form. Read this statement carefully. You may wish to show this information to an advisor or accountant.*
☐ NO

**REFERENCES:** In the section below, [Name of Seller] must provide you with contact information for at least 10 people who have purchased a business opportunity from them. If fewer than 10 are listed, this is the total list of all purchasers. **You may wish to contact the people below to compare their experiences with what [Name of Seller] told you about the business opportunity.**

Note: If you purchase a business opportunity from [Name of Seller], your contact information can be disclosed in the future to other potential buyers.

| | Name | State | Telephone Number | | Name | State | Telephone Number |
|---|---|---|---|---|---|---|---|
| 1. | | | | 6. | | | |
| 2. | | | | 7. | | | |
| 3. | | | | 8. | | | |
| 4. | | | | 9. | | | |
| 5. | | | | 10 | | | |

---

Signature: _____     Date: _____

By signing above, you are acknowledging that you have received this form. This is **not** a purchase contract. To give you enough time to research this opportunity, the Federal Trade Commission requires that after you receive this form, [Name of Seller] must wait at least seven calendar days before asking you to sign a purchase contract or make any payments.

**For more information about business opportunities in general:** Visit the FTC's website at www.ftc.gov/bizopps or call 1-877-FTC-HELP (877-382-4357). You can also contact your state's Attorney General.

503

**Pt. 444**                                                                 **16 CFR Ch. I (1–1–12 Edition)**

### APPENDIX B to PART 437

**DIVULGACIÓN DE INFORMACIÓN IMPORTANTE SOBRE OPORTUNIDAD DE NEGOCIO**
Formulario requerido por la Comisión Federal de Comercio (FTC)
Regla 16 de la Parte 437 del Código de Regulaciones Federales

Nombre del Vendedor:                              Domicilio:
Teléfono:                         Representante de Ventas:                         Fecha:

[Nombre del Vendedor] completó el presente formulario y en el mismo le suministra información importante sobre la oportunidad de negocio que le está ofreciendo. La Comisión Federal de Comercio (*Federal Trade Commission*, FTC), una agencia del gobierno federal, le requiere a la compañía [Nombre del Vendedor] que complete el presente formulario y que se lo entregue a usted. Pero la FTC no ha visto este formulario completado por la compañía ni ha verificado que la información indicada sea veraz. **Asegúrese de que la información contenida en el presente formulario coincida con lo que le dijo el representante de ventas respecto de esta oportunidad.**

---

**ACCIONES LEGALES:** ¿La compañía [Nombre del Vendedor] o alguno de los principales miembros de su personal ha sido sujeto de una acción civil o penal, que involucre falsedad, fraude, infracción de las leyes de títulos y valores, o prácticas desleales o engañosas, incluyendo infracciones de las Reglas o Normas de la FTC, dentro de los 10 últimos años?

❑ SÍ → *Si la respuesta es afirmativa,* [Nombre del Vendedor] *debe adjuntar al formulario una lista completa de dichas acciones legales.*
❑ NO

---

**POLÍTICA DE CANCELACIÓN O REINTEGRO:** ¿Ofrece [Nombre del Vendedor] una política de cancelación o reintegro?

❑ SÍ → *Si la respuesta es afirmativa,* [Nombre del Vendedor] *debe adjuntar al formulario una declaración con la descripción de dicha política.*
❑ NO

---

**INGRESOS:** ¿La compañía [Nombre del Vendedor] o alguno de sus representantes de ventas ha manifestado la cantidad de dinero que pueden ganar o que han ganado los compradores de esta oportunidad de negocio? ¿Dicho en otras palabras, han expresado de manera explícita o implícita que los compradores pueden alcanzar un nivel específico de ventas, o ganar un nivel específico de ingresos?

❑ SÍ → *Si la respuesta es afirmativa,* [Nombre del Vendedor] *debe adjuntar a este formulario una Declaración de los ingresos Proclamados. Lea esta declaración atentamente. Puede que desee analizar esta información con un asesor o contador.*
❑ NO

---

**REFERENCIAS:** En esta sección del formulario, [Nombre del Vendedor] debe listar la información de contacto de por lo menos 10 personas que le hayan comprado una oportunidad de negocio. Si le suministra los datos de menos de 10 personas, es porque ésa es la lista completa de todos los compradores. **Puede que desee comunicarse con las personas listadas a continuación para comparar sus respectivas experiencias con lo que le dijo [Nombre del Vendedor] sobre la oportunidad de negocio que le está ofreciendo.**

Nota: Si usted compra una oportunidad de negocio de [Nombre del Vendedor], podrá divulgarse su información de contacto a otros posibles compradores.

| Nombre | Estado | Número de Teléfono |  | Nombre | Estado | Número de Teléfono |
|--------|--------|--------------------|----|--------|--------|--------------------|
| 1.     |        |                    | 6. |        |        |                    |
| 2.     |        |                    | 7. |        |        |                    |
| 3.     |        |                    | 8. |        |        |                    |
| 4.     |        |                    | 9. |        |        |                    |
| 5.     |        |                    | 10.|        |        |                    |

---

Firma: _____                Fecha: _____

Por medio de su firma, usted acusa recibo del presente formulario. Esto no es un contrato de compra. La Comisión Federal de Comercio (FTC) establece que con el fin de concederle el tiempo necesario para que usted investigue esta oportunidad, [Nombre del Vendedor] debe esperar un mínimo de siete días naturales o corridos a partir de la fecha en que le entregue este formulario antes de pedirle que firme un contrato de compra o que efectúe un pago.

**Para más información sobre oportunidades de negocio en general:** Visite el sitio Web de la FTC www.ftc.gov/bizopps o llame al 1-877-FTC-HELP (877-382-4357). Usted también puede establecer contacto con el Fiscal General de su estado de residencia.

504

# ATTACHMENT F.

**Rule 64**          FEDERAL RULES OF CIVIL PROCEDURE          82

(As amended Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 30, 2007, eff. Dec. 1, 2007.)

## TITLE VIII. PROVISIONAL AND FINAL REMEDIES

### Rule 64. Seizing a Person or Property

(a) REMEDIES UNDER STATE LAW—IN GENERAL. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

(b) SPECIFIC KINDS OF REMEDIES. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:

- arrest;
- attachment;
- garnishment;
- replevin;
- sequestration; and
- other corresponding or equivalent remedies.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 65. Injunctions and Restraining Orders

(a) PRELIMINARY INJUNCTION.

(1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) TEMPORARY RESTRAINING ORDER.

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

83          FEDERAL RULES OF CIVIL PROCEDURE          **Rule 65.1**

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) SECURITY. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) CONTENTS AND SCOPE OF EVERY INJUNCTION AND RESTRAINING ORDER.

(1) *Contents.* Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

(2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(e) OTHER LAWS NOT MODIFIED. These rules do not modify the following:

(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;

(2) 28 U.S.C. §2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or

(3) 28 U.S.C. §2284, which relates to actions that must be heard and decided by a three-judge district court.

(f) COPYRIGHT IMPOUNDMENT. This rule applies to copyright-impoundment proceedings.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 23, 2001, eff. Dec. 1, 2001; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

**Rule 65.1. Proceedings Against a Surety**

Whenever these rules (including the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions) require or allow a party to give security, and security is given through a

**Rule 66**          FEDERAL RULES OF CIVIL PROCEDURE          **84**

bond or other undertaking with one or more sureties, each surety
submits to the court's jurisdiction and irrevocably appoints the
court clerk as its agent for receiving service of any papers that af-
fect its liability on the bond or undertaking. The surety's liability
may be enforced on motion without an independent action. The
motion and any notice that the court orders may be served on the
court clerk, who must promptly mail a copy of each to every sur-
ety whose address is known.

(As added Feb. 28, 1966, eff. July 1, 1966; amended Mar. 2, 1987, eff.
Aug. 1, 1987; Apr. 12, 2006, eff. Dec. 1, 2006; Apr. 30, 2007, eff. Dec.
1, 2007.)

### Rule 66. Receivers

These rules govern an action in which the appointment of a re-
ceiver is sought or a receiver sues or is sued. But the practice in
administering an estate by a receiver or a similar court-appointed
officer must accord with the historical practice in federal courts
or with a local rule. An action in which a receiver has been ap-
pointed may be dismissed only by court order.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct.
20, 1949; Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 67. Deposit into Court

(a) DEPOSITING PROPERTY. If any part of the relief sought is a
money judgment or the disposition of a sum of money or some
other deliverable thing, a party—on notice to every other party
and by leave of court—may deposit with the court all or part of
the money or thing, whether or not that party claims any of it.
The depositing party must deliver to the clerk a copy of the order
permitting deposit.

(b) INVESTING AND WITHDRAWING FUNDS. Money paid into court
under this rule must be deposited and withdrawn in accordance
with 28 U.S.C. §§ 2041 and 2042 and any like statute. The money
must be deposited in an interest-bearing account or invested in a
court-approved, interest-bearing instrument.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 28, 1983, eff. Aug.
1, 1983; Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 68. Offer of Judgment

(a) MAKING AN OFFER; JUDGMENT ON AN ACCEPTED OFFER. At
least 14 days before the date set for trial, a party defending
against a claim may serve on an opposing party an offer to allow
judgment on specified terms, with the costs then accrued. If, with-
in 14 days after being served, the opposing party serves written no-
tice accepting the offer, either party may then file the offer and
notice of acceptance, plus proof of service. The clerk must then
enter judgment.

(b) UNACCEPTED OFFER. An unaccepted offer is considered with-
drawn, but it does not preclude a later offer. Evidence of an
unaccepted offer is not admissible except in a proceeding to deter-
mine costs.

(c) OFFER AFTER LIABILITY IS DETERMINED. When one party's li-
ability to another has been determined but the extent of liability

# ATTACHMENT G.

FILED

2012 MAY 15  PM 1:13

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FEDERAL TRADE COMMISSION,

       Plaintiff,

v.

                                              Case No.  3:08-cv-1001-J-34JRK

LATRESE & KEVIN ENTERPRISES INC., a
Florida corporation, also doing business as
HARGRAVE & ASSOCIATES FINANCIAL
SOLUTIONS, LATRESE HARGRAVE, also
known as, LATRESE V. WILLIAMS, individually
and as an officer of LATRESE & KEVIN
ENTERPRISES INC., and KEVIN HARGRAVE,
SR., individually and as an officer of LATRESE &
KEVIN ENTERPRISES INC.,

       Defendants.

_____

*EX PARTE* TEMPORARY RESTRAINING ORDER WITH
ASSET FREEZE AND OTHER EQUITABLE RELIEF AND
ORDER SETTING PRELIMINARY INJUNCTION HEARING PENDING
DECISION ON PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE

This Cause is before the Court on Plaintiff's *Ex Parte* Motion For A Temporary Restraining Order With Ancillary Equitable Relief And A Preliminary Injunction, Pending Decision on Plaintiff's Motion To Show Cause, ("Motion for Temporary Restraining Order"), filed on April 13, 2012 by Plaintiff, the Federal Trade Commission ("Commission," "FTC" or Plaintiff). The Motion for Temporary Restraining Order was filed with the Court, under seal, pursuant to the *Ex Parte In Camera* Order of the Court, dated April 6, 2012. (S-13; 04/06/12 Order). The FTC has also filed, contemporaneously with its Motion For Temporary Restraining Order, and also under seal, pursuant to the 04/06/12 Order, the following documents: Plaintiff's *Ex Parte* Motion And Incorporated Memorandum To Temporarily Seal Filing; Memorandum In Support Of Plaintiff's *Ex Parte* Motion For A Temporary Restraining Order With Ancillary Equitable Relief And Preliminary Injunction Pending Decision On Plaintiff's Motion For An Order To Show Cause (Contempt Motion); Plaintiff's *Ex Parte* Motion And Incorporated Memorandum In Support Of Plaintiff's Motion For An Order To Show Cause; Plaintiff's Motion And Incorporated Memorandum In Support Of Plaintiff's Motion To Modify The Order For Permanent Injunction And Other Equitable Relief Against Kevin Hargrave and Latrese Hargrave; Certification And Declaration Of Plaintiff's Counsel Pursuant To Fed. R. Civ. P. Rule 65 In Support Of Plaintiff's Motion For An *Ex Parte* Temporary Restraining Order And *Ex Parte* Motion To Temporarily Seal Filing; and Plaintiff's *Ex Parte* Recommendation For Temporary Receiver.[1]  Having considered the Motion For Temporary Restraining Order, Memorandum,

---

[1]  Pursuant to the procedures set forth in Rule 4.05 Local Rules, United States District Court, Middle District of Florida (Local Rules(s)) and Section II.(E)4.a, of the Administrative Procedures for Electronic Filing in Civil and Criminal Cases for the United States District Court, Middle District of Florida, Plaintiff has also submitted to the undersigned via electronic-mail: its [Proposed] Order Granting Plaintiff's Ex Parte Motion To Temporarily Seal Filing; (Proposed) Ex Parte Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue Pending Decision On Plaintiff's Motion For An Order To Show Cause
(continued...)

-2-

declarations and exhibits filed in support thereof, and in accordance with Rule 65(b), Federal Rules

of Civil Procedure (Rule(s)) Rule 4.05, Local Rules, United States District Court, Middle District of

Florida (Local Rules(s)), as well as the applicable statute, 15 U.S.C. § 53(b), the Court makes the

following findings for purposes of resolving this Motion:

     1.     On October 20, 2008, Plaintiff filed its Complaint for Injunctive and Other Equitable

Relief (Dkt. No. 1) pursuant to Section 13(b) and 19 of the Federal Trade Commission Act ("FTC

Act"), 15 U.S.C. § 53(b) and 57b, Section 410(b) of the Credit Repair Organizations Act ("CROA"),

15 U.S.C. § 1679h(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act

("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, accompanied by a Motion for Temporary Restraining

Order. (Dkt. No. 4).  The Court entered a Temporary Restraining Order With Asset Freeze and Other

Equitable Relief on October 23, 2008 (Dkt. No. 18), followed by a Stipulated Preliminary Injunction

As To Latrese & Kevin Enterprises, Inc., Latrese W. Hargrave and Kevin Hargrave, Sr. With Asset

Freeze And Other Equitable Relief (Dkt. No. 26), entered on November 3, 2008.

     2.     On January 27, 2010, the Court entered summary judgment in favor of the FTC (Dkt.

No. 145), and contemporaneously entered an Order for Permanent Injunction And Other Equitable

Relief. (Dkt. No. 144; Permanent Injunction).  The Permanent Injunction enjoins Defendants Kevin

and Latrese Hargrave ("Hargraves") and their corporation Latrese & Kevin Enterprises, Inc., and

officers and employees, and those persons or entities in active concert with them, from

misrepresenting, or assisting others in misrepresenting, material facts in connection with the

---

[1](...continued)
and proposed attachments A, B and C; [proposed] Order To Show Cause Why Contempt Defendants Kevin
Hargrave, Latrese Hargrave, BFS Empowerment Financial Services, Inc., Help My Credit Now Credit Services
Inc., and Kevtrese Enterprises Inc. Should Not Be Held In Contempt; and [proposed] Order Granting The Plaintiff's
Motion To Modify Order For Permanent Injunction And Other Equitable Relief.

-3-

advertising, marketing, promotion, offering for sale of any good or service, including but not limited to misrepresentations to induce consumers to purchase their services and charging money for credit repair service or credit related product, program or service.

3.      This Court has jurisdiction over this matter for all purposes, as specifically reserved in the Section of the Permanent Injunction entitled "Retention of Jurisdiction."

4.      In its Contempt Motion, Plaintiff contends that Defendants Kevin and Latrese Hargrave, individually, and through three companies, BFS Empowerment Financial Services Inc., Help My Credit Now Credit Services Inc., and Kevtrese Enterprises Inc. ("Contempt Defendants"), acting in concert and participation with the Hargraves, are violating at least three provisions of the Permanent Injunction, specifically by misrepresenting that they can improve substantially consumers' credit profiles and credit scores by permanently removing negative information from consumers' credit reports even where that information is accurate and not obsolete, in violation of Section I.A and II.A of the Permanent Injunction; and by charging or receiving an upfront fee for the performance of credit repair services.

5.      There is good cause to believe that Contempt Defendants have actual notice of the Final Order and the ability to comply with that Order;

6.      Based solely on the evidence and materials submitted by Plaintiff, the Court finds, for purposes of the Motion for Temporary Restraining Order, that there is good cause to believe that Contempt Defendants have violated, and continue to violate provisions of the Permanent Injunction in the course of advertising, marketing, promoting, offering for sale, or sale of credit repair services to consumers throughout the United States by:

-4-

    a.     Misrepresenting they can improve substantially consumers' credit profiles and credit scores by permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete, in violation of Sections I.A and II.A of the Permanent Injunction; and

    b.     Charging or receiving money or other valuable consideration for the performance of credit repair services, before such services are fully performed, in violation of Section II.B of the Permanent Injunction.[2]

7.     The Motion for Temporary Restraining Order is filed under seal, pursuant to the 04/06/12 Order, and was considered by the Court *ex parte*. Based on the verified papers of Plaintiff, which have provided specific facts, the Court finds that there is good cause to enter a Temporary Restraining Order in order to preserve the Court's ability to grant effective final relief in this action and to prevent concealment by Defendants of their assets and evidence including corporate and/or business records.

8.     The Court has considered Plaintiff's likelihood of ultimate success and weighed the equities, and finds that a temporary restraining order providing for an asset freeze, the appointment of a temporary receiver, immediate access to the business premises, and other equitable relief is in the public interest.

9.     Pursuant to Fed. R. Civ. P. 65(c), no security of the United States or an officer or agency thereof will be required for the issuance of this temporary restraining order.

---

[2] Consistent with temporary restraining order practice, this finding is based solely on the verified papers of Plaintiff and is made for the purpose of resolving the Motion for Temporary Restraining Order. This conclusion does not resolve the issues presented by Plaintiffs' Contempt Motion.

-5-

10.    Accordingly, for these reasons, it is hereby **ORDERED** that Plaintiff's *Ex Parte* Motion For A Temporary Restraining Order With Ancillary Equitable Relief And A Preliminary Injunction, Pending Decision on Plaintiff's Motion To Show Cause is **GRANTED, in part, and DENIED in part** as follows:

**DEFINITIONS**

For purposes of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.    **"Asset"** or **"assets"** mean any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), all chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located.

2.    **"Individual Defendants"** means Latrese Hargrave and Kevin Hargrave, Sr., or any alias used by these individuals.

3.    **"Corporate Defendants"** means Latrese & Kevin Enterprises Inc. doing business as Hargrave & Associates Financial Solutions, and its successors, including Kevtrese Enterprises, Inc., and assigns or any other name under which it does business.

4.    **"Receivership Defendants"** means BFS Empowerment Financial Services Inc., Help My Credit Now Credit Services Inc., Kevtrese Enterprises Inc., and any successors, assigns, affiliates, or any fictitious name used by any of these entities.

-6-

5.    **"Contempt Defendants"** mean all of the Individual Defendants, Corporate Defendants, and Receivership Defendants, individually, jointly, or in any combination.

6.    **"Credit repair organization"** shall have the meaning ascribed to that term in Section 403(3) of the Credit Repair Organizations Act, 15 U.S.C. §1679a(3).

7.    **"Credit repair service"** means any service, in return for payment of money or other consideration, for the express or implied purpose of: (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

8.    **"Credit-Related products, programs, or services"** means any product, program, or service which is advertised, offered for sale, or sold to consumers as a method by which consumers may establish or obtain any extension of credit or credit device, including, but not limited to, credit cars, loans, or financing, or as a method to consolidate or liquidate debts.

9.    **"Document"** is synonymous in meaning and equal in scope to the term as defined in Federal Rule of Civil Procedure 34(a), and includes both documents and electronically stored information, including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

-7-

10.     **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

11.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

13.     The term **"and"** also means **"or,"** and the term **"or"** also means **"and."**

14.     **"Telemarketing"** means any plan, program or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. § 310, that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

15.     **"Seller," "telemarketer,"** and **"inbound telephone call"** are as defined in Section 310.2 of the Telemarketing Sales Rule, 16 C.F.R. § 310.2.

**I.     ASSET FREEZE**

**IT IS ORDERED** that Contempt Defendants and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from:

A.     Assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning, pledging, selling, spending, transferring, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, artwork, automobiles, coins, consumer lists, contracts, precious metals, shares of stock, uncashed checks, or other assets, wherever located, that are:

-8-

1.      owned or controlled by, or in the actual or constructive possession of any Contempt Defendant;

2.      owned or controlled by, or held for the benefit of, directly or indirectly, any Contempt Defendant, in whole or in part;

3.      held by an agent of any Contempt Defendant as a retainer for the agent's provision of services to any Contempt Defendant; or

4.      owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Contempt Defendant, including, but not limited to, any asset held by or for any Contempt Defendant in any account at any bank or savings and loan institution, credit card processing agent, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, merchant account processor, check processor, money broker, or other financial institution or organization of any kind;

B.      Opening or causing to be opened any safe deposit boxes or commercial mail boxes titled in the name of any Contempt Defendant, or subject to access by any Contempt Defendant;

C.      Incurring charges or cash advances on any credit card, debit card, or lines of credit issued in the name, individually or jointly, of any Contempt Defendant or any entity directly or indirectly owned, managed, or controlled by any Contempt Defendant;

-9-

D.      Obtaining a personal or secured loan encumbering the assets of any Contempt

Defendant, or subject to access to any Contempt Defendant; and

E.      Incurring liens or other encumbrances on real property, personal property, or other

asset held in the name, individually or jointly, of any Contempt Defendant, or any entity

directly or indirectly owned, managed or controlled by any Contempt Defendant.

The assets affected by this Section shall include both existing assets and assets acquired after

the effective date of this Order, only if such assets are derived from the activity prohibited by this

Order.  This Section does not prohibit transfers to the Temporary Receiver, as specifically required

in Section VIII entitled "Delivery of Receivership Property."

## II.     DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that, effective immediately upon being served with a copy of

this Order, any financial or brokerage institution or depository, escrow agent, money market or mutual

fund, title company, commodity trading company, common carrier, storage company, trustee,

commercial mail receiving agency, merchant account processor, mail holding or forwarding company,

creditor or credit card issuer, or any other person or entity having possession, custody or control of any

assets or documents of any Contempt Defendant, or of any account, safe deposit box, or other asset

of any Contempt Defendant, either individually or jointly, or held on behalf of or for the benefit of any

Contempt Defendant, at any time since the entry of this Court's entry of the Permanent Injunction on

January 27, 2010, shall:

A.      Hold and retain within its control and prohibit the assignment, dissipation,

encumbrance, pledge, removal, sale, transfer, withdrawal, conversion or other disposal of any

of the assets or other property held by, under its control, or on behalf of any Contempt

-10-

Defendant in any account maintained in the name of, or for the benefit or use of, any Contempt Defendant, in whole or in part, except as directed by further order of this Court, or, for assets held in the name of the Receivership Defendants, as directed by the Temporary Receiver appointed herein;

B.      Deny Contempt Defendants access to any safe deposit boxes, commercial mail boxes, or storage facilities that are titled in the name, individually or jointly, of any Contempt Defendant, or otherwise subject to access by any Contempt Defendant.  Notwithstanding this subsection, the Temporary Receiver appointed herein shall be provided with access to any safe deposit box individually or jointly titled in the name of, subject to access by, or held for the benefit of any Receivership Defendant.

C.      Provide to the Temporary Receiver appointed herein and the Commission, within three (3) business days of notice of this Order, a sworn statement setting forth:

1.      The identification number of each account or asset titled in the name, individually or jointly, of any Contempt Defendant, or to which any Contempt Defendant is a signatory, or which is held on behalf of, or for the benefit or use of, any Contempt Defendant or subject to any Contempt Defendant's control, including all trust accounts on behalf of any Contempt Defendant or subject to any Contempt Defendant's control;

2.      The balance of each such account, or a description and appraisal of the value of such asset, as of the close of business on the day on which notice of this Order is received, and, if the account or asset has been closed or removed, or more than $1,000 withdrawn or transferred from it within the last ninety (90) days, the date of the closure

-11-

or removal of funds, the total funds removed or transferred, and the name and account number of the person or entity to whom such account, funds, or other asset was remitted; and

3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is titled in the name, either individually or jointly, of any Contempt Defendant, or is otherwise subject to access by any Contempt Defendant.

D.      Upon request by the Temporary Receiver or the Commission, provide the Temporary Receiver or Commission with copies of all records or other documents pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, corporate resolutions, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs, within five (5) days of said request. The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.  For purposes of this Section, the Temporary Receiver or the Commission may properly serve this Order on any financial or brokerage institution, business entity or person that holds, controls or maintains custody of any account or asset of any Contempt Defendant or has held, controlled or maintained custody of any account or asset of any Defendant at any time since the date of the Permanent Injunction entered herein on January 27, 2010.

E.      Cooperate with all reasonable requests of the Temporary Receiver relating to implementation of this Order, including the transferring of funds.

### III.   REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that, within five (5) business days following service of this Order, each Contempt Defendant and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall:

      A.      Transfer to the territory of the United States all funds and assets in foreign countries held either:  (1) by any Contempt Defendant; (2) for the benefit of any Contempt Defendant; or (3) under the direct or indirect control, jointly or individually, of any Contempt Defendant;

      B.      The same business day as any repatriation, (1) notify the Temporary Receiver and the Commission of the name and location of the financial institution or other entity that is the recipient of such funds, documents or assets; and (2) serve this Order on any such financial institution or other entity; and

      C.      Provide the Temporary Receiver and the Commission with a full accounting of all funds, documents, and assets outside of the territory of the United States held either:  (1) by the Contempt Defendant; (2) for the Contempt Defendant's benefit; or (3) under the Contempt Defendant's direct or indirect control, individually or jointly.

### IV.   INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that each Contempt Defendant and any other person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise, is hereby **TEMPORARILY RESTRAINED AND ENJOINED** from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section of this Order, including, but not limited to:

-13-

A.      Sending any statement, letter, fax, e-mail or wire transmission, or telephoning or

engaging in any other act, directly or indirectly, that results in a determination by a foreign

trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

agreement, until such time as all assets have been fully repatriated pursuant to the preceding

Section of this Order and

B.      Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required pursuant

to a Court Order, until such time as all assets have been fully repatriated pursuant to the

preceding section of this Order.

## V.      APPOINTMENT OF A TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that <u>Dan Edelman of Dixon Hughes Goodman, LLP</u>[3] is

appointed Temporary Receiver for Receivership Defendants and any affiliates or subsidiaries thereof

controlled by any Receivership Defendant(s), with the full powers of an equity Receiver.  The

Temporary Receiver shall comply with all laws, rules, and  local rules governing federal equity

receivers. The Temporary Receiver shall be the agent of this Court in acting as Temporary Receiver

under this Order with directions and authority to:

A.      Assume full control of the Receivership Defendants and all powers of the

Receivership Defendants' directors, officers and managers, and remove all Individual

Defendants, and any officer, independent contractor, employee, attorney or agent of the

Receivership Defendants, from control and management of the Receivership Defendants;

---

[3]  Mr. Edelman's biography and the expected billing rates of Dixon Hughes Goodman, LLP are provided
in Plaintiff's *Ex Parte* Second Recommendation for a Temporary Receiver (Doc. S-25), filed on May 8, 2012.

-14-

B.      Take immediate and exclusive custody, control, and possession of all the assets, funds, property, mail and documents of, or in the possession or in the custody of, or under the control of, the Receivership Defendants, wherever situated, including, but not limited to: (1) 1416 Park Ave., Suite 201, Fernandina Beach, FL 32034 and (2) 1890 S. 14ᵗʰ Street, Suite 235, Fernandina Beach, FL 32034. The Temporary Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, moneys, effects, land, leases, books, records, work papers, and records of accounts, and to hold and manage all assets and documents, including computer-maintained information and other papers and documents of Receivership Defendants and other persons or entities, including documents related to customers or clients, whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendants. By this authorization and empowerment, this Court specifically determines that the Temporary Receiver, as an agent of this Court, shall not be barred from bringing any action due to the doctrine of *in pare delicto*;

C.      Take all steps necessary to secure the business premises and any storage or other facilities of the Receivership Defendants;

D.      Preserve, hold and manage all Receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

E.      Prevent the withdrawal or misapplication of funds entrusted to the Receivership Defendants, and otherwise protect the interest of customers or clients;

-15-

F.      Manage and administer the Receivership Defendants by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

G.      Collect all money owed to the Receivership Defendants;

H.      Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the Receivership Defendants or to carry out his or her duties pursuant to this Order. By authorization and empowerment, this Court specifically determines that the Temporary Receiver, as an agent of this Court, shall not be barred from bringing any action due to the doctrine of *in pari delicto*;

I.      With the specific prior approval by this Court upon application by the Temporary Receiver, choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.      Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Temporary Receiver shall deposit all funds of the Receivership Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts;

-16-

K.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order;[4]

L.      Maintain accurate records of all receipts and expenditures made by the Temporary Receiver.  Prepare and submit a report to this Court and to the parties not less that three (3) days prior to the scheduled Preliminary Injunction Hearing or Show Cause Hearing, whichever occurs first, and such report shall include but not be limited to:  (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendants; and (3) the sum of all liabilities of the Receivership Defendants.  Such report may include all information the Temporary Receiver determines is material to the Preliminary Injunction Hearing and/or the Show Cause Hearing, but must include an accounting of all assets determined to exist as of the date of the report;

M.      The Temporary Receiver may, at any time upon prior notice to all parties to this action, apply to this Court for further or other instructions or additional powers, whenever the Temporary Receiver deems such other instructions or additional powers to be necessary to properly and legally perform the duties of the office of Temporary Receiver, and to maintain, operate, preserve, and protect the receivership estate; and

N.      Upon notice to this Court and all parties, the Temporary Receiver shall be permitted to seek authorization to obtain receiver's certificates as is reasonably required and/or necessary to carry out and fulfill the duties and obligations of the Temporary Receiver noted herein.

---

[4] Included among these authorized payments and disbursements, is a monthly payment of $1,500.00 to the Individual Defendants, for purposes of the support and maintenance of their family.

## VI.   COMPENSATION OF THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver, and all personnel hired by the Temporary Receiver (including those hired upon receipt of the required prior approval of the Court as set forth above), shall be entitled to reasonable compensation, upon Court approval, for the services they render to the receivership estate, from the assets now held by, in the possession or control of, or which may be received from the Receivership Defendants. The Temporary Receiver shall file with the Court and serve on the parties a request for the payment, outlining the services rendered and the related fees and expenses. Payment shall be made after Court approval. The Temporary Receiver shall not receive payment from or increase his or her fee rate billed to the receivership estate without prior approval of the Court.

## VII.   TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court, within three (3) days of appointment, a bond in the sum of $ 100,000.00, conditioned that the Temporary Receiver will well and truly perform the duties of the office and duly account for all money and property that he or she marshals. The Temporary Receiver serves as an officer of this Court solely in a representative capacity and is not personally liable for any actions taken in conformity with the duties and responsibilities set forth herein or pursuant to any statute, regulation or other legal authority.

## VIII.   DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that, Contempt Defendants and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Temporary

-18-

Receiver in writing, deliver or transfer possession, custody and control of the following to the Temporary Receiver:

     A.     All assets of the Receivership Defendants;

     B.     All documents of the Receivership Defendants, including, but not limited to, all books and records, financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

     C.     All keys, computer and other passwords, entry codes, combinations to locks required or necessary to gain or secure access to any of the assets or documents of the Receivership Defendants, including but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, or other property; and

     D.     Information identifying all accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

## IX.    DUTY TO COOPERATE WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Contempt Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Temporary Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that is necessary for the Temporary Receiver to exercise his or her authority; providing any password required to access any computer or electronic files in any medium; and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver.

## X.    CONTEMPT DEFENDANTS' ACCESS TO PREMISES AND RECORDS

IT IS FURTHER ORDERED that the Temporary Receiver shall allow the Contempt Defendants and their representatives reasonable access to the premises of the Receivership Defendants. The purpose of this access shall be to inspect, inventory, and copy any and all documents and other property owned by or in the possession of the Receivership Defendants, provided that those documents and property are not removed from the premises. The Temporary Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XI.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that, Contempt Defendants and their officers, agents, directors, servants, employees, attorneys, successors, assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any person who paid money to any of the Contempt Defendants for purchase of any good or service or who were contacted; *provided that* Contempt Defendants may disclose such identifying information to a law enforcement agency, or to the Temporary Receiver, or as required by any law, regulation, or court order.

## XII.    FINANCIAL REPORTS

IT IS FURTHER ORDERED that each Contempt Defendant shall, within three (3) days of service of this Order, prepare and provide to the Temporary Receiver and counsel for the Commission:

-20-

A.    A completed financial statement fully disclosing that Contempt Defendant's finances and those of all corporations, partnerships, trusts or other entities that the Contempt Defendant owns, controls, or is associated with, on the form financial statements attached to this Order as **Attachments A and B**. The financial statements shall be accurate as of the date of entry of this Order and shall be verified under oath; and

B.    A signed Consent to Release of Financial Records form, attached to this Order as **Attachment C**, in order to provide the Temporary Receiver and Plaintiff access to Contempt Defendants' records and documents held by financial institutions outside the territorial United States.

## XIII.   CREDIT REPORTS

**IT IS FURTHER ORDERED** that the Commission may obtain credit reports concerning Individual Contempt Defendants Latrese Hargrave and Kevin Hargrave pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such report is requested shall provide it to the Commission.

## XIV.   PRESERVE RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Contempt Defendants and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from:

A.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, discs, accounting data, checks (fronts and backs) and check registers, bank statements, correspondence, forms,

-21-

advertisements, website designs and texts, telemarketing scripts or outlines, brochures, manuals, banking records, customer lists, customer files, customer payment histories, invoices, telephone records, ledgers, payroll records, copies of federal, state, or local business or personal income or property tax returns, or other documents of any kind, including electronically stored information, in their possession, custody, or control that relate to the business practices or business or personal finances of any Contempt Defendant from January 27, 2010, the date of entry of the Permanent Injunction, to the present;

B.      Failing to create and maintain books, records, accounts, bank statements, accountants' reports, cash disbursement ledgers, cash receipt ledgers, general journals, general ledgers, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, completely, and fairly reflect the Contempt Defendants' income, disbursements, transactions, and use of funds; and

C.      Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XV.   STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of the Court, during the pendency of the Temporary Receivership ordered herein, the Contempt Defendants and all other persons and entities

-22-

acting for or on behalf of Contempt Defendants hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of the Receivership Defendants, the Temporary Receiver, Receivership assets, or the Temporary Receiver's duly authorized agents in their capacities as such, including, but not limited, to the following actions:

A.       Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B.       Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendant or any property claimed by the Receivership Defendant, or attempting to foreclose, forfeit, alter or terminate any of the Receivership Defendants' respective interests in property, whether such acts are part of a judicial proceeding or otherwise;

C.       Using any form of set-off, alleged set-off, or any form of self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership Defendants, or the Temporary Receiver, or any agent of the Temporary Receiver; and

D.       Doing any act or thing to interfere with the Temporary Receiver taking control, possession, or management of the property subject to the Receivership, or to in any way interfere with the Temporary Receiver or the duties of the Temporary Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants.

-23-

This Section does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

**IT IS FURTHER ORDERED** that, in light of the appointment of the Temporary Receiver, the Receivership Defendants are hereby prohibited from filing a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

## XVI.   CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

> Jessica D. Gray, Esq.
> Robin L. Rock, Esq.
> Federal Trade Commission
> 225 Peachtree Street, Suite 1500
> Atlanta, Georgia 30303
> (404) 656-1350 (Gray)
> (404) 656-1368 (Rock)
> (404) 656-1379 (facsimile)

Notice may be provided by email to jgray@ftc.gov and rrock@ftc.gov.

## XVII.  PRELIMINARY INJUNCTION HEARING

This matter is set for a hearing to determine whether to convert this Temporary Restraining Order into a Preliminary Injunction on **Tuesday May 29, 2012,** at **10:00 a.m.,** before the undersigned at the United States Courthouse, 300 N. Hogan Street, Courtroom No. 10B, Tenth Floor, Jacksonville, Florida, 32202.[5]  Counsel shall appear in person and telephonic appearances will not be permitted.

---

[5]  The hearing will be conducted in accordance with Local Rule 4.06, United States District Court, Middle District of Florida (Local Rule(s)), and Rule 65, Federal Rules of Civil Procedure.  This case does not involve the exceptional situation wherein the Court will allow the parties to submit evidence at the hearing.  See Local Rule 4.06(b).  Thus, the hearing will be limited to the written submissions and arguments of counsel.

(continued...)

Plaintiff's *Ex Parte* Motion For A Temporary Restraining Order With Ancillary Equitable Relief And A Preliminary Injunction, Pending Decision on Plaintiff's Motion To Show Cause, along with the declarations and exhibits filed therewith, shall serve as its Motion for Preliminary Injunction,. Contempt Defendants shall filed their briefs, declarations or affidavits, and any other evidentiary materials concerning their position on Plaintiff's request for a Preliminary Injunction no later than **5:00 p.m., Monday, May 21, 2012**. Should Plaintiff be of the view that a reply is warranted, it may file a brief reply, of no more than eight (8) pages, no later than **5:00 p.m., Wednesday May 23, 2012**.

With the entry of this Order, Plaintiff is directed to serve on all Contempt Defendants all materials required by the Local Rules. This service shall be accomplished immediately, and no later than **5:00 p.m., Thursday, May 17, 2012**. Plaintiff's failure to comply with the requirements and deadlines set forth herein may result in the dissolution of this Temporary Restraining Order.

## XVIII. SERVICE ON CONTEMPT DEFENDANTS

**IT IS FURTHER ORDERED** that Plaintiff shall immediately and no later than **5:00 p.m., Thursday May 17, 2012**, serve the following documents, as well as all exhibits and declarations filed in support thereof, on all Contempt Defendants:

A. *Ex Parte In Camera* Order of the Court, dated April 6, 2012 (S-13; 04/06/12 Order);

B. Plaintiff's *Ex Parte* Motion And Incorporated Memorandum To Temporarily Seal Filing, filed on April 13, 2012;

---

[5](...continued)
Additionally, the parties are reminded that photo identification is required to enter the United States Courthouse. In addition, cellular telephones and laptop computers are prohibited in the Courthouse.

C.     Plaintiff's *Ex Parte* Motion For A Temporary Restraining Order With Ancillary Equitable Relief And A Preliminary Injunction, Pending Decision on Plaintiff's Motion To Show Cause, filed on April 13, 2012;

D.     Memorandum In Support Of Plaintiff's *Ex Parte* Motion For A Temporary Restraining Order With Ancillary Equitable Relief And Preliminary Injunction Pending Decision On Plaintiff's Motion For An Order To Show Cause, filed April 13, 2012;

E.     Plaintiff's *Ex Parte* Motion And Incorporated Memorandum In Support Of Plaintiff's Motion For An Order To Show Cause; Plaintiff's Motion And Incorporated Memorandum In Support Of Plaintiff's Motion To Modify The Order For Permanent Injunction And Other Equitable Relief Against Kevin Hargrave and Latrese Hargrave, filed April 13, 2012;

F.     Certification And Declaration Of Plaintiff's Counsel Pursuant To Fed. R. Civ. P. Rule 65 In Support Of Plaintiff's Motion For An *Ex Parte* Temporary Restraining Order And *Ex Parte* Motion To Temporarily Seal Filing; and Plaintiff's *Ex Parte* Recommendation For Temporary Receiver, filed April 13, 2012;

G.     [Proposed] Order Granting Plaintiff's Ex Parte Motion To Temporarily Seal Filing; (Proposed) Ex Parte Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue Pending Decision On Plaintiff's Motion

-26-

For An Order To Show Cause and proposed attachments A, B and C, submitted April 13, 2012[6];

H.     [Proposed] Order To Show Cause Why Contempt Defendants Kevin Hargrave, Latrese Hargrave, BFS Empowerment Financial Services, Inc., Help My Credit Now Credit Services Inc., and Kevtrese Enterprises Inc. Should Not Be Held In Contempt, submitted April 13, 2012;

I.     [Proposed] Order Granting The Plaintiff's Motion To Modify Order For Permanent Injunction And Other Equitable Relief, submitted April 13, 2012;

J.     Plaintiff's *Ex Parte* Second Recommendation for a Temporary Receiver (Doc. S-25), filed on May 8, 2012; and

K.     A copy of this Order, entitled: *Ex Parte* Temporary Restraining Order With Asset Freeze And Other Equitable Relief And Order Setting Preliminary Injunction Hearing Pending Decision On Plaintiff's Motion For An Order To Show Cause, entered May 15, 2012.

Upon successful completion of the service ordered above, Plaintiffs shall file with the Court Notice that service has been accomplished.

## XIX.  DURATION OF TEMPORARY RESTRAINING ORDER

This Temporary Restraining Order is reasonable and necessary to preserve the status quo and to stop Contempt Defendants from engaging in activities in violation of the Permanent Injunction.

---

[6]  Pursuant to the procedures set forth in Rule 4.05 Local Rules, United States District Court, Middle District of Florida (Local Rules(s)) and Section II.(E)4.a, of the Administrative Procedures for Electronic Filing in Civil and Criminal Cases for the United States District Court, Middle District of Florida, Plaintiff submitted to the Court, on April 13, 2012, a series of proposed orders.

-27-

In issuing this Order, however, the Court understands that Contempt Defendants have not yet been given a full opportunity to be heard and emphasizes that it is not making a final decision on any request for preliminary injunctive relief or issues raised by Plaintiff's Contempt Motion. Nonetheless, the Court is convinced that issuing the Temporary Restraining Order until a full hearing can be held on Plaintiff's request for preliminary injunctive relief is the lawful, proper and necessary action in this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of May, 2012.


**MARCIA MORALES HOWARD**
United States District Judge



lc12
Copies to:
Counsel of Record

# ATTACHMENT H.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

         Plaintiff,                  Civ No. 11-cv-1131-ORL-22-GJK

      v.

NATIONAL SOLUTIONS LLC, a Florida
limited liability company, also d/b/a Blue Scape
Timeshares International, Country Wide
Timeshares, Country Wide Timesharesales MA,
Landmark Timeshares, Propertys Direct, Quicksale
Propertys, Sun Property Networks, Sun Property's,
Universal Propertys, and VIM Timeshares;
LANDMARK MARKETING LLC, a Florida limited
liability company, also d/b/a Blue Scape Timeshares,
Country Wide Timeshares International, Propertys
DRK, Quick Sale Advisers, Quick Sale International,
and Universal Propertys International; RED
SOLUTIONS LLC, a Florida limited liability
company, also d/b/a/ City Resorts, and Resort
Advisers; ENTERPRISE AMERICA, LLC, a Florida
limited liability company, also d/b/a/ American
Timeshares, Exit Week, and Resort Advisers
International; INVESTMENT GROUP OF
FLORIDA, LLC, a Florida limited liability company,
also d/b/a Resort Advisors AM; MULTIGLOBE
LLC, a Florida limited liability company, also d/b/a
Universal Propertys; LEANDRO VELAZQUEZ;
SAMUEL VELAZQUEZ; JOEL VELAZQUEZ;
KIOMARY CRUZ; EDGAR GONZALEZ;
VICENTE VIRGILIO; and AARON WEISS.

         Defendants.

## *EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER, OTHER EQUITABLE RELIEF, ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE, AND ORDER TEMPORARILY SEALING FILE

Plaintiff, Federal Trade Commission ("FTC" or "Commission"), having filed its

Complaint for a Permanent Injunction and Other Equitable Relief in this matter, pursuant to

Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

§§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act

("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and having moved for an *Ex Parte*

Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable

Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue pursuant to

Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65, and the Court

having considered the Complaint, declarations, exhibits, and memorandum of law filed in

support thereof, and now being advised in the premises finds, that:

1.      This Court has jurisdiction over the subject matter of this case, and there is

good cause to believe it will have jurisdiction over the parties.

2.      Venue lies properly with this Court.

3.      There is good cause to believe that Defendants National Solutions LLC, also

d/b/a Blue Scape Timeshares International, Country Wide Timeshares, Countrywide

Timesharesales MA, Landmark Timeshares, Propertys Direct, Quicksale Propertys, Sun

Property Networks, Sun Property's, Universal Propertys, and VIM Timeshares; Landmark

Marketing LLC, also d/b/a Blue Scape Timeshares, Country Wide Timeshares International,

2

Propertys DRK, Quick Sale Advisers, Quick Sale International, and Universal Propertys International; Red Solutions LLC, also d/b/a City Resorts and Resort Advisors; Enterprise America, LLC, also d/b/a American Timeshares, Exit Week, and Resort Advisors International; Investments Group of Florida, LLC, also d/b/a Resort Advisors AM; MultiGlobe LLC, also d/b/a Universal Propertys; Leandro Velazquez; Samuel Velazquez; Joel Velazquez; Kiomary Cruz; Edgar Gonzalez; Vicente Virgilio; and Aaron Weiss (hereinafter collectively referred to as "Defendants") have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310, and that the Commission is therefore likely to prevail on the merits of this action.

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or corporate records unless Defendants are immediately restrained and enjoined by Order of this Court. Therefore, there is good cause for relieving the Commission of the duty to provide Defendants with prior notice of the Commission's motion and for entry of the ancillary relief contained in this Order, including an asset freeze and the appointment of a temporary receiver over Defendants National Solutions LLC; Landmark Marketing LLC; Red Solutions LLC; Enterprise America, LLC; Investments Group of Florida, LLC; and MultiGlobe LLC.

3

5.      There is good cause for issuing this Order pursuant to Federal Rule of Civil

Procedure 65(b), Fed. R. Civ. P. 65(b).

6.      Weighing the equities and considering the Commission's likelihood of

ultimate success, a temporary restraining order with asset freeze, appointment of a receiver,

other equitable relief, and order to show cause why a preliminary injunction should not issue

is in the public interest.

7.      No security is required of any agency of the United States for issuance of a

temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order ("Order"), the following

definitions shall apply:

1.      **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim

to, any real or personal property, including, but not limited to, "goods," "instruments,"

"equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these

terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds,

contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits,

premises, receivables, funds, and all cash, wherever located.

2.      **"Assisting Others"** includes, but is not limited to: (a) performing customer

service functions, including, but not limited to, receiving or responding to consumer

complaints; (b) formulating or providing, or arranging for the formulation or provision of,

any sales script or other marketing material; (c) providing names of, or assisting in the

4

generation of, potential customers; (d) performing or providing marketing or billing services of any kind; or (e) acting as an officer or director of a business entity.

3.      **"Individual Defendants"** means Leandro Velazquez, Samuel Velazquez, Joel Velazquez, Kiomary Cruz, Edgar Gonzalez, Vicente Virgilio, and Aaron Weiss, and by whatever other names each may be known.

4.      **"Corporate Defendants"** or **"Receivership Defendants"** means National Solutions LLC, also d/b/a Blue Scape Timeshares International, Country Wide Timeshares, Countrywide Timesharesales MA, Landmark Timeshares, Propertys Direct, Quicksale Propertys, Sun Property Networks, Sun Property's, Universal Propertys, and VIM Timeshares; Landmark Marketing LLC, also d/b/a Blue Scape Timeshares, Country Wide Timeshares International, Propertys DRK, Quick Sale Advisers, Quick Sale International, and Universal Propertys International; Red Solutions LLC, also d/b/a City Resorts and Resort Advisors; Enterprise America, LLC, also d/b/a American Timeshares, Exit Week, and Resort Advisors International; Investments Group of Florida, LLC, also d/b/a Resort Advisors AM; and MultiGlobe LLC, also d/b/a Universal Propertys, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6.      **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and

5

video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

7.    **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8.    **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9.    **"Plaintiff"** means the Federal Trade Commission ("FTC" or "Commission").

10.    **"Telemarketing"** means any plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## I.

## PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE FTC ACT

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the Telemarketing, advertising, marketing, promotion,

6

offering for sale, or sale of any product or service, including, but not limited to, timeshare resale services, are hereby restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that:

     A.    Defendants have a buyer for a consumer's timeshare property who will pay a specified price;

     B.    Defendants will refund their fee to a consumer at the closing of a sale of the consumer's timeshare property; and

     C.    The proposed sale of a consumer's timeshare property is reviewed and approved by the Federal Trade Commission.

## II.

## PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE TELEMARKETING SALES RULE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the Telemarketing, advertising, marketing, promotion, offering for sale, or sale of any product or service, including, but not limited to, timeshare resale services, are hereby restrained and enjoined from violating, or Assisting Others in violating, any provision of the TSR, 16 C.F.R. Part 310, including, but not limited to:

7

A.      Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), by

misrepresenting, directly or by implication, any material aspect of the nature or terms of

Defendants' refund, cancellation, exchange, or repurchase policies, including, but not limited

to, the misrepresentation that Defendants will refund their fee to a consumer at the closing of

a sale of the consumer's timeshare property;

B.      Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii), by

misrepresenting, directly or by implication, Defendants' affiliation with, or endorsement or

sponsorship by, any person or government entity, including, but not limited to, the

misrepresentation that the proposed sale of a consumer's timeshare property is reviewed and

approved by the Federal Trade Commission; and

C.      Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by making any false

or misleading statement, directly or by implication, to induce any person to pay for goods or

services, including, but not limited to, the misrepresentation that Defendants have a buyer for

a consumer's timeshare property who will pay a specified price.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

employees, and attorneys, and all other Persons in active concert or participation with any of

them, who receive actual notice of this Order by personal service or otherwise, whether

acting directly or through any trust, corporation, subsidiary, division, or other device, or any

8

of them, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

    A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets, or any interest therein, wherever located, including outside the territorial United States, that are:

        1.     Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

        2.     In the actual or constructive possession of any Defendant; or

        3.     In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any Assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other Financial Institution or depository of any kind, either within or outside the territorial United States;

9

B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no Assets covered by this Section;

C.      Cashing any checks or depositing any payments from customers or clients of Defendants;

D.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E.      Incurring liens or encumbrances on real property, personal property, or other Assets in the name, singly or jointly, of any Defendant, or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section III.A-E above, each Individual Defendant may have access to a maximum of $1,000.00 from their individual personal funds for reasonable, usual, ordinary, and necessary living expenses during the duration of the temporary restraining order.

The funds, property, and Assets affected by this Section shall include both existing Assets and Assets acquired after the effective date of this Order.

## IV.

## DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

10

**IT IS FURTHER ORDERED** that any Financial Institution, business entity, or Person maintaining or having custody or control of any account or other Asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the Assets, funds, Documents, or other property held by, or under its control:

1.    On behalf of, or for the benefit of, any Defendant or any other party subject to Section III above;

2.    In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section III above; and

3.    That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section III above.

B.    Deny Defendants access to any safe deposit boxes or storage facilities that are either:

1.    Titled in the name, individually or jointly, of any Defendant or other party subject to Section III above; or

11

2.      Subject to access by any Defendant or other party subject to Section III above.

C.      Provide the Commission, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.      The identification number of each account or Asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section III above, including all trust accounts managed on behalf of any Defendant, or subject to any Defendant's control;

2.      The balance of each such account, or a description of the nature and value of such Asset;

3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section III above, whether in whole or in part; and

4.      If the account, safe deposit box, storage facility, or other Asset has been closed or removed, the date closed or removed and the balance on said date.

D.      Allow representatives of Plaintiff immediate access to inspect and copy, or upon Plaintiff's request, within five (5) business days of said request, provide the Commission with copies of all records or other documentation pertaining to each such account or Asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets,

12

transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.      This Section shall apply to existing accounts and Assets, Assets deposited or accounts opened after the effective date of this Order, and any accounts or Assets maintained, held or controlled two years prior to the effective date of this Order.  This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## V.

## FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that each Defendant shall serve upon counsel for the Commission, no later than five (5) business days after service of this Order, a completed financial statement accurate as of the date of entry of this Order, on the forms served with this Order for Individual Defendants (**Attachment A**) and for the Corporate Defendants (**Attachment B**), as the case may be, signed under penalty of perjury.

The financial statements shall include Assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath.  Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## VI.

## MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

13

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

A.    Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source Documents, Documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' Assets;

B.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents, including electronically-stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.    Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address and

14

telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VII.

## POSTING NOTICE OF LAWSUIT ON WEB SITES

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, Defendants, and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, and any other person or entity served with a copy of this Order, shall immediately take whatever action is necessary to ensure that any Web site used by any Defendant for the advertising, marketing, promotion, offering for sale, or sale of timeshare resale services, including, but not limited to, the Web sites located at www.universalpropertys.com, www.bluescapetimeshares.com, www.cityresorts.net, www.nationalsolutions.com, www.sunpropertynetworks.com, www.countrywidetimeshares.com, www.countrywidetimesharesales.com, www.landmarktimeshares.com, www.quicksalepropertys.com, www.propertysdirect.com, www.exitweek.net, www.exitweek.com, www.exitweek.info, www.exitweek.us, www.exitweek.co, www.exitweek.org, www.resortadvisors.net, and www.multiglobe.net, shall prominently display the following statement:

15

The Federal Trade Commission ("FTC") has filed a lawsuit against National
Solutions LLC; Landmark Marketing LLC; Red Solutions LLC; Enterprise
America, LLC; Investments Group of Florida, LLC; MultiGlobe LLC;
Leandro Velazquez; Samuel Velazquez; Joel Velazquez; Kiomary Cruz;
Edgar Gonzalez; Vicente Virgilio; and Aaron Weiss, alleging that they have
engaged in deceptive practices relating to the telemarketing, advertising,
marketing, promotion, offering for sale, or sale of timeshare resale services.
The United States District Court for the Middle District of Florida has issued a
temporary restraining order prohibiting the alleged practices. You may obtain
additional information directly from the FTC at www.ftc.gov.

Each Web site carrying this message shall also provide a hypertext link to the FTC's

home page at www.ftc.gov, or another home page designated by counsel for the Commission.

## VIII.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

employees, and attorneys, and all other Persons in active concert or participation with any of

them, who receive actual notice of this Order by personal service or otherwise, are hereby

restrained and enjoined from:

A.     Selling, renting, leasing, transferring, or otherwise disclosing the name,

address, birth date, telephone number, email address, Social Security number, Social

Insurance number, credit card number, bank account number, or other financial or identifying

personal information of any Person from whom or about whom any Defendant obtained such

information in connection with activities alleged in the FTC's Complaint; and

B.     Benefitting from or using the name, address, birth date, telephone number,

email address, Social Security number, Social Insurance number, credit card number, bank

16

account number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint.

Provided, however, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## IX.

### TEMPORARY RECEIVER

**A.     APPOINTMENT OF TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that Burton Wiand is appointed Temporary Equity Receiver ("Receiver") for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules of this Court governing receivers.

**B.     RECEIVERSHIP DUTIES**

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

1.     Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent

17