jurisdiction of this Court over the Assets or Documents of the

Receivership Defendants; or to refuse to cooperate with the

Receiver or the Receiver's duly authorized agents in the

exercise of their duties or authority under any Order of this

Court; or

g.    Filing, or causing to be filed, any petition on behalf of any of

the Receivership Defendants for relief under the United States

Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior

permission from this Court.

**D.    DELIVERY OF RECEIVERSHIP PROPERTY**

**IT IS FURTHER ORDERED** that:

1.    Immediately upon service of this Order upon them, or within such

period as may be permitted by the Receiver, Defendants or any other person or entity shall

transfer or deliver possession, custody, and control of the following to the Receiver:

a.    All Assets of the Receivership Defendants, including Assets

subject to repatriation pursuant to Section VIII, *infra;*

b.    All Documents of the Receivership Defendants, including, but

not limited to, books and records of accounts, all financial and

accounting records, balance sheets, income statements, bank

records (including monthly statements, canceled checks,

Page 24 of 37

records of wire transfers, and check registers), client lists, title

documents and other papers;

c.      All Assets belonging to members of the public now held by the

Receivership Defendants; and

d.      All keys, codes, and passwords necessary to gain or to secure

access to any Assets or Documents of the Receivership

Defendants, including, but not limited to, access to their

business premises, means of communication, accounts,

computer systems, mail boxes, or other property.  This includes

providing the necessary means to gain access to at least the

following mail boxes:

(1)      PO Box 362301, Melbourne, Florida 32936;

(3)      PO Box 362311, Melbourne, Florida 32936; and

(4)      PO Box 362314, Melbourne, Florida 32936;

2.      In the event any person or entity fails to deliver or transfer any Asset

or otherwise fails to comply with any provision of this Section, the Receiver may file *ex*

*parte* an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the

Court may authorize, without additional process or demand, Writs of Possession or

Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize

and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any

other federal or state law enforcement officer, to seize the Asset, Document, or other thing and to deliver it to the Receiver.

     E.       **TRANSFER OF FUNDS TO THE RECEIVER**

     **IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all Financial Institutions, finance companies, commercial lending companies, credit card processing agents or agents providing electronic funds transfer services or automated clearing house processing, brokerage houses, escrow agents, money market or mutual funds, title companies, commodity futures merchants, commodity trading companies, precious metal dealers, trustees, or other financial institutions or depositories of any kind, shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his or her direction and producing records related to the Assets of the Receivership Defendants.

     F.       **STAY OF ACTIONS**

     **IT IS FURTHER ORDERED** that:

     1.       Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, Assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

    a.        Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

    b.        Accelerating the due date of any obligation or claimed obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of any Asset; attempting to foreclose, forfeit, alter, or terminate any interest in any Asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Defendants that arose before the date of this Order against any claim against the Receivership Defendants;

    c.        Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

    d.        Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the Assets or Documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere

Page 27 of 37

in any manner with the exclusive jurisdiction of this Court over

the Assets or Documents of the Receivership Defendants.

2.     This Order does not stay:

    a.     The commencement or continuation of a criminal action or

    proceeding;

    b.     The commencement or continuation of an action or proceeding

    by a governmental unit to enforce such governmental unit's

    police or regulatory power; or

    c.     The enforcement of a judgment, other than a money judgment,

    obtained in an action or proceeding by a governmental unit to

    enforce such governmental unit's police or regulatory power.

3.     Except as otherwise provided in this Order, all persons and entities in

need of documentation from the Receiver shall in all instances first attempt to secure such

information by submitting a formal written request to the Receiver, and, if such request has

not been responded to within thirty (30) days of receipt by the Receiver, any such person or

entity may thereafter seek an Order of this Court with regard to the relief requested.

**G.     COMPENSATION OF RECEIVER**

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the

Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled

to reasonable compensation for the performance of duties pursuant to this Order and for the

cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, or in

the possession or control of, or which may be received by the Receivership Defendants.  The

Receiver shall file with the Court and serve on the parties periodic requests for the payment

of such reasonable compensation, with the first such request filed no more than sixty (60)

days after the date of this Order.  The Receiver shall not increase the hourly rates used as the

bases for such fee applications without prior approval of the Court.

**H.     RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this

Court a bond in ~~the sum of $~~ _____ *Ja* with sureties to be approved by the Court,

conditioned that the Receiver will well and truly perform the duties of the office and abide

by and perform all acts the Court directs.  *The amount of bond shall be set at hearing on preliminary injunction motion. Ja*

**I.     ACCESS TO BUSINESS PREMISES**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

employees, and attorneys, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order by personal service or otherwise, whether

acting directly or through any trust, corporation, subsidiary, division, or other device, or any

of them, and the Receiver, shall allow the Commission's representatives, agents, and

assistants, as well as the Receivership Defendants' representatives, and the Individual

Defendants themselves, reasonable access to the premises of the Receivership Defendants, or

any other premises where the Receivership Defendants conduct business or telephone sales

operations.  The purpose of this access shall be to inspect and copy any and all books,

records, Documents, accounts, and other property owned by, or in the possession of, the

Receivership Defendants or their agents.  The Receiver shall have the discretion to determine

the time, manner, and reasonable conditions of such access.  The Commission may remove

materials from the Receivership Defendants' business premises to inspect, inventory, and

copy such materials.  The Commission shall return materials so removed within five (5)

business days of completing said inventory and copying.

## VIII.

## REPATRIATION OF ASSETS AND DOCUMENTS
## LOCATED IN FOREIGN COUNTRIES

**IT IS FURTHER ORDERED** that Defendants shall:

A.      Within three (3) business days following service of this Order, take such steps

as are necessary to repatriate to the territory of the United States of America all Documents

and Assets that are located outside such territory and are held by or for Defendants or are

under Defendants' direct or indirect control, jointly, severally, or individually;

B.      Within three (3) business days following service of this Order, provide

Plaintiff with a full accounting of all Documents and Assets that are located outside of the

territory of the United States of America or that have been transferred to the territory of the

United States of America pursuant to Subsection A above and are held by or for any

Defendant or are under any Defendant's direct or indirect control, jointly, severally, or

individually, including the addresses and names of any foreign or domestic financial

institution or other entity holding the Documents and Assets, along with the account numbers

and balances;

C.    Hold and retain all such Documents and Assets and prevent any transfer,
disposition, or dissipation whatsoever of any such Documents or Assets; and

D.    Within three (3) business days following service of this Order, provide
Plaintiff access to Defendants' records and Documents held by Financial Institutions or other
entities outside the territorial United States, by signing and delivering to Plaintiff's counsel
the Consent to Release of Financial Records attached to this Order as **Attachment A.**

## IX.

## <u>EXPEDITED DISCOVERY</u>

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure
30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil
Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), Plaintiff is granted leave, at any time
after entry of this Order to:

A.    Take the deposition of any person or entity, whether or not a party, for the
purpose of discovering the nature, location, status, and extent of the assets of Defendants,
and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting
the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the
location of any premises where Defendants, directly or through any third party, conduct
business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary
privileges to this action; and

B.    Demand the production of documents from any person or entity, whether or
not a party, relating to the nature, status, and extent of the assets of Defendants, and

Page 31 of 37

Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.  The provisions of this Section shall apply both to parties to this case and to non-parties.  The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A).  Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XV of this Order.

## X.

### DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of

this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers,

agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales

entities, sales persons, telemarketers, independent contractors, and any other Persons in

active concert or participation with them.  Within five (5) calendar days following service of

this Order by Plaintiff, each Defendant shall file with this Court and serve on Plaintiff, an

affidavit identifying the names, titles, addresses, and telephone numbers of the persons and

entities Defendants have served with a copy of this Order in compliance with this provision.

## XI.

### EXPIRATION DATE OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein

shall expire on _December 10_, 2009, at 11:59 p.m. (Central Standard Time),

unless within such time the Order, for good cause shown, is extended, or unless, as to any

Defendant, the Defendant consents that it should be extended for a longer period of time.

## XII.

### ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that each Defendant shall appear before this Court on

the _10_ day of _December_, 2009, at _1:30_ _P_.m. at the United States

Courthouse, United States District Court for the Middle District of Florida, Orlando, Florida,

Page 33 of 37

Courtroom ___*6 B*___, to show cause, if any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint, against said Defendants enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. Part 310, continuing the freeze of their assets, making the temporary Receiver's appointment permanent, and imposing such additional relief as may be appropriate.

## XIII.

## SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on Plaintiff's request for a preliminary injunction

Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) business day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Standard Time) on the appropriate dates listed in this Section.

Page 34 of 37

## XIV.

### MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION

**IT IS FURTHER ORDERED** that the question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall, in accordance with Local Rule 4.06 of the Middle District of Florida, be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of this Court or on motion filed with the Court and served on counsel for the other parties at least three (3) business days prior to the preliminary injunction hearing in this matter.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court.  Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least two (2) business days prior to the preliminary injunction hearing in this matter, *provided* that service shall be performed by personal or overnight delivery, by electronic filing, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Standard Time) on the appropriate dates provided in this Section.

## XV.

### <u>SERVICE OF THIS ORDER</u>

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiff, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any Person, Financial Institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order.  Service upon any branch or office of any Financial Institution or entity shall effect service upon the entire financial institution or entity.

## XVI.

### <u>CONSUMER REPORTING AGENCIES</u>

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to Plaintiff.

Page 36 of  37

## XVII.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that for purposes of this Order, all correspondence

and pleadings to the Commission shall be addressed to:

> Guy G. Ward
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5612 [telephone]
> (312) 960-5600 [facsimile]

## XVIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter

for all purposes.


**SO ORDERED**, this _30_ day of _November_, 2009, at _3 25_ a.m.


_____
United States District Judge
Middle District of Florida


I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _____
Deputy Clerk


Page 37 of 37

# ATTACHMENT K.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                                CASE NO.:  8:09-cv-2309-T-23TBM

WASHINGTON DATA RESOURCES, INC.,
a Florida corporation,

OPTIMUM BUSINESS SOLUTIONS, LLC,
a Nevada limited liability company a/k/a
Attorney Finance Services, LLC, d/b/a
Attorney Finance Services,

CROWDER LAW GROUP, P.A.,
a Florida corporation, f/k/a Jackson, Crowder
& Associates, P.A., d/b/a Legal Support
Services,

RICHARD A. BISHOP, individually and as a
member of Optimum Business Solutions, LLC,

BRENT McDANIEL, individually and as an
officer of Washington Data Resources, Inc.,

TYNA CALDWELL, individually,

DOUGLAS A. CROWDER, individually and as
an officer of Crowder Law Group, P.A.,

BRUCE MELTZER, individually and as an
officer of Crowder Law Group, P.A.,

KATHLEEN LEWIS, a/k/a Kathy Lewis,
individually and as a member of Optimum
Business Solutions, LLC,

     Defendants.

_____/

### TEMPORARY RESTRAINING ORDER
### WITH ASSET FREEZE
### AND ORDER TO SHOW CAUSE
### <u>WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE</u>

The plaintiff, the Federal Trade Commission (the "Commission"), sues the

defendants pursuant to Sections 5(a), 13(b), and 19 of the FTC Act (the "FTC Act"), 15

U.S.C. §§ 45(a), 53(b), 57b, and the Commission's Telemarketing Sales Rule (the

"TSR"), 16 C.F.R. Part 310, and seeks preliminary and permanent injunctive relief,

rescission or reformation of contracts, restitution, the refund of monies paid,

disgorgement, and other equitable relief for the defendants' alleged deceptive act or

practice in connection with the marketing and sale of mortgage loan modification and

foreclosure relief services.

The Commission filed a complaint and moves (Doc. 2) for a temporary restraining

order with an asset freeze, appointment of a receiver, and issuance of an order to show

cause why a preliminary injunction should not issue under Rule 65, Federal Rules of

Civil Procedure.  The court considered the complaint, the supporting memorandum, and

each exhibit and finds that:

1.  This court has jurisdiction over the subject matter of this case, and

good cause exists to believe that the court has jurisdiction over each party.

2.  Good cause exists to believe venue lies properly in this court.

3.  Good cause exists to believe that the defendants have engaged in and are

likely to engage in an act or practice that violates Section 5(a) of the FTC Act, 15 U.S.C.

§ 45(a), and the TSR, 16 C.F.R. Part 310, and that the Commission is likely to prevail

on the merits of this action.

- 2 -

4.   Good cause exists to believe that immediate and irreparable damage to the court's ability to grant effective final relief for any consumer in the form of monetary restitution, rescission of contracts, or disgorgement will occur from the transfer, destruction, concealment, or other dissipation of any asset, document, record, or other evidence unless the defendants are immediately restrained and enjoined by order of this court.

5.   Good cause exits for issuing a temporary restraining order pursuant to Rule 65(b), Federal Rules of Civil Procedure.

6.   Weighing the equities and considering the Commission's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze and other equitable relief is in the public interest.

7.   No security is required of any agency of the United States for the issuance of a temporary restraining order.  See Fed. R. Civ. P. 65(c).

Accordingly, the Commission's "Motion for Temporary Restraining Order With Asset Freeze, Appointment of a Receiver, and Order to Show Cause Why a Preliminary Injunction Should Not Issue" (Doc. 2) is **GRANTED IN PART** as follows:

## I. CONDUCT PROHIBITIONS

In connection with the advertising, marketing, promotion, offering for sale, or sale of any mortgage loan modification or foreclosure relief service, the defendants, each of the defendants' successors, assigns, members, officers, agents, servants, employees, and attorneys, and any person in active concert or participation with them who receives actual notice of this order by personal service or otherwise, whether acting directly or

- 3 -

through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby temporarily restrained and enjoined from:

A. Falsely representing, or assisting others who are falsely representing, either orally or in writing, expressly or by implication, any of the following:

1. that any defendant or other person will (a) obtain or arrange a modification of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement; (b) obtain or arrange lower monthly mortgage payments for any consumer; (c) obtain or arrange affordable monthly mortgage payments for any consumer; (d) obtain or arrange lower interest rates on any home loan, deed of trust, or mortgage for any consumer;(e) stop, prevent, or postpone any home mortgage foreclosure sale; (f) save any consumer's residence from foreclosure; (g) prevent a notice of default from being filed with respect to any consumer's residence or home loan; (h) obtain or write a new home loan for any consumer; (i) obtain or arrange a forbearance from any mortgage loan holder or servicer; (j) obtain or arrange any agreement whereby any consumer's mortgage payments are deferred for any period of time; or (k) immediately or promptly contact any consumer's mortgage loan holder or servicer;

2. the degree of success that any defendant or any other person has had in performing any mortgage loan modification or foreclosure relief service;

3. the length of time that any defendant or any other person has been providing any mortgage loan modification or foreclosure relief service;

- 4 -

4.  the nature, expertise, position, or job title of any employee, agent, representative, contractor, independent contractor, or any other person who provides any service to any defendant or any other person, including, but not limited to, that any person has more legal knowledge or training than the typical individual, including that any person is a paralegal or legal assistant;

5.  the terms that any mortgage loan holder or servicer will or is likely to offer or accept to cure any delinquency or default on, or to reinstate, any mortgage, deed of trust, or other home loan;

6.  the amount of time it will take or is likely to take for any defendant or any other person to obtain or arrange a modification of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement;

7.  the nature of any defendant's or any other person's relationship with any mortgage loan holder or servicer, or other lender;

8.  that any defendant or any other person is affiliated with, endorsed or approved by, or otherwise connected to the United States Government or any federal homeowner relief or financial stability program; or

9.  any other material fact.

B.  Representing, or assisting others who are representing, expressly or by implication, any degree or rate of success that any defendant or any other person has had in performing any mortgage loan modification or foreclosure relief service, unless, at the time of making the representation, the defendant has a reasonable basis supporting a representation,

- 5 -

In connection with the telemarketing, advertising, marketing, promotion, offering for sale, or sale of any mortgage loan modification or foreclosure relief service, the defendants, each of the defendants' successors, assigns, members, officers, agents, servants, employees, and attorneys, and any person in active concert or participation with them who receives actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are hereby temporarily restrained and enjoined from violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to, by (1) misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristic of any good or service, Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii); (2) misrepresenting, directly or by implication, affiliation with, or endorsement by, any government or third party organization, Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii).

In connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, the defendants and each of the defendants' successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from requesting or receiving payment of any fee or consideration or any kind in advance of performing each and every mortgage loan modification or foreclosure relief service that any defendant contracted to perform or represented would be performed.

- 6 -

## II.  ASSET FREEZE

The defendants and each of the defendants' successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from:

A.  Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any asset, wherever located, including outside the United States, that are:

1.  owned or controlled by, or in the actual or constructive possession of, any defendant, in whole or in part;

2.  held, directly or indirectly, for the benefit of any defendant, in whole or in part;

3.  held by an agent of any defendant as a retainer for the agent's provision of services to any defendant; or

4.  owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity that is owned, managed, or controlled, directly or indirectly, by any defendant, including, but not limited to, any asset held by, for, or subject to access by, any defendant at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor or other payment processor, or with any broker-dealer,

- 7 -

escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B. Opening or causing to be opened any safe deposit box in the name of any defendant, or subject to access by any defendant;

C. Incurring any lien or other encumbrance on any asset in the name, singly or jointly, of any corporation, partnership, or other entity owned, managed, or controlled, directly or indirectly, by any defendant;

D. Incurring any charge or cash advance on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of any defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any defendant;

The assets affected by this section shall include both existing assets and assets acquired after the effective date of this order.

## III.  DUTIES OF ASSET HOLDERS

Any financial or brokerage institution, business entity, or other person who receives notice of this order that holds, controls, or maintains custody of any account or asset of any defendant, or has held, controlled, or maintained custody of any account or asset at any time since January 1, 2008, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of this court;

B. Deny the defendants access to any safe deposit box that is titled in the name of any defendant, either individually or jointly; or otherwise subject to access by any defendant;

- 8 -

C. Provide the Commission, within five (5) business days of receiving a copy of this order, a sworn statement setting forth:

    1.  the number of each account or asset held on behalf of, or for the benefit of, any defendant;

    2.  the balance of each such account, or a description of the nature and value of each asset as of the close of business on the day on which this order is received, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    3.  the identification of any safe deposit box that is either titled, individually or jointly, in the name of any defendant, or is otherwise subject to access by any defendant; and

## IV.  INTERFERENCE

The defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, including but not limited to:

A.  Sending or causing to be sent any statement, letter, fax, e-mail, or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement; and

B.  Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this order or of the fact that repatriation may be required pursuant to a court order, until such time as all assets have been fully repatriated pursuant to the order.

- 9 -

## V.  CONSUMER CREDIT REPORTS

Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(1), any consumer reporting agency may furnish to the Commission a consumer report concerning any defendant.

## VI.  PROHIBITION ON DISCLOSURE OF CUSTOMER LISTS

The defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are temporarily restrained and enjoined from:

A.  Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, billing information (any data that enables any person to access another person's account, such as a credit card, checking, savings, share or similar account, utility account, mortgage loan account, or debit card), e-mail address, or other identifying information of any person whose identifying information was acquired by any defendant, at any time prior to entry of this order, in connection with the purchase of any mortgage loan modification or foreclosure relief service;

B.  Using or benefitting from, for commercial purposes, the name, address, telephone number, social security number, billing information (any data that enables any person to access another person's account, such as a credit card, checking, savings, share or similar account, utility account, mortgage loan account or debit card), e-mail address, or other identifying information of any person whose identifying information

- 10 -

was acquired by any defendant, at any time prior to entry of this order, in connection with the purchase of any mortgage loan modification or foreclosure relief service;

**Provided, however**, tha t any defendant may disclose such identifying information (1) with the express written consent of the person whose information is disclosed, (2) to a law enforcement agency, or (3) as required or authorized by any law, regulation, or court order.

## VII.  PRESERVATION AND MAINTENANCE OF BUSINESS RECORDS

The defendants and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from:

A.  Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any document or record of any kind that relates to the business practices or business or personal finances of any defendant, individually or jointly; or

B.  Failing to create and maintain documents or records that, in reasonable detail, accurately, fairly, and completely reflect the defendants' incomes, disbursements, transactions, and disposition of their assets.

## VIII.  BANKRUPTCY PETITIONS

In light of the asset freeze, the defendants are prohibited from filing, or causing to be filed, on behalf of any receivership defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, without permission from this court.

- 11 -

In light of the asset freeze, each individual defendant must give twenty-one (21) calendar days notice to the Commission and this court before filing, or causing to be filed, on behalf of that individual defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

## IX. STAY OF ACTIONS

A.  Except by leave of this court, the defendants and any other person or entity (except the Commission) are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of a defendant or any asset of a defendant.

B.  Sub-section (A) of this section does not stay:

1.  the commencement or continuation of a criminal action or proceeding;

2.  the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.  the enforcement of a judgment, other than a monetary judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.  the commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

5.  the issuance to any receivership defendant a notice of tax deficiency.

C.  Except as otherwise provided in this order, any person or entity in need of documentation from the temporary receiver shall in all instances first attempt to secure

- 12 -

such information by submitting a formal written request to the temporary receiver, and, if the request has not been responded to within thirty (30) calendar days of receipt by the temporary receiver, any person or entity may thereafter seek an order of this court with regard to the relief requested.

## X. DISTRIBUTION OF ORDER BY THE DEFENDANTS

The defendants shall immediately provide a copy of this order to each affiliate, agent, partner, division, sales entity, successor, assignee, officer, director, employee, independent contractor, spouse, Internet web host or master, agent, attorney, or representative of any defendant, and shall, within ten (10) calendar days from the date of entry of this order, provide the Commission with a sworn statement that the defendants have complied with this provision of the order, which statement shall include the names and addresses of each person or entity who received a copy of this order.

## XI. MONITORING

Any agent or representative of the Commission may contact the defendants or the defendants' agents or representatives directly and anonymously for the purpose of monitoring compliance with Section I of this order, and may tape record any oral communications that occur in the course of such contacts.

## XII. CORRESPONDENCE

For purposes of this order, all correspondence and service of pleadings on the Commission shall be addressed to:

Jonathan Kessler, Esq.
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114–2507
Phone (216) 263-3436 / Fax (216) 263–3426

- 13 -

## XIII.  PRELIMINARY INJUNCTION HEARING

The parties shall appear on **November 16, 2009, at 2:00 p.m.** before Magistrate Judge Thomas B. McCoun, III, in Courtroom 12B, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, 33602, for a preliminary injunction hearing, at which the defendants shall show cause—why pending a final decision on the merits of the Commission's complaint—a preliminary injunction should not issue enjoining the defendants from further violations of the FTC Act and the TSR, continuing the freeze of the defendants' assets, and imposing such additional relief as may be appropriate.

## XIV.  RETENTION OF JURISDICTION

The court retains jurisdiction over this matter for all purposes.

ORDERED in Tampa, Florida, on November 13, 2009, at 12:10 p.m.

*[signature]*

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

- 14 -

# ATTACHMENT L.

FILED

2009 MAR 26   AM 9: 05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED UNDER SEAL

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

HOME ASSURE, LLC,

B HOME ASSOCIATES, LLC, d/b/a
Expert Foreclosures,

BRIAN BLANCHARD,
individually and as a member, officer,
or director of Home Assure, LLC, and
B Home Associates, LLC,

MICHAEL GRIECO,
MICHAEL TRIMARCO, and
NICOLAS MOLINA,
individually and as members, officers,
or directors of Home Assure, LLC,

    Defendants.
_____/

CASE NO: 8:09-cv-547-T-23TBM

**TEMPORARY RESTRAINING ORDER
WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER,
AND OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE
WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

The plaintiff, the Federal Trade Commission (the "Commission"), sues the

Defendants pursuant to Section 13(b) of the Federal Trade Commission Act (the "FTC

Act"), 15 U.S.C. § 53(b), and seeks preliminary and permanent injunctive relief,

I certify this foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By:
    Deputy Clerk

rescission or reformation of contracts, restitution, disgorgement, and other equitable relief for the Defendants' alleged deceptive acts or practices in connection with the sale of mortgage foreclosure rescue services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

The Commission having filed its complaint and having moved (Doc. S-4) <u>ex parte</u> for a temporary restraining order and preliminary injunction under Rule 65, Federal Rules of Civil Procedure, and the court having considered the complaint, declarations, exhibits, and memorandum of law filed in support thereof, finds that:

1.    The court has jurisdiction of the subject matter of this case and there is good cause to believe that the court will have jurisdiction over all the parties.

2.    There is good cause to believe that venue lies properly in this court.

3.    There is good cause to believe that the Defendants Home Assure LLC, B Home Associates, LLC, also doing business as Expert Foreclosure, Brian Blanchard, Michael Grieco, Michael Trimarco, and Nicolas Molina have engaged in and are likely to continue to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is likely to prevail on the merits of this action.

4.    There is good cause to believe that immediate and irreparable injury, loss, or damage to the court's ability to grant final and effective relief for consumers in the form of monetary redress will occur from the sale, transfer, or other disposition or concealment by the Defendants of assets or records during the pendency of this action unless the Defendants are immediately restrained and enjoined by order of this court. There is thus good cause for an asset freeze, immediate access to the Defendants'

- 2 -

business premises, appointment of a temporary receiver, and for relieving the Commission of the duty to provide the Defendants with prior notice of the Commission's motion pending a hearing on preliminary injunctive relief and to ensure the possibility of consumer redress and other effective final relief.

5.     Good cause exists for requiring the Defendants to produce an accounting of their business assets, sworn financial statements, profit-and-loss statements, and sworn personal financial statements.

6.     Weighing the equities and considering the Commission's likelihood of ultimate success on the merits, an <u>ex parte</u> temporary restraining order is in the public interest.

7.     No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

Accordingly, the Commission's "Motion for an <u>ex parte</u> Temporary Restraining Order with Asset Freeze and other Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue" (S-4) is **GRANTED** as follows.

## DEFINITIONS

For purposes of this temporary restraining order, the following definitions shall apply:

1.     "Asset" or "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises,

- 3 -

mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located.

2.     "Financial Institution" means any bank, savings and loan institution, credit union, financial institution, brokerage house, escrow agent, money market or mutual fund, telephone or other common carrier, storage company, trustee or any other person, partnership, corporation, or other legal entity maintaining or having control of any records, accounts, or other assets, owned directly or indirectly, of record or beneficially, by any Defendant, including accounts or other assets that any Defendant may control by virtue of being a signatory on said accounts.

3.     "Mortgage foreclosure rescue service" means any service, product, or program wherein the offeror, expressly or by implication, claims that it can assist a homeowner in any manner to:  (A) stop, prevent, or postpone any home mortgage foreclosure sale; (B) obtain any forbearance from any beneficiary or mortgagee; (C) exercise any statutory right of reinstatement; (D) obtain any extension of the period within which the owner may reinstate his obligation; (E) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust or mortgage; (F) obtain a loan or advance of funds: (G) avoid or ameliorate the impairment of the owner's credit resulting from the recording of a notice of default or the conduct of a foreclosure sale; (H) save the owner's residence from foreclosure; or (I) assist the owner in obtaining from the beneficiary, mortgagee, trustee under a power of sale, or counsel for the beneficiary, mortgagee, or trustee, the remaining proceeds from the

- 4 -

foreclosure sale of the owner's residence. The foregoing shall include any manner of claimed assistance, including but not limited to debt, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors on behalf of the homeowner; arranging or attempting to arrange for an extension of the period within which the owner of property sold at foreclosure may cure his default; arranging or attempting to arrange for any delay or postponement of the time of a foreclosure sale; and giving advice of any kind with respect to filing for bankruptcy.

4.    "**Individual Defendants**" means Brian Blanchard, Michael Grieco, Michael Trimarco, and Nicolas Molina.

5.    "**Business Defendants**" means the Defendants Home Assure, LLC, and B Home Associates, LLC, doing business as Expert Foreclosure, and their successors and assigns.

6.    "**Defendants**" means all the Individual Defendants and the Business Defendants, individually, collectively, or in any combination.

7.    "**Receivership Defendants**" means the Business Defendants and any entity or name through which the Business Defendants conduct business.

8.    "**Document**" is synonymous with and equal in scope to the term as defined in Rule 34(a), Federal Rules of Civil Procedure, and includes both documents and electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term "document."

- 5 -

9.    "**Material**" means likely to affect a person's choice of, or conduct regarding, goods or services.

10.  "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

11.  The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary, and to make the applicable phrase or sentence inclusive rather than exclusive.

## I. CONDUCT PROHIBITIONS

**IT IS HEREBY ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of any goods or services, including but not limited to mortgage foreclosure rescue services, the Defendants and their officers, agents, employees, and corporations, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including but not limited to fictitious business names, are hereby temporarily restrained and enjoined from making or assisting in the making of, expressly or by implication, orally or in writing, any statement or representation of material fact that is false or misleading, to any consumer, including but not limited to any false or misleading representation that (1) the Defendants will stop foreclosure in all or virtually all instances or (2) the Defendants will refund consumers' fees in all instances if foreclosure is not stopped.

- 6 -

IT IS FURTHER ORDERED that, if the Defendants represent that they will refund all or part of any fees or other monies to consumers, the Defendants are enjoined from failing to honor that refund.

## II. ASSET FREEZE

IT IS FURTHER ORDERED that the Defendants and their officers, agents, employees, and corporations, and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including financial institutions, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including but not limited to fictitious business names, are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, pledging, loaning, granting a lien or security interest or other interest in, or otherwise disposing of any funds, credit instruments, real or personal property, accounts, contracts, lists of consumer names, shares of stock, or other assets, wherever located, including outside the United States, that are:

1.      Owned or controlled by any Defendant, in whole or in part, including but not limited to any assets held by, for, or in the name of the Defendants at any bank or savings and loan institution or credit card processing agent, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, merchant account processor, check processor, or other financial institution, depository of any kind, or business entity, including but not limited to Bank of America, NA, Wachovia Bank, NA, and MoneyGram International;

- 7 -

2.     In the actual or constructive possession of any Defendant;

3.     Held by an agent of any Defendant as a retainer for the agent's provision of services to any Defendant; or

4.     Owned, controlled by, or in the actual or constructive possession of any corporation, partnership, limited liability company, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant.

B.     Opening or causing to be opened any safe deposit boxes titled, singly or jointly, in the name of any Defendant, or subject to access by any Defendant;

C.     Cashing any checks or depositing any payments received from customers of the Defendants;

D.     Incurring charges on any credit card issued in the name, singly or jointly, of any Defendant;

E.     Collecting, opening, or causing to be collected or opened, any mail received by or on behalf of the Receivership Defendants, at any address including but not limited to 2010 Drew Street, Clearwater, Florida, 33765, and failing to turn over any such mail to the Temporary Receiver;

F.     Obtaining a personal or secured loan; and

G.     Incurring liens or other encumbrances on real property, personal property, or other asset held in the name, singly or jointly, of any Defendant.

The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this order.

- 8 -

Notwithstanding the provisions of this Section, the Defendants may make transfers as directed by the Temporary Receiver appointed by this court or as otherwise ordered by the court upon proper showing after notice to counsel for the Commission.

### III. PROHIBITION ON DISCLOSURE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, employees, and corporations, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including but not limited to fictitious business names, are hereby temporarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, credit card number, debit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant for the purchase of any good or service or who were contacted or on a list to be contacted by any Defendant. However, the Defendants may disclose such idenitifying information to a law enforcement agency or as required by any law, regulation, or court order.

### IV. [DELETED]

### V. RETENTION OF ASSETS AND RECORDS HELD BY THIRD PARTIES

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a preliminary injunction, any financial or brokerage institution, business entity, or person served with a copy of this order that holds, controls, or maintains custody of any account or asset of any Defendant or has held, controlled, or maintained custody of any such account or asset at any time since January, 2005, shall:

- 9 -

A.     Prohibit the Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such account or asset except as directed by further order of the court;

B.     Deny the Defendants access to any safe deposit box that is titled in the name of any of the Defendants, either individually or jointly, or otherwise subject to access by any of the Defendants, either individually or jointly;

C.     Provide to counsel for the Commission and the Temporary Receiver, within five business days of receiving a copy of this order, a sworn statement setting forth:

1.     The identification number and description of each such account or asset titled in the name, individually or jointly, of the Defendants, or held on behalf of, or for the benefit of, any Defendant;

2.     The balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this order is served, and, if the account or asset has been closed or removed, the date closed or removed, the total funds removed to close the account, and the name of the person or entity to whom such account or or other asset was remitted;

3.     The identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants, or otherwise subject to access by any Defendant; and

D.     Within forty-eight hours of a request by the Temporary Receiver or the Commission, provide the Temporary Receiver and the Commission copies of all records or other documentation pertaining to any account or asset of any Defendant,

- 10 -

including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.     Cooperate with all requests of the Temporary Receiver relating to implementation of this order, including transferring funds or other assets at the Temporary Receiver's direction and producing records relating to the accounts or assets of any Defendant.

## VI. DUTIES OF THIRD PARTIES
## PROCESSING PAYMENTS FOR THE DEFENDANTS

IT IS FURTHER ORDERED that any automated clearing house, network transaction processor, business entity, or person providing any services or assistance in processing the Defendants' customer payments (including but not limited to payments made by bank account debits or checks for any of the Defendants) that receives actual notice of this order by personal service or otherwise is hereby temporarily retrained and enjoined from providing any assistance in the processing of any payments made by consumers to any of the Defendants and from collecting any fees or charges in connection with providing such assistance.

## VII. REPATRIATION OF ASSETS AND DOCUMENTS
## LOCATED IN FOREIGN COUNTRIES

IT IS FURTHER ORDERED that the Defendants shall:

A.     Within forty-eight hours after service of this order, take such steps as are necessary to transfer to the territory of the United States of America all documents and assets that are located outside of such territory and are held by or for the benefit of the Defendants or are under their direct or indirect control, jointly, severally, or individually;

- 11 -

B.      Within forty-eight hours after service of this order, provide counsel for the Commission and the Temporary Receiver with a full accounting of all documents and assets that are located outside of such territory and are held by or for the benefit of the Defendants or are under their direct or indirect control, whether jointly, severally, or individually;

C.      Hold and retain all documents and assets transferred pursuant to Subsection A above, and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds; and

D.      Within forty-eight hours of service of this order, provide counsel for the Commission with access to records and documents of the Defendants held by financial institutions outside the territorial United States of America by signing and delivering to counsel for the Commission the Consent of Release of Financial Records attached hereto as Attachment A.

### VIII.  INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of the Defendants' foreign assets or in the hindrance of the repatriation required by Section VII of this order including but not limited to:

A.      Sending any statement, letter, facsimile, e-mail, or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until all assets have been fully repatriated pursuant to Section VII of this order; and

- 12 -

B.    Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this order, or the fact that repatriation is required pursuant to a court order, until all assets have been fully repatriated pursuant to Section VII of this order.

## IX.  IMMEDIATE ACCESS TO THE DEFENDANTS' BUSINESS PREMISES

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, employees, and corporations, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including but not limited to fictitious business names, shall allow the Temporary Receiver and the Commission's representatives immediate access to the Defendants' business premises, including but not limited to all such premises located at  2010 Drew Street, Clearwater, Florida, 33765 and all sales offices, branch offices, storage facilities, or other business premises used by the Defendants.  The purpose of this access shall be solely to inspect and copy materials relevant to this action and to inventory the assets and documents of the Defendants, including but not limited to:

A.    Documents evidencing, referring to, or relating to each Defendant's financial status, including but not limited to the nature or location of any bank account, safe deposit box, or any other asset of any Defendant;

B.    Documents evidencing, referring to, or relating to the advertising, promoting, offering for sale, and sale of mortgage foreclosure rescue services and other services to any consumer and any correspondence, transaction, or other communication by or between any consumer or prospective consumer and any Defendant or any of their representatives, employees, agents, or officers; and

- 13 -

C.     Documents evidencing or referring to any correspondence, action, or other communication by or between any law enforcement agency, consumer group, or Better Business Bureau and any Defendant or any of their representatives, employees, agents, or officers.

The Defendants shall provide the Commission and the Temporary Receiver with all necessary means of access to these materials, including without limitation keys, lock combinations, and computer access codes.  The Temporary Receiver and the Commission may remove such materials from the Defendants' business premises so that the materials may be inspected, inventoried, and copied, so long as all such documents are returned within five business days of completing the inventory and copying in the same condition as when removed to the offices from which they were removed.  In no event shall such materials be retained longer than ten business days. The Commission's representatives and the Temporary Receiver may also photograph and videotape the inside and outside of all premises to which they are permitted access by this order and all other documents and items found on such premises.

**IT IS FURTHER ORDERED** that law enforcement personnel may accompany the Commission's representatives and the Temporary Receiver in implementing the provisions of this Section in order to keep the peace and maintain the security of the Commission's representatives and the Temporary Receiver.  No one shall interfere with the Commission's representatives or the Temporary Receiver's inspection of the Defendants' premises or documents.

## X. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Commission and the Temporary Receiver may conduct certain expedited discovery and that, upon entry of this order, in lieu of the

- 14 -

time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45,

Federal Rules of Civil Procedure, expedited discovery shall proceed as follows:

Pursuant to Rule 30, the Commission may take depositions upon oral

examination concerning the nature, location, status, and extent of the Defendants'

assets; the status and location of documents reflecting the Defendants' business

transactions; and compliance with this order, on two days' notice of any such

deposition. Depositions may be taken Monday through Saturday. Deposition

transcripts that have not been signed by the witness may be used for purposes of the

hearing on the order to show cause why a preliminary injunction should not issue.

This Subsection shall not be construed to preclude the Commission's right to take

subsequent depositions of the same witnesses on the merits of this action.

Any deposition taken pursuant to this Subsection is in addition to and not subject

to the presumptive limits on depositions in Rule 30(a)(2)(A).

Pursuant to Rule 34(b), the Defendants shall produce all documents requested

by the Commission within two days of the request, with production of documents made

to the Commission counsel at the address listed in Section XXV or to such other person

or place as counsel for the Commission may direct in writing.

In the event any of the Defendants' documents have been removed from the

Defendants' premises by and are in the possession of another law enforcement or

investigative agency, the Commission may have immediate access to such documents

for purposes of inspection, indexing, and copying, subject to the agency's consent to

the Commission's access.

- 15 -

### XI.  FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that each Defendant shall within forty-eight hours of service of this order prepare and deliver to the Temporary Receiver and to counsel for the Commission:

A.      Completed financial statements on the forms attached to this order as Attachments B and C for each Individual Defendant, for each Receivership Defendant, and for each business entity (whether or not incorporated) under which they conduct any business or of which any Defendant is an owner or officer, and for each trust of which any Defendant is a trustee.  The financial statements shall be accurate as of the date of entry of this order; and

B.      All current accountants' reports; all federal tax returns filed since January 1, 2007; documents indicating title to real or personal property; and other indicia of ownership that are now in any of the Defendants' actual or constructive possession.

### XII.  IDENTIFYING INFORMATION RELATING TO ACCOUNTANTS, FINANCIAL PLANNERS, INVESTMENT ADVISORS, AND OTHERS

**IT IS FURTHER ORDERED** that the Defendants shall within forty-eight hours of service of this order provide counsel for the Commission and the Temporary Receiver: (1) the name, address, and telephone number of each accountant, financial planner, investment advisor, stock broker, or other individual, corporation, limited liability company, or partnership that the Defendants hired for personal advice or services since January 1, 2007, and (2) the name, address, and telephone number of each accountant, financial planner, investment advisor, stock broker or other individual,

- 16 -

corporation, limited liability company, or partnership that was hired on behalf of the Defendants since January 1, 2007.

## XIII.  RECORD KEEPING/BUSINESS OPERATIONS

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, employees, and corporations, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including but not limited to fictitious business names, are hereby temporarily restrained and enjoined from:

A.    Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money;

B.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, advertisements, computer tapes, discs, or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents of any kind that relate to the business practices or business or personal finances of the Defendants; and

C.    Creating, operating, or exercising any control over any new business entity, including any partnership, limited partnership, joint venture, sole proprietorship, limited

- 17 -

liability company, or corporation, without first providing counsel for the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIV. DISTRIBUTION OF ORDER BY THE DEFENDANTS

IT IS FURTHER ORDERED that the Defendants shall immediately provide a copy of this order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, and representative of the Defendants and shall, within five calendar days from the date of entry of this order, provide counsel for the Commission and the Temporary Receiver a sworn statement that each Defendant has complied with this provision, which statement shall include the name and address of each such person or entity who has received a copy of this order. The Temporary Receiver has no obligation under this Section.

## XV. APPOINTMENT OF TEMPORARY RECEIVER

IT IS FURTHER ORDERED that Robb Evans of Robb Evans & Associates LLC, whose address is 11450 Sheldon Street, Sun Valley, California 91352-1121, is appointed Temporary Receiver for the Receivership Defendants, with the full power of an equity receiver for the Receivership Defendants and all of the funds, properties, premises, accounts, and other assets directly owed by the Receivership Defendants. The Temporary Receiver shall be solely the agent of this court in acting as Temporary Receiver under this order. The Temporary Receiver shall be accountable directly to this court. The Temporary Receiver shall comply with all Local Rules of this court governing receivers.

- 18 -

## XVI.  RECEIVERSHIP DUTIES AND AUTHORITY

IT IS FURTHER ORDERED that the Temporary Receiver is directed and authorized to accomplish the following:

A.    Assume full control of the Receivership Defendants by removing, as the Temporary Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the Receivership Defendants, including any Individual Defendant, from control of, management of, or participation in, the affairs of the business of the Receivership Defendants and manage and administer the business of the Receivership Defendants until further order of this court by performing all incidental acts that the Temporary Receiver deems necessary or advisable, which include retaining or hiring any employees, independent contractors, or agents;

B.    Collect, marshal, and take exclusive custody, control, and possession of all funds, property, books and records, accounts, mail, and other assets and documents of, or in the possession, custody, or control of, the Receivership Defendants, wherever situated, including but not limited to 2010 Drew Street, Clearwater, Florida, 33765.  The Temporary Receiver's authority to collect any and all mail relating to the affairs of the Receivership Defendants in the possession, custody, or control of the Defendants shall extend to mail in the possession of any third parties.  The Temporary Receiver shall have full power to change mailing addresses of the Receivership Defendants.  The Temporary Receiver shall have full power to change any locks on any real or personal property of the Receivership Defendants.  The Temporary Receiver shall have full power to divert mail, sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and

- 19 -

documents of the Receivership Defendants, including documents related to customers or clients whose interests are now held by or under the direction, possession, custody, or control of the Defendants or under the control of any third party for the benefit of the Defendants. The Temporary Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants.

However, the Temporary Receiver shall not without prior court approval attempt to collect any amount from a consumer if the Temporary Receiver believes that the consumer was a victim of the deceptive acts or practices alleged in the complaint in this matter;

C.     Take all steps necessary to secure the business premises of the Receivership Defendants, including but not limited to all such premises located at 2010 Drew Street, Clearwater, Florida, 33765. Such steps may include but are not limited to any of the following, as the Temporary Receiver deems necessary or advisable: (1) serving and filing this order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including but not limited to the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and videotaping any or all portions of the Receivership Defendants' business premises; (5) securing the Receivership Defendants' business premises by changing the locks on any real or personal property of the Receivership Defendants; (6) disconnecting any computer modems or other means of access to the computer or other records maintained at the Receivership Defendants' business premises; and (7) requiring any

- 20 -

persons present on the Receivership Defendants' business premises at the time this order is served to vacate the premises, to provide the Temporary Receiver with proof of identification, or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing from the premises documents or assets of the Defendants. Law enforcement personnel, including but not limited to local police or sheriffs, may assist the Temporary Receiver in implementing these provisions in order to keep the peace and maintain security;

D.    To immediately return to consumers, without further court order, any funds that are identifiable as received from specific consumers following the Temporary Receiver's appointment or that are received at the Receivership Defendants' premises or mailboxes or forwarded to the Temporary Receiver after entry of this order and that were, based upon the Temporary Receiver's good faith determination, procured by use of the unfair or deceptive acts or practices alleged in the complaint in this matter. Likewise, upon the Temporary Receiver's appointment, the Temporary Receiver shall take all reasonable steps to halt immediately the debit of consumer bank accounts or charges to consumer credit cards that in the Temporary Receiver's good faith determination were procured by use of the unfair or deceptive acts or practices alleged in the complaint in this matter;

E.    Conserve, hold, and manage all receivership assets and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Defendants, including but not limited to obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

- 21 -

F.    Enter into contracts and purchase insurance as necessary or advisable including but not limited to: (1) the retention and employment of investigators, attorneys, or accountants of the Temporary Receiver's choice, including without limitation members and employees of the Temporary Receiver's firm, to assist, advise, and represent the Temporary Receiver, and (2) the movement and storage of any equipment, furniture, records, files, or other physical property of the Defendants;

G.    Prevent the inequitable distribution of the receivership assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Defendants;

H.    Have the sole legal authority to hire legal counsel on behalf of the Receivership Defendants;

I.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this order.  The Temporary Receiver shall apply to this court for prior approval of any payment of any debt or obligation incurred by any Receivership Defendant prior to the date of entry of this order, except payments that the Temporary Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

J.    Institute, prosecute, compromise, adjust, appear in, intervene in, or become a party to such actions or proceedings in state, federal, or foreign courts or arbitration proceedings as the Temporary Receiver deems necessary or advisable to preserve or recover the assets of the Receivership Defendants or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this order;

- 22 -

K.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Temporary Receiver in his role as Temporary Receiver, or against the Receivership Defendants, that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or as the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this order;

L.    Continue to conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Temporary Receiver may in good faith deem necessary or appropriate to operate the businesses profitably and lawfully, if at all; provided that the continuation and conduct of the business shall be conditioned upon the Temporary Receiver's good faith determination that the business can be lawfully operated at a profit using the assets of the receivership estate;

M.    Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

N.    Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Temporary Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such account;

O.    Maintain accurate records of all receipts and expenditures that he makes as Receiver; and

P.    Cooperate with reasonable requests for information and assistance from any state or federal law enforcement agency;

- 23 -

Q.     Maintain the chain of custody of all of the Defendants' records in his possession pursuant to procedures to be established by the Temporary Receiver in writing with the approval of the Commission; and

R.     Prepare and submit a report to this court and to the parties, not less than three days prior to the preliminary inunction hearing, describing the Temporary Receiver's activities in connection with carrying out the Temporary Receiver's obligations and responsibilities under this order, the Receivership Defendants' business activities, sales volume and number of purchasers, and assets and liabilities, to the extent that such information is known to or has been provided to the Temporary Receiver, and any other information the Temporary Receiver believes is relevant to the court.

## XVII.  COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Defendants and their officers, agents, employees, and corporations, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including but not limited to fictitious business names, shall fully cooperate with and assist the Temporary Receiver.  The Defendants' cooperation and assistance shall include but not be limited to providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercise the authority and discharge the responsibilities of the Temporary Receiver under this order; providing any password or entry code required to access any computer or electronic file of the Receivership Defendants in any medium; or advising all persons who owe money to the Receivership

- 24 -

Defendants that all debts should be paid directly to the Temporary Receiver.  The Defendants are hereby restrained and enjoined from directly or indirectly:

      A.      Transacting any of the business of the Receivership Defendants;

      B.      Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including but not limited to books, records, accounts, or any other papers of any kind or nature;

      C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Temporary Receiver;

      D.      Excusing debts owed to the Receivership Defendants;

      E.      Failing to notify the Temporary Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of such Receivership Defendant, or by any person or entity other than such Receivership Defendant, or failing to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets;

      F.      Doing any act or refraining from any act whatsoever to interfere with the Temporary Receiver taking custody, control, possession, or managing of the Receivership Defendants' assets or documents; or to harass or interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under this order.

- 25 -

## XVIII.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that immediately upon service of this order upon them, or within a period permitted by the Temporary Receiver, the Defendants and any other person or entity served with a copy of this order shall forthwith or within such time as permitted by the Temporary Receiver in writing, transfer or deliver possession, custody, and control of the following to the Temporary Receiver:

A.    All assets and property owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

B.    All documents of the Receivership Defendants, including but not limited to books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

C.    All assets belonging to members of the public now held by the Receivership Defendants;

D.    All keys, computer passwords, entry codes, and combinations to locks necessary to gain or secure access to any assets or documents of the Receivership Defendants, including but not limited to access to their business premises, means of communication, accounts, computer systems, or other property; and

E.    Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

If any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Temporary Receiver may file an affidavit of non-compliance regarding such failure.  Upon filing the affidavit, the court may

- 26 -

authorize, without additional process or demand, writs of possession or sequestration or other equitable writs requested by the Temporary Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff of any county to seize the asset, document, or other thing and to deliver it to the Temporary Receiver.

### XIX.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.      Except by leave of this court, during the pendency of the receivership ordered herein, the Defendants and all vendors, principals, investors, creditors, stockholders, lessors, and all other persons and entities seeking to establish or enforce any claim, right, or interest for, against, or on behalf of, or in the name of, any of the Receivership Defendants, and all others acting for or on behalf of such persons including but not limited to attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents, and employees are hereby stayed from:

1.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding against any of the Receivership Defendants, except that such actions may be filed to toll any applicable statute of limitations;

2.      Commencing, prosecuting, continuing, or entering any suit or proceeding in the name of or on behalf of any of the Receivership Defendants;

3.      Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset of the Receivership Defendants; attempting to foreclose, forfeit, alter, or terminate any of the Receivership Defendants' interests in any asset, including without limitation

- 27 -

the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

4.       Using self-help or executing, issuing, or serving, or causing the execution or issuance or service of any legal process, including but not limited to attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this order or not for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon, any assets of any of the Receivership Defendants; or

5.       Taking any action or doing anything whatsoever to interfere with the exclusive jurisdiction of this court over the assets or documents of the Receivership Defendants or their subsidiaries or affiliates.

B.       This action does not stay:

1.       The commencement or continuation of a criminal action or proceeding;

2.       The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.       The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power, including execution on any security interest in favor of the Commission;

4.       The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property (or combinations of property) consisting of five or more living units; or

- 28 -

5.    The issuance to a Defendant of a notice of tax deficiency.

## XX. COMPENSATION OF THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver is entitled to reasonable compensation for the performance of all duties pursuant to this order and for the cost of actual out-of-pocket expenses incurred, solely from the assets now held by, or in the possession or control of, or which may be received by the Receivership Defendants. The Temporary Receiver shall file with the court and serve on the parties periodic requests for the payment of such compensation, with the first such request due prior to sixty days after the date of this order. The Temporary Receiver shall not increase the Temporary Receiver's fee billed to the receivership estate without prior approval of the court.

## XXI. BOND

**IT IS FURTHER ORDERED** that, within five days after entry of this order, the Temporary Receiver shall file with the Clerk of Court a bond in the sum of $20,000.00 with sureties to be approved by the court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts that the court directs.

## XXII. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the Commission may obtain credit reports concerning any Individual Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that upon written request, any credit reporting agency from which such report is requested shall provide it to the Commission.

- 29 -

## XXIII.  USE OF ALIASES

IT IS FURTHER ORDERED that the Defendants are hereby enjoined from using any fictitious, false, or assumed title or name, other than their own proper name, or otherwise misrepresenting their true identities in the course of business dealings or in publicly filed documents.

## XXIV.  SERVICE OF ORDER UPON THIRD-PARTY ASSET HOLDERS

IT IS FURTHER ORDERED that copies of this order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this order.  Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XXV.  SERVICE OF PLEADINGS

IT IS FURTHER ORDERED that:

A.      The Defendants shall file with the Court and serve on counsel for the Commission their response to the order to show cause why a preliminary injunction should not issue, including all declarations, exhibits, memoranda, and other evidence, not less than seventy-two hours before the hearing on the application.  The Defendants shall serve copies of all such materials on the Commission by hand, by facsimile transmission, or by overnight delivery service to the attention of counsel for the Commission, Ann F. Weintraub, at Federal Trade Commission, Northeast Regional Office, 1 Bowling Green, Suite 318, New York, NY 10004 (facsimile transmission to (212) 607-2822).  However, if the Defendant chooses to serve the Commission via

- 30 -

overnight delivery, the documents shall be delivered so that they shall be received by the Commission at least seventy-two hours before the hearing;

B.      Service on the Temporary Receiver shall be performed by delivery to the attention of Rob Evans, Robb Evans & Associates LLC, 11450 Sheldon Street, Sun Valley, California 91352-1121 (facsimile transmission to (818) 768-8802).

C.      The Commission shall file with the court and serve on the Defendants any supplemental memoranda, declarations, materials, or other evidence, not less than twenty-four hours before the hearing on the order to show cause why a preliminary injunction should not issue.  The Commission shall serve copies of all such materials on counsel for each Defendant by hand, by facsimile transmission, or by overnight delivery service.  However, if the Commission chooses to serve the Defendants via overnight delivery, the documents shall be delivered so that they shall be received by such Defendant at least twenty-four hours before the hearing.  Consumer declarations previously filed as exhibits in support of the application for this order comply with the disclosure requirements of this paragraph;

D.      Pursuant to Rule 4(c), Federal Rules of Civil Procedure, copies of this order and the initial pleadings and papers filed in this matter, including the complaint and summonses, may be served by employees and agents of the Commission, by employees of any state or federal law enforcement agency, including but not limited to the United States Marshal Service and the Federal Bureau of Investigation, and by agents of any process servers retained by the Commission, upon any office of the Defendants, any Individual Defendant, any financial or brokerage institution, or any person or entity that may be in possession of any assets, property, or property rights of the Defendants;

- 31 -

E.      Any party who wishes to present live testimony at the hearing in the party's case-in-chief shall file a motion requesting leave to present live testimony, and serve the motion on all opposing parties, not less than seventy-two hours before the hearing on the order to show cause why a preliminary injunction should not issue.  The request shall include a witness list stating the name, address, and telephone number of any such witness and either a summary of the witness's expected testimony or the witness's declaration disclosing the substance of the witness's expected testimony.  However, if service is via overnight delivery, the documents shall be delivered so that they shall be received by all parties at least seventy-two hours before the hearing.

## XXVI.  DURATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that the temporary restraining order granted herein shall expire at **5:00 p.m.** on **April 8, 2009**, unless for good cause shown the order is extended for an additional period not to exceed ten days or is otherwise extended pursuant to Rule 65, Federal Rules of Civil Procedure.

## XXVII.  ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED that, unless the Magistrate Judge orders otherwise, the parties shall appear on **March 31, 2009**, at **11:00 a.m.**, before United States Magistrate Judge Thomas B. McCoun, III, in Courtroom 12B, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, for a status conference and to schedule a hearing pursuant to Rule 65, Federal Rules of Civil Procedure, at which the Defendants shall show cause why pending a final decision on the merits of the Commission's complaint a preliminary injunction should not issue enjoining the Defendants from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

- 32 -

continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

## XXVIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the court shall retain jurisdiction over this matter for all purposes.

ORDERED in Tampa, Florida, on March 26, 2009, at 8:53 a.m.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:    U.S. Magistrate Judge

- 33 -

# ATTACHMENT M.

FILED

*B π*

2 PM 4 16

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FEDERAL TRADE COMMISSION

        Plaintiff,

        v.

GLOBAL MARKETING GROUP,
INC.; GLOBAL BUSINESS
SOLUTIONS, LLC; GLOBALPAY,
INC.; GLOBALPAY, LLC;
GLOBALPAY BV; SYNERGY
CONSULTING SERVICES, LLC;
FIRST PROCESSING
CORPORATION; and
IRA N. RUBIN;

        Defendants, and

PHOELICIA DANIELS;

        Relief
Defendant.

Case No. 8:06-cv-2272-T-30TGW

*EX PARTE* TEMPORARY
RESTRAINING ORDER WITH ASSET
FREEZE, OTHER EQUITABLE
RELIEF, AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY
INJUNCTION SHOULD NOT ISSUE

        Plaintiff, Federal Trade Commission ("FTC" or "Commission"), having filed its

complaint for a permanent injunction and other relief in this matter, pursuant to Sections

13(b) and 19 of the Federal Trade Commission Act (""FTC Act"), 15 U.S.C. §§ 53(b) and

57b, and having moved for an *ex parte* Temporary Restraining Order and other relief

pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65, and the Court

having considered the complaint, declarations, exhibits, and memorandum of law filed in

support thereof, and now being advised in the premises finds, that:

1.      This Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

2.      Venue lies properly with this Court.

3.      There is good cause to believe that Defendants have engaged in and are likely to engage in the future in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. Part 310, and that Plaintiff is therefore likely to prevail on the merits of this action.

4.      There is good cause to believe that prior to debiting or attempting to debit consumers' bank accounts on behalf of their client merchants, Defendants knew or consciously avoided knowing that their clients were engaged in or were likely to be engaged in deceptive, abusive, or fraudulent sales practices, that Defendants and Relief Defendant have retained ill-gotten gains from these practices, and that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Defendants or Relief Defendant of their Assets or corporate records unless Defendants and Relief Defendant are immediately restrained and enjoined by Order of this Court. There is thus good cause for an asset freeze, the appointment of a temporary receiver over the corporate defendants, and for relieving Plaintiff of the duty to provide Defendants with prior notice of Plaintiff's motion.

2

5.      Weighing the equities and considering Plaintiff's likelihood of ultimate

success, a Temporary Restraining Order with asset freeze and other equitable relief is in the

public interest.

6.      No security is required of any agency of the United States for issuance of a

restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order ("Order"), the following

definitions shall apply:

1.      **"ACH network"** shall mean the electronic funds transfer system governed by

the NACHA Rules that provides for the interbank clearing of credit and debit entries to

accounts at financial institutions.

2.      **"ACH debit"** shall mean any completed or attempted debit or credit to a

consumer's account at a financial institution that is processed electronically through the

ACH network.

3.      **"ACH processing"** means the transfer of funds or attempted transfer of funds

through the ACH network as either an ACH debit or a credit.

4.      **"Asset" or "Assets"** means any legal or equitable interest in, right to, or

claim to, any real or personal property, including, but not limited to, "goods," "instruments,"

"equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these

terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds,

3

contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

5.  **"Assisting others"** means providing any of the following goods or services: (1) providing for or arranging for the provision of mail or telephone lists that contain, incorporate, or utilize consumers' account numbers; (2) preparing or providing, or causing to be prepared or provided, telephone sales scripts or other materials for use in connection with the promotion of products or services to consumers; (3) providing, mailing or shipping, or arranging for the provision, mailing or shipping, of fulfillment products or services; (4) providing or arranging for the provision of telemarketing or computer processing services; (5) providing or facilitating the means of obtaining payment from consumers, by providing or facilitating access to the credit card or bank account payment and collection system; and (6) providing marketing or customer service support.

6.  **"Client"** means any person, corporation, originator or other entity that has retained or contracted with Defendants for Defendants to provide services as a payment processor.

7.  **"Consumer"** means any person whose bank account or credit card account Defendants cause (or attempt to cause) to be debited or otherwise accessed.

8.  **"Defendant" or "Defendants"** means **Global Marketing Group, Inc., Global Business Solutions, LLC, Globalpay, Inc., Globalpay, LLC, Globalpay BV, Synergy Consulting Services, LLC, First Processing Corporation, and Ira N. Rubin, individually and as an officer or director of the corporate Defendants,** all doing business

4

as "Global Processing" and "Global Processing, Inc.," and by whatever other names each

may be know, and any subsidiaries, affiliates, and any fictitious business entities or business

names created or used by these entities, or any of them.

9.      **"Document" or "Documents"** means any materials listed in Federal Rule of

Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio

and video recordings, computer records, and other data compilations from which information

can be obtained and translated, if necessary, into reasonably usable form through detection

devices.  A draft or nonidentical copy is a separate Document within the meaning of the

term.

10.      **"Financial Institution"** means any bank, savings and loan institution, credit

union, or any financial depository of any kind, including, but not limited to, any brokerage

house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or

precious metal dealer.

11.      **"NACHA""** means NACHA - The Electronic Payments Association.

12.      **"NACHA Rules"** means the NACHA Operating Rules, as amended from

time to time.  References herein to the NACHA Rules shall be pertinent only to ACH

processing activity.

13.      **"Payment processing"** means the performance of any function of collecting,

charging, or transmitting a consumer's payment for goods or services by debiting or

otherwise accessing a consumer's bank account or credit card account, through the use of

any payment mechanism, including, but not limited to, remotely created checks, ACH

5

processing, and credit card transactions.

14.     **"Payment processor"** means any person providing any payment processing services in connection with the sale or purchase of goods or services, including, but not limited to, depository financial institutions, third-party processors, data processing service bureaus, and any others who provide services to verify, correct or update account or bank routing data or formats.

15.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

16.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

17.     **"Receivership Defendants"** means **Global Marketing Group, Inc., Global Business Solutions, LLC, Globalpay, Inc., Globalpay, LLC, Globalpay BV, Synergy Consulting Services, LLC, and First Processing Corporation,** all doing business as "Global Processing" and "Global Processing, Inc."

18.     **"Relief Defendant"** means Phoelicia Daniels, individually and as a former officer or director of corporate Defendant First Processing Corporation.

19.     **"Remotely created check"** means any paper check not created by the paying bank and not bearing a signature applied (or purporting to be applied) by the person on whose account the check is drawn, and shall be construed to include (without limitation) instruments known as demand drafts, bank drafts, telechecks, or sight drafts.

20.     **"Return rate"** means the percentage of attempted payment processing

6

transactions per week returned for any reason, whether before or after payment.  For each

client, this rate shall be calculated daily in the following manner:  divide the total number of

attempted payment processing transactions presented for payment on the client's behalf in a

given calendar week that are returned for any reason, at any time before payment or within

one year after payment, by the total number of attempted payment processing transactions

presented for payment on that client's behalf during the same calendar week.  For any client

with multiple accounts, this calculation shall be made and updated daily not only with

respect to the client but also with respect to each account.

     21.     **"Telemarketing"** means a plan, program, or campaign (whether or not

covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) which is conducted to induce

the purchase of goods or services or a charitable contribution by use of one or more

telephones.

## I.

## CEASE AND DESIST

     **IT IS THEREFORE ORDERED** that Defendants, and their officers, agents,

directors, servants, employees, salespersons, independent contractors, attorneys,

corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities

in active concert or participation with them, who receive actual notice of this Order by

personal service or otherwise, whether acting directly or through any trust, corporation,

subsidiary, division, or other device, or any of them, in connection with the telemarketing,

advertising, marketing, proposed sale, or sale of any product or service, are hereby restrained

and enjoined from:

    A.    Engaging in, or assisting others in engaging, payment processing on behalf of a person engaged in telemarketing;

    B.    Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

    1.    Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, expressly or by implication, that after paying Defendants a fee, consumers will, or are highly likely to, receive an unsecured credit card;

    2.    Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by requesting and/or receiving payment of a fee in advance of consumers obtaining a loan, credit card, or other extension of credit when the seller or telemarketer has guaranteed or represented a high likelihood of success in obtaining or arranging a loan, credit card, or other extension of credit; and

    3.    Section 310.3(b) of the TSR, 16 C.F.R. § 310.3(b), by providing "substantial assistance or support" to any seller or telemarketer when that person "knows or consciously avoids knowing" that the telemarketer is engaged in acts or practices that violate 16 C.F.R. §§ 310.3(a) or 310.4 of the Rule, 16 C.F.R. §§ 310.3(a) and 310.4.

8

Page 231

C.     Assisting others who violated any provision of Subsections A or B of

this Section.

## II.

**MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors,

servants, employees, salespersons, independent contractors, attorneys, corporations,

subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active

concert or participation with them, who receive actual notice of this Order by personal

service or otherwise, whether acting directly or through any trust, corporation, subsidiary,

division, or other device, or any of them, are hereby restrained and enjoined from:

A.     Failing to create and maintain books, records, accounts, bank statements,

current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash

disbursements ledgers and source documents, documents indicating title to real or personal

property, and any other data which, in reasonable detail, accurately, fairly and completely

reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants'

Assets;

B.     Destroying, erasing, mutilating, concealing, altering, transferring, or

otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes, disks,

contracts, agreements, accounting data, handwritten notes, personal and business checks

(fronts and backs) - cancelled or otherwise, check registers, correspondence, forms,

9

advertisements, brochures, manuals, telemarketing scripts, sales material, sales presentations,

documents evidencing or referring to Defendants' products or services, training material,

electronically stored data, banking records, consumer or client lists, consumer or client files,

consumer or client addresses and telephone numbers, mailing lists, telemarketer lists,

invoices, telephone records, "verification" or "compliance" tapes or other audio or video tape

recordings, receipt books, postal receipts, ledgers, payroll records, bank statements,

appointment books, copies of business or personal local, state, provincial, or federal income

and property tax returns, documents evidencing or referring to Defendants' business

operations, or other Documents of any kind, including electronically-stored materials, that

relate to the business practices or business or personal finances of Defendants or other

entities directly or indirectly under the control of any Defendant; and

       C.     Creating, operating, or exercising any control over any new business entity,

whether newly formed or previously inactive, including any partnership, limited partnership,

joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a

written statement disclosing: (1) the name of the business entity; (2) the address and

telephone number of the business entity; (3) the names of the business entity's officers,

directors, principals, managers, and employees; and (4) a detailed description of the business

entity's intended activities.

### III.

### ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors,

10

servants, employees, salespersons, independent contractors, attorneys, corporations,

subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active

concert or participation with them, who receive actual notice of this Order by personal

service or otherwise, whether acting directly or through any trust, corporation, subsidiary,

division, or other device, or any of them, except as provided in Section D below, as

stipulated by the parties, or as directed by further order of the Court, are hereby restrained

and enjoined until further order of this Court, from:

    A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or

security interest or other interest in, or otherwise disposing of any funds, real or personal

property, or other Assets, or any interest therein, wherever located, including any Assets

outside the territorial United States, that are:  (1) owned, controlled or held by, or for the

benefit of, in whole or in part, any Defendant; or (2) in the actual or constructive possession

of any Defendant, including, but not limited to, any Assets held for or by any Defendant in

any account at any bank or savings and loan institution, or any credit card processing agent

or agent providing electronic funds transfer services or automated clearing house processing,

bank debit processing agent, network transaction processor, customer service agent,

commercial mail receiving agency, or mail holding or forwarding company, or any credit

union, retirement fund custodian, money market or mutual fund, storage company, trustee, or

with any broker-dealer, escrow agent, title company, commodity trading company, precious

metal dealer, or other financial institution or depository of any kind, either within or outside

11

the United States;

      B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of or for the use or benefit of any Defendant, or subject to access by any Defendant, or under the control of any Defendant, without providing Plaintiff prior notice and an opportunity to inspect the contents in order to determine that they contain no Assets covered by this Section;

      C.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; and

      D.      Incurring liens or other encumbrances on real property, personal property or other assets titled in the name, singly or jointly, of any Defendant or Relief Defendant.

      E.      Notwithstanding the above, Relief Defendant may pay from her personal funds reasonable, usual, ordinary, and necessary living expenses, not to exceed $10,000.

      The Assets affected by this Section shall include both existing Assets and Assets acquired after the effective date of this Order.

## IV.

### DUTIES OF THIRD PARTIES

      **IT IS FURTHER ORDERED** that each Person, Financial Institution, or other entity maintaining or having custody or control of any Asset of any Defendant or Relief Defendant, or that at any time since January 1, 2003, has maintained or had custody of any such Asset, and which is provided with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

12

    A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation or other disposal of any of the Assets or other property held by, under its control, or on behalf of any Defendant or Relief Defendant in any account maintained in the name of, or for the benefit or use of, any Defendant or Relief Defendant, in whole or in part, except as directed by further order of this Court, or by written agreement of Plaintiff and the parties claiming an interest in such account or Asset;

    B.     Deny Defendants and Relief Defendant access to any safe deposit boxes, commercial mail boxes or storage facilities that are titled in the name, individually or jointly, of any Defendant or Relief Defendant, or otherwise subject to access by any Defendant or Relief Defendant;

    C.     Within four (4) business days of the date of notice of this Order, provide to counsel for Plaintiff a certified statement setting forth:

        1.     The identification of each account or Asset titled in the name, individually or jointly, of any Defendant or Relief Defendant, or to which any Defendant or Relief Defendant is a signatory, or which is held on behalf of, or for the benefit or use of, any Defendant or Relief Defendant or subject to any Defendant's or Relief Defendant's control, including all trust accounts on behalf of any Defendant or Relief Defendant or subject to any Defendant's or Relief Defendant's control;

13

2.      The balance of each such account, or a description and appraisal of the value of such Asset, as of the close of business on the day on which notice of this Order is received, and, if the account or other Asset has been closed or removed, or more than $1,000 withdrawn or transferred from it within the last ninety (90) days, the date of the closure or removal of funds, the total funds removed or transferred, and the name and account number of the person or entity to whom such account, funds, or other Asset was remitted; and

3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name individually or jointly, of any Defendant or Relief Defendant, or is otherwise subject to access or control by any Defendant or Relief Defendant.

D.      Allow representatives of Plaintiff immediate access to inspect and copy, or upon Plaintiff's request, within five (5) days of said request, provide Plaintiff's representatives with copies of, any records or other Documents pertaining to any such account or Asset, including, but not limited to, originals or copies of account applications, corporate resolutions, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

The Assets affected by this Section shall include both existing Assets and Assets

14

acquired after the effective date of this Order.

## V.

## FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED that** at least three (3) calendar days prior to the preliminary injunction hearing in this matter, and in no event later than ten (10) calendar days after entry of this Order, each of the Defendants and the Relief Defendant shall provide to counsel for the FTC:

A.     A completed financial statement accurate as of the date of entry of this Order, in the form provided as **Attachment A** for individuals and **Attachment B** for businesses, as the case may be, signed under penalty of perjury;

B.     A complete and accurate list of clients for whom Defendants have provided ACH processing services since 2003 including, if available, the client's name, address, dates of service, merchant application, and all correspondence referring or relating to such clients; and

C.     For each client identified above in subsection B, a detailed accounting of:

1.     the total number and gross dollar amount of ACH transactions processed or serviced by Defendants, including any transactions indirectly processed through another third party service provider;

2.     the Standard Entry Code used for each type of ACH transaction processed or serviced by Defendants (e.g., "TEL," "PPD," or other

15