SEC Code, as defined under the NACHA Operating Rules);

3.  the total number and gross dollar amount of ACH transactions

    Returned (regardless of the reason provided for the Return), and the

    percentage of ACH transactions Returned (out of total ACH

    transactions processed);

4.  the total number, gross dollar amount, and percentage (of total ACH

    transactions processed) of ACH transactions Returned, for each Return

    Reason Code, as defined under the NACHA Operating Rules (e.g.,

    R07, R09, and R10);

5.  the gross revenues Defendants earned for providing ACH payment

    processing services (e.g., the total ACH processing fees charged by

    Defendants);

6.  the total amount or level of reserve funds or other fund Defendants

    withheld from the client for any reason, including, but not limited to,

    in order to cover anticipated returns of the client's transactions; and

7.  a list of the ODFI(s), or any third party service provider, used to

    service or transmit the ACH transactions or entries.

The financial statements shall include assets held outside the territory of the United States,

shall be accurate as of the date of the entry of this Order, and shall be verified under oath.

Defendants shall attach to these completed financial statements copies of all local, state,

16

provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## VI.

## TEMPORARY RECEIVER

**A.     APPOINTMENT OF TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that **Robb Evans & Associates LLC** is appointed Temporary Equity Receiver ("Receiver") for **Global Marketing Group, Inc., Global Business Solutions, LLC, Globalpay, Inc., Globalpay, LLC, Globalpay BV, Synergy Consulting Services, LLC, First Processing Corporation,** and any of their affiliates, subsidiaries, divisions, or telephone sales operations, wherever located, with the full power of an equity receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.  The Receiver shall comply with all Local Rules of this Court governing receivers.

**B.     RECEIVERSHIP DUTIES**

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

1.     Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

17

2.      Take exclusive custody, control and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all Assets and Documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter;

3.      Take all steps necessary to secure the business premises of the Receivership Defendants.  Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:  (1) serving and filing this Order; (2) completing a written inventory of all receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) videotaping all portions of the locations; (5) securing the locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations; (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not

18

removing from the premises Documents or Assets of the Receivership Defendants; and/or (7)
employ the assistance of law enforcement officers as he or she deems necessary to
implement peacefully the provisions of this Order;

   4.  Conserve, hold, and manage all receivership Assets, and perform all acts
necessary or advisable to preserve the value of those Assets, in order to prevent any
irreparable loss, damage, or injury to consumers or to creditors of the Receivership
Defendants, including, but not limited to, obtaining an accounting of the Assets and
preventing transfer, withdrawal, or misapplication of Assets, and including the authority to
liquidate or close out any open securities or commodity futures positions of the Receivership
Defendants;

   5.  Enter into contracts and purchase insurance as advisable or necessary;

   6.  Prevent the inequitable distribution of Assets and determine, adjust, and
protect the interests of consumers and creditors who have transacted business with the
Receivership Defendants;

   7.  Manage and administer the business of the Receivership Defendants until
further order of this Court by performing all incidental acts that the Receiver deems to be
advisable or necessary, which includes retaining, hiring, or dismissing any employees,
independent contractors, or agents;

   8.  Choose, engage, and employ attorneys, accountants, appraisers, and other
independent contractors and technical specialists, as the Receiver deems advisable or
necessary in the performance of duties and responsibilities under the authority granted by

19

this Order;

9.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

10.     Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws, which may include but is not limited to revising sales materials and implementing monitoring procedures;

11.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

12.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants that the Receiver deems necessary and advisable to preserve the Assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

20

13.     Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a profit using the Assets of the receivership estate;

14.     Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

15.     Open one or more bank accounts in the Middle District of Florida as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

16.     Maintain accurate records of all receipts and expenditures that he makes as Receiver;

17.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

18.     File reports with the Court on a timely and reasonable basis.

## C.     COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

1.     Defendants, Relief Defendant, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries,

21

affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to:

   a.   Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

   b.   Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

   c.   Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

2.   Defendants, Relief Defendant, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from directly or indirectly:

   a.   Transacting any of the business of the Receivership Defendants;

   b.   Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any Documents of the Receivership Defendants,

22

including, but not limited to, books, records, accounts, writings,
drawings, graphs, charts, photographs, audio and video recordings,
computer records, and other data compilations, electronically-
stored records, or any other records of any kind or nature;

c.    Transferring, receiving, altering, selling, encumbering, pledging,
assigning, liquidating, or otherwise disposing of any Assets owned,
controlled, or in the possession or custody of, or in which an
interest is held or claimed by, the Receivership Defendants, or the
Receiver;

d.    Excusing debts owed to the Receivership Defendants;

e.    Failing to notify the Receiver of any Asset, including accounts, of
the Receivership Defendants held in any name other than the name
of the Receivership Defendants, or by any person or entity other
than the Receivership Defendants, or failing to provide any
assistance or information requested by the Receiver in connection
with obtaining possession, custody, or control of such Assets;

23

f.     Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the Assets or Documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; or

g.     Filing, or causing to be filed, any petition on behalf of any of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## D.    DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

1.     Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants, Relief Defendants, or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Receiver:

a.     All Assets of the Receivership Defendants;

24

    b.      All *Documents* of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

    c.      All Assets belonging to members of the public now held by the Receivership Defendants; and

    d.      All keys, codes and passwords necessary to gain or to secure access to any Assets or Documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, or other property.

    2.      In the event any person or entity fails to deliver or transfer any Asset or otherwise fails to comply with any provision of this Section, the Receiver may file ex parte an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other thing and to deliver it to the Receiver.

25

**E.      TRANSFER OF FUNDS TO THE RECEIVER**

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, savings and loan associations, credit unions, depository institutions, finance companies, commercial lending companies, credit card processing agents or agents providing electronic funds transfer services or automated clearing house processing, brokerage houses, escrow agents, money market or mutual funds, title companies, commodity futures merchants, commodity trading companies, precious metal dealers, trustees, or other financial institutions or depositories of any kind, shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his direction and producing records related to the Assets of the Receivership Defendants.

**F.      STAY OF ACTIONS**

**IT IS FURTHER ORDERED** that:

1.      Except by leave of this Court, during pendency of the receivership ordered herein, Defendants, Relief Defendants, and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, Assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

a.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

26

b.      Accelerating the due date of any obligation or claimed obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of any Asset; attempting to foreclose, forfeit, alter, or terminate any interest in any Asset, *whether such acts* are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Defendants that arose before the date of this Order against any claim against the Receivership Defendants;

c.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

d.      Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the Assets or Documents subject *to this receivership, or to harass or interfere with* the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants.

2.    This Order does not stay:

a.      The commencement or continuation of a criminal action or

27

proceeding;

b.     The commencement or continuation of an action or proceeding by a

governmental unit to enforce such governmental unit's police or

regulatory power; or

c.     The enforcement of a judgment, other than a money judgment,

obtained in an action or proceeding by a governmental unit to enforce

such governmental unit's police or regulatory power.

3.     Except as otherwise provided in this Order, all persons and entities in need of

documentation from the Receiver shall in all instances first attempt to secure such

information by submitting a formal written request to the Receiver, and, if such request has

not been responded to within thirty (30) days of receipt by the Receiver, any such person or

entity may thereafter seek an Order of this Court with regard to the relief requested.

**G.     COMPENSATION OF RECEIVER**

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the

Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled

to reasonable compensation for the performance of duties pursuant to this Order and for the

cost of actual out-of-pocket expenses incurred by them, from the Assets now held by or in

the possession or control of or which may be received by the Receivership Defendants.  The

Receiver shall file with the Court and serve on the parties periodic requests for the payment

of such reasonable compensation, with the first such request filed no more than sixty (60)

days after the date of this Order.  The Receiver shall not increase the hourly rates used as the

28

bases for such fee applications without prior approval of the Court.

**H.      RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a

bond in the sum of $50,000 with sureties to be approved by the Court, conditioned that the

Receiver will well and truly perform the duties of the office and abide by and perform all

acts the Court directs.

**I.      ACCESS TO DEFENDANTS' BUSINESS PREMISES**

   **IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors,

servants, employees, salespersons, independent contractors, attorneys, corporations,

subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active

concert or participation with them, who receive actual notice of this Order by personal

service or otherwise, whether acting directly or through any trust, corporation, subsidiary,

division, or other device, or any of them, and the Receiver, shall allow the Commission's

representatives, agents, and assistants, as well as Defendants' representatives, and

Defendants themselves, reasonable access to the premises of the Receivership Defendants, or

any other premises where the Receivership Defendants conduct business or telephone sales

operations.  The purpose of this access shall be to inspect and copy any and all books,

records, Documents, accounts, and other property owned by or in the possession of the

Receivership Defendants or their agents.  The Receiver shall have the discretion to determine

the time, manner, and reasonable conditions of such access.  The Commission may remove

materials from the Defendants' business premises to inspect, inventory, and copy such

materials.  The Commission shall return materials so removed within five (5) business days of completing said inventory and copying.

## VII.

## REPATRIATION OF ASSETS AND DOCUMENTS
## LOCATED IN FOREIGN COUNTRIES

**IT IS FURTHER ORDERED** that Defendants shall:

A.      Within three (3) business days following service of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all Documents and Assets that are located outside such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

B.      Within three (3) business days following service of this Order, provide Plaintiff with a full accounting of all Documents and Assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States pursuant to Subsection A above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the names and address of any foreign or domestic financial institution or other entity holding the Documents and Assets, along with the account numbers and balances;

C.      Hold and retain all such Documents and Assets and prevent any transfer, disposition, or dissipation whatsoever of any such Documents or Assets; and

D.      Within three (3) business days following service of this Order, provide Plaintiff access to Defendants' records and Documents held by financial institutions or other entities outside the territorial United States, by signing and delivering to Plaintiff's counsel

30

the Consent to Release of Financial Records attached to this Order as **Attachment C.**

## VIII.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure

30(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure

26(d) and (f), 30(a)(2)(A)-(C), and 31(a)(2)(A)-(C), Plaintiff is granted leave, at any time

after service of this Order to:

A.       Take the deposition of any person or entity, whether or not a party, for the

purpose of discovering the nature, location, status, and extent of the Assets of Defendants,

and Defendants' affiliates and subsidiaries; the nature and location of Documents reflecting

the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the

location of any premises where Defendants, directly or through any third party, conduct

business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary

privileges to this action; and

B.       Demand the production of Documents from any person or entity, whether or

not a party, relating to the nature, status, and extent of the Assets of Defendants, and

Defendants' affiliates and subsidiaries; the nature and location of Documents reflecting the

business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location

of any premises where Defendants, directly or through any third party, conduct business

operations; the Defendants' whereabouts; and/or the applicability of any evidentiary

privileges to this action.  Three (3) days notice shall be deemed sufficient for any such

31

deposition, five (5) days notice shall be deemed sufficient for the production of any such

Documents, and twenty-four (24) hours notice shall be deemed sufficient for the production

of any such Documents that are maintained or stored only as electronic data.  The provisions

of this Section shall apply both to parties to this case and to non-parties.  The limitations and

conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(B) and 31(a)(2)(B)

regarding subsequent depositions of an individual shall not apply to depositions taken

pursuant to this Section.  Any such depositions taken pursuant to this Section shall not be

counted toward any limit on the number of depositions under the Federal Rules of Civil

Procedure or the Local Rules of Civil Procedure for the United States District Court for the

Middle District of Florida, including those set forth in Federal Rules of Civil Procedure

30(a)(2)(A) and 31(a)(2)(A).  Service of discovery upon a party, taken pursuant to this

Section, shall be sufficient if made through the means described in Section XIV of this

Order.

**IX.**

**DISTRIBUTION OF ORDER BY DEFENDANTS**

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of

this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers,

agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales

entities, sales persons, telemarketers, independent contractors, and any other Persons in

active concert of participation with them.  Within five (5) calendar days following service of

this Order by Plaintiff, each Defendant shall file with this Court and serve on Plaintiff, an

32

affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities Defendants have served with a copy of this Order in compliance with this provision.

## X.

### EXPIRATION DATE OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on December 21, 2006, at 11:59 p.m. (Eastern Standard Time), unless within such time the Order, for good cause shown, is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XI.

### ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that each Defendant shall appear before this Court on the 21st day of December, 2006, at 9:00 a.m. at the United States Courthouse, United States District Court for the Middle District of Florida, Tampa, Florida, Courtroom 13A, to show cause, if any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint, against said Defendants enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. Part 310, continuing the freeze of their Assets, and imposing such additional relief as may be appropriate.

## XII.

### SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on

33

Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on Plaintiff's request for a preliminary injunction.

Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) business day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Standard Time) on the appropriate dates listed in this Section.

## XIII.

## WITNESS LIST

**IT IS FURTHER ORDERED** that any party to this action intending to present the testimony of any witness at the hearing on a preliminary injunction in this matter shall, at least three (3) business days prior to the scheduled date and time of hearing, file with this Court and serve on counsel for all other parties, a statement of the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony.  Service under this Section shall be performed by personal or overnight delivery or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Standard Time) on the appropriate dates listed in this Section.

34

## XIV.

### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Person, Financial Institution, or other entity that may have possession or control of any property, property right, Documents, or Assets of Defendants, or that may be subject to any provision of this Order. Service upon any branch or office of any Financial Institution or entity shall effect service upon the entire financial institution or entity.

## XV.

### CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Defendant or Relief Defendant to Plaintiff.

35

## XVI.

### CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that for purposes of this Order, all correspondence

and pleadings to the Commission shall be addressed to:

> James Davis, Esq.
> David O'Toole, Esq.
> Federal Trade Commission
> 55 East Monroe Street, Suite 1860
> Chicago, Illinois 60603
> (312) 960-5634 [telephone]
> (312) 960-5600 [facsimile]

## XVII.

### JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter

for all purposes.

**DONE** and **ORDERED** in Tampa, Florida on December 12, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

36

# ATTACHMENT N.

1

_ FILED    _ LODGED
_ RECEIVED  _ COPY

MAY 0 1 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

_ FILED    _ LODGED
_ RECEIVED  _ COPY

MAY 0 2 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | Civil Action No. |
| Plaintiff, | CV-12-914-PHX-DGC |
| v. | ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |
| North America Marketing and Associates, LLC, a Nevada limited liability company; | |
| NAMAA, LLC, a Nevada limited liability company; | |
| TM Multimedia Marketing, LLC, a Nevada limited liability company; | Date: 5/2 , 2012 |
| TM Multimedia Marketing, LLC, an Arizona limited liability company; | Time: 4:50 a.m./p.m. |
| National Opportunities, LLC, a Nevada limited liability company; | |
| National Opportunities, LLC, an Arizona limited liability company; | |
| World Wide Marketing and Associates, LLC, a Nevada limited liability company; | |
| Wide World of Marketing, LLC, a Nevada limited liability company, a/k/a WWM, LLC; | UNDER SEAL |
| Precious Metals Resource, LLC, a Nevada limited liability company; | |
| Guaranteed Communications, LLC, a Nevada limited liability company; | |
| Superior Multimedia Group, LLC, a Nevada limited liability company; | |

1   **Kimberly Joy Birdsong**, individually and as an
officer of **TM Multimedia Marketing, LLC**
2   (Nevada), and as an officer of **Precious Metals
Resource, LLC;**

3

4   **Joseph Wayne Lowry**, a/k/a Joey Lowry, Joey
Lowe, individually and as a manager of **World
Wide Marketing and Associates, LLC**; as a manager
5   of **Wide World of Marketing, LLC**; as a manager of
**National Opportunities, LLC** (Nevada); as a
6   manager of **Precious Metals Resource, LLC**; a
manager of **North America Marketing and
7   Associates, LLC**; and as a manager of **NAMAA,
LLC;**

8

9   **Tracy Jerome Morris**, individually and as a manager
of **TM Multimedia Marketing, LLC** (Arizona);

10   **Sarah Lynne Stapel**, an individual;

11   **Alyisse Maloi Tramel**, individually and doing
business as **Time Management Multimedia
12   Marketing, LLC**, which does business as **TM
Multimedia, LLC**; as an officer of **North America
13   Marketing and Associates, LLC**; as an officer of **TM
Multimedia Marketing, LLC** (Nevada); as an officer
14   of **NAMAA, LLC**; and as an officer of **Guaranteed
Communications, LLC;**

15

16   **Daniel Vigil**, individually and as a manager of
**National Opportunities, LLC** (Arizona);

17                                  Defendants, and

18   **Sheila Ann Lowry**, an individual;

19   **Carl Edward Morris, Jr.**, individually and as an
officer of **Marketing Strategies, LLC**; and
20

21   **Marketing Strategies, LLC**, an Arizona limited
liability company,

22                                 Relief Defendants.

23

24       Plaintiff, Federal Trade Commission ("Commission"), having filed its Complaint

25 for a Permanent Injunction and Other Equitable Relief in this matter, under Section 13(b)

26 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and having moved

27 for an *ex parte* Temporary Restraining Order and other relief under Rule 65 of the Federal

28 Rules of Civil Procedure, Fed. R. Civ. P. 65, and the Court, having considered the

2

1    Complaint, declarations, exhibits and memorandum of law filed in support thereof, and

2    now being advised in the premises, finds that:

3                               **FINDINGS OF FACT**

4        1.       This Court has jurisdiction over the subject matter of this case and there is

5    also good cause to believe it will have jurisdiction over the Defendants.

6        2.       Venue lies properly with this Court.

7        3.       There is good cause to believe that Defendants North America Marketing

8    and Associates, LLC ("NAMA"); NAMAA, LLC ("NAMAA"); TM Multimedia

9    Marketing, LLC, a Nevada limited liability company ("TMMM (Nevada)"); TM

10   Multimedia Marketing, LLC, an Arizona limited liability company ("TMMM

11   (Arizona)"); National Opportunities, LLC, a Nevada limited liability company ("NO

12   (Nevada)"); National Opportunities, LLC, an Arizona limited liability company ("NO

13   (Arizona)"); World Wide Marketing and Associates, LLC ("WWMA"); Wide World of

14   Marketing, LLC ("Wide World"); Precious Metals Resource, LLC ("PMR"); Guaranteed

15   Communications, LLC ("GC"); Superior Multimedia Group, LLC ("SMG"); Kimberly

16   Joy Birdsong; Joseph Wayne Lowry; Tracy Jerome Morris; Sarah Lynne Stapel; Alyisse

17   Maloi Tramel; and Daniel Vigil have engaged in, and are likely to engage in, acts and

18   practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that

19   Commission is likely to prevail on the merits of this action.

20       4.       There is good cause to believe that immediate and irreparable damage to the

21   Court's ability to grant effective final relief for consumers – including rescission or

22   reformation of contracts, restitution, the refund of monies paid, and the disgorgement of

23   ill-gotten monies – will occur from the sale, transfer, or other disposition or concealment

24   by Defendants of assets or records if Defendants are provided with advance notice of this

25   Order, and that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice

26   require that this Order be granted without prior notice to Defendants.

27       5.       There is good cause to believe that the Corporate Defendants and the

28   Individual Defendants transferred substantial amounts of money they obtained from

3

1   consumers to Relief Defendants Sheila Ann Lowry, Carl Edward Morris, Jr., and

2   Marketing Strategies, LLC, and Relief Defendants have no legitimate claim to those

3   funds.

4        6.     There is good cause for relieving Commission of the duty to provide

5   Defendants with prior notice of Commission's application.

6        7.     Good cause exists for the appointment of a Temporary Receiver over

7   Corporate Defendants NAMA, NAMAA, TMMM (Nevada), TMMM (Arizona), NO

8   (Nevada), NO (Arizona), WWMA, Wide World, PMR, GC, and SMG.

9        8.     Considering Commission's likelihood of ultimate success and weighing the

10   equities, a Temporary Restraining Order with an asset freeze, appointment of a

11   Temporary Receiver, and other equitable relief is in the public interest.

12        9.     No security is required of any agency of the United States for issuance of a

13   restraining order.  Fed. R. Civ. P. 65(c).

14                  **DEFINITIONS**

15       For purposes of this Temporary Restraining Order, the following definitions shall

16   apply:

17        A.     **Asset**" means any legal or equitable interest in, right to, or claim to, any

18   real or personal property, including, but not limited to, "goods," "instruments,"

19   "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as

20   these terms are defined in the Uniform Commercial Code), lines of credit, chattels,

21   leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names,

22   accounts, credits, premises, receivables, funds, and cash, wherever located.

23        B.     "**Assisting others**" includes, but is not limited to:  (1) performing customer

24   service functions, including, but not limited to, receiving or responding to consumer

25   complaints; (2) formulating or providing, or arranging for the formulation or provision of,

26   any sales script or other marketing material; (3) providing names of, or assisting in the

27   generation of, potential customers; (4) performing marketing or billing services of any

28

4

1    kind; (5) acting as an officer or director of a business entity; or (6) providing

2    telemarketing services.

3          C.      "**Corporate Defendants**" means NAMA, NAMAA, TMMM (Nevada),

4    TMMM (Arizona), NO (Nevada), NO (Arizona), WWMA, Wide World, PMR, GC, and

5    SMG.

6          D.      "**Defendants**" means (a) each Corporate Defendant, (b) each Individual

7    Defendant, and (c) each Relief Defendant, and each of them, by whatever names each

8    might be known by, as well as their successors and assigns, whether acting directly or

9    through any corporation, subsidiary, division, or other device, including, but not limited

10   to, fictitious business names.

11         E.      "**Document**" or "**electronically stored information**" is synonymous in

12   meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of

13   Civil Procedure and includes:

14              1.      The original or a true copy of any written, typed, printed,

15         electronically stored, transcribed, taped, recorded, filmed, punched, or graphic

16         matter or other data compilations of any kind, including, but not limited to, letters,

17         email or other correspondence, messages, memoranda, interoffice

18         communications, notes, reports, summaries, manuals, magnetic tapes or discs,

19         tabulations, books, records, checks, invoices, work papers, journals, ledgers,

20         statements, returns, reports, schedules, or files; and

21              2.      Any electronically stored information stored on any Smartphones,

22         flash drives, telephones, personal digital assistants ("PDAs"), desktop personal

23         computers and workstations, laptops, notebooks, and other portable computers, or

24         other electronic storage media, whether assigned to individuals or in pools of

25         computers available for shared use; and home computers used for work-related

26         purposes; backup disks and tapes, archive disks and tapes, and other forms of

27         offline storage, whether stored onsite with the computer used to generate them,

28         stored offsite in another company facility, or stored, hosted, or otherwise

1      maintained offsite by a third-party; and computers and related offline storage used

2      by Defendants or Defendants' participating associates, which may include persons

3      who are not employees of the company or who do not work on company premises.

4      F.    **"Electronic data host"** means any person or entity that stores, hosts, or

5      otherwise maintains electronically stored information or computer equipment.

6      G.    **"Financial institution"** means any bank, savings and loan institution,

7      credit union, or any financial depository of any kind, including, but not limited to, any

8      brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading

9      company, or precious metal dealer.

10      H.    **"Individual Defendants"** refers to Defendants Kimberly Joy Birdsong,

11      Joseph Wayne Lowry, Tracy Jerome Morris, Sarah Lynne Stapel, Alyisse Maloi Tramel,

12      and Daniel Vigil.

13      I.    **"Material fact"** means any fact that is likely to affect a person's choice of,

14      or conduct regarding, goods or services.

15      J.    **"Person"** means a natural person, organization, or other legal entity,

16      including a corporation, partnership, sole proprietorship, limited liability company,

17      association, cooperative, or any other group or combination acting as an entity.

18      K.    **"Mail"** includes, but is not limited to, all envelopes, papers, or other items

19      delivered, whether by United States Mail, United Parcel Service, FedEx, electronic mail,

20      or similar delivery service.

21      L.    **"Receivership Defendants"** refers to the Corporate Defendants, as well as

22      any successors, assigns, affiliates, and subsidiaries that conduct any business related to

23      the Corporate Defendants' home-based Internet business opportunities and which the

24      Temporary Receiver has reason to believe are owned or controlled in whole or in part by

25      any of the Defendants.

26      M.    **"Relief Defendants"** refers to Defendants Sheila Ann Lowry, Carl Edward

27      Morris, Jr., and Marketing Strategies, LLC.

28      N.    **"Temporary Receiver"** refers to the receiver identified in Paragraph XVI.

6

1              ## ORDER

2          **PROHIBITIONS AND CONDUCT REQUIREMENTS**

3    **I.  INJUNCTION AGAINST MISREPRESENTATIONS**

4          **IT IS THEREFORE ORDERED** that Corporate Defendants and Individual

5    Defendants, and their successors, assigns, members, officers, agents, servants, employees,

6    and attorneys, and those persons or entities in active concert or participation with them

7    who receive actual notice of this Order by personal service, facsimile transmission, email,

8    or otherwise, whether acting directly or through any corporation, subsidiary, division, or

9    other device, in connection with the advertising, marketing, promotion, offering for sale

10   or sale of any home-based Internet business opportunity, are temporarily restrained and

11   enjoined from:

12          A.     Falsely representing, or assisting others who are falsely representing,

13   expressly or by implication, the following:

14                1.     That consumers who purchase and use the website sold by

15          Defendants are likely to earn substantial income;

16                2.     That consumers who purchase and use the advertising package sold

17          by Defendants will quickly earn back the cost, or substantially more than the cost,

18          of the advertising package;

19          B.     Misrepresenting or assisting others in misrepresenting, expressly or by

20   implication, that their business experts, business professionals, and marketing coaches

21   will provide purchasers with substantial assistance in operating their home-based Internet

22   businesses;

23          C.     Misrepresenting or assisting others in misrepresenting, either orally or in

24   writing, expressly or by implication, any material aspect of the performance, efficacy,

25   nature, or central characteristic of any home-based Internet business opportunity;

26          D.     Making or assisting others in making, either orally or in writing, expressly

27   or by implication, false or misleading statements to induce consumers to pay for any

28   home-based Internet business opportunity;

1    E.    Misrepresenting or assisting others in misrepresenting, either orally or in

2  writing, expressly or by implication, any material fact to a consumer's decision to

3  purchase any home-based Internet business opportunity; and

4    F.    Any other material fact.

5  **II. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS**

6

7        **IT IS FURTHER ORDERED** that Defendants and their successors, assigns,

8  members, officers, agents, servants, employees, and attorneys, and those persons or

9  entities in active concert or participation with them who receive actual notice of this

10  Order by personal service, facsimile transmission, email, or otherwise, whether acting

11  directly or through any corporation, subsidiary, division, or other device, are temporarily

12  restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing

13  the name, address, telephone number, Social Security number, credit card number, bank

14  account number, email address, or other identifying information of any person who paid

15  money to any of the Defendants for the purchase of any good or service or who were

16  contacted or are on a list to be contacted by any of the Defendants; provided that

17  Defendants may disclose such identifying information to a law enforcement agency or as

18  required by any law, regulation, or court order.

19  **III. DISABLEMENT OF DEFENDANTS' WEBSITES**

20        **IT IS FURTHER ORDERED** that, immediately upon service of this Order upon

21  them, Defendants and their successors, assigns, members, officers, agents, servants,

22  employees, and attorneys, and those persons or entities in active concert or participation

23  with them who receive actual notice of this Order by personal service, facsimile

24  transmission, email, or otherwise, whether acting directly or through any corporation,

25  subsidiary, division, or other device, in connection with the advertising, marketing,

26  promotion, offering for sale or sale of any home-based Internet business opportunity,

27  shall:

28

8

1     A.     Immediately do whatever is necessary to ensure that the existing content of

2  any website used by Defendants for the advertising, marketing, promotion, offering for

3  sale, sale, or provision of any home-based Internet business opportunity, including, but

4  not limited to, the websites whose addresses are listed on Attachment A, and containing

5  statements or representations prohibited by Paragraph I. of this Order, cannot be accessed

6  or modified by the public, except as permitted by Paragraph IV, below;

7     B.     Prevent the destruction or erasure of any website used by Defendants for the

8  advertising, marketing, promotion, offering for sale, sale, or provision of any home-based

9  Internet business opportunity, including, but not limited to, the websites whose addresses

10  are listed on Attachment A, by preserving such websites in the format in which they are

11  maintained currently; and

12     C.     Immediately notify counsel for the Commission of any other websites

13  operated or controlled by Defendants.

14  **IV. POSTING NOTICE OF LAWSUIT ON WEBSITES**

15     **IT IS FURTHER ORDERED** that Defendants and their successors, assigns,

16  members, officers, agents, servants, employees, and attorneys, and those persons or

17  entities in active concert or participation with them who receive actual notice of this

18  Order by personal service, facsimile transmission, email, or otherwise, whether acting

19  directly or through any corporation, subsidiary, division, or other device, in connection

20  with the advertising, marketing, promotion, offering for sale or sale of any home-based

21  Internet business opportunity, shall immediately take whatever action is necessary to

22  ensure that any website covered by Paragraph III.A. of this Order, shall prominently

23  display only the following statement:

24     The Federal Trade Commission ("Commission") has filed a lawsuit against

25     North America Marketing and Associates, LLC; NAMAA, LLC; TM

26     Multimedia Marketing, LLC, a Nevada limited liability company; TM

27     Multimedia Marketing, LLC, an Arizona limited liability company;

28     National Opportunities, LLC, a Nevada limited liability company; National

1    Opportunities, LLC, an Arizona limited liability company; World Wide

2    Marketing and Associates, LLC; Wide World of Marketing, LLC; Precious

3    Metals Resource, LLC; Guaranteed Communications, LLC; Superior

4    Multimedia Group, LLC; Kimberly Joy Birdsong; Joseph Wayne Lowry;

5    Tracy Jerome Morris; Sarah Lynne Stapel; Alyisse Maloi Tramel; and

6    Daniel Vigil, alleging that they have engaged in deceptive practices relating

7    to the advertising, marketing, promotion, offering for sale, sale, or provision

8    of home-based Internet business opportunities.  The U. S. District Court for

9    the District of Arizona has issued a Temporary Restraining Order

10   prohibiting the alleged acts and practices.  You may obtain additional

11   information directly from the Temporary Receiver, _____, or the

12   Commission.

13       Each website carrying this message shall also provide a hypertext link to the

14   Commission's web page at www.ftc.gov, or other web page designated by counsel for the

15   Commission.

16   **V. FREEZING DOMAIN NAME REGISTRATION**

17       **IT IS FURTHER ORDERED** that pending determination of Commission's

18   request for a Preliminary Injunction, GoDaddy.com, Inc., headquartered in Scottsdale,

19   Arizona, and any other domain name registrar shall:

20       A.    Immediately freeze and place a hold on, to prevent the change,

21   modification, assignment, sale, lapse, or expiration of, the domain name registration of

22   the websites whose addresses are listed on Attachment A, and any other domain name

23   registered to Defendants that is used for the marketing, advertising, promotion, offering

24   for sale, sale, or provision of home-based Internet business opportunities; and

25       B.    Immediately notify counsel for the Commission of any other domain name

26   registrations or websites operated or controlled by Defendants.

27

28

1        **ASSET AND RECORD RETENTION**

2    **VI.  ASSET FREEZE**

3        **IT IS FURTHER ORDERED** that Defendants and their officers, agents,

4    servants, employees, and attorneys, and those persons or entities in active concert or

5    participation with them, who receive actual notice of this Order by personal service,

6    facsimile transmission, email, or otherwise, whether acting directly or through any trust,

7    corporation, subsidiary, division, or other device, or any of them, except as provided

8    herein, as stipulated by parties, or as directed by further order of the Court, are

9    temporarily restrained and enjoined from:

10        A.       Transferring, liquidating, converting, encumbering, pledging, loaning,

11    selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a

12    lien or security interest or other interest in, or otherwise disposing of any funds, real or

13    personal property, accounts, contracts, shares of stock, lists of consumer names, or other

14    assets, or any interest therein, wherever located, including outside the territorial United

15    States, that are:

16            1.       owned, controlled, or held by, in whole or in part, for the benefit of,

17    or subject to access by, or belonging to, any of Defendant;

18            2.       in the actual or constructive possession of any Defendant; or

19            3.       in the actual or constructive possession of, or owned, controlled, or

20    held by, or subject to access by, or belonging to, any other corporation,

21    partnership, trust, or any other entity directly or indirectly owned, managed, or

22    controlled by, or under common control with, any Defendant, including, but not

23    limited to, any assets held by or for any Defendant in any account at any bank or

24    savings and loan institution, or with any credit card processing agent, automated

25    clearing house processor, network transaction processor, bank debit processing

26    agent, customer service agent, commercial mail receiving agency, or mail holding

27    or forwarding company, or any credit union, retirement fund custodian, money

28    market or mutual fund, storage company, trustee, or with any broker-dealer,

11

1    escrow agent, title company, commodity trading company, precious metal dealer,

2    or other financial institution or depository of any kind, either within or outside the

3    territorial United States;

4        B.    Opening or causing to be opened any safe deposit boxes, commercial mail

5    boxes, or storage facilities titled in the name of any Defendant, or subject to access by any

6    Defendant or under any Defendant's control, without providing the Commission prior

7    notice and an opportunity to inspect the contents in order to determine that they contain

8    no assets covered by this Paragraph;

9        C.    Cashing any checks or depositing any payments from customers or clients

10   of Defendants;

11       D.    Incurring charges or cash advances on any credit card issued in the name,

12   singly or jointly, of any Defendant; or

13       E.    Incurring liens or encumbrances on real property, personal property, or

14   other assets in the name, singly or jointly, of any Defendant or any corporation,

15   partnership, or other entity directly or indirectly owned, managed, or controlled by any

16   Defendant.

17       The funds, property, and assets affected by this Paragraph shall include both

18   existing assets and assets acquired after the effective date of this Order.

19   **VII. DUTIES OF ASSET HOLDERS**

20       **IT IS FURTHER ORDERED** that any financial institution, business entity, or

21   person maintaining or having custody or control of any account or other asset of any

22   Defendant, or any corporation, partnership, or other entity directly or indirectly owned,

23   managed, or controlled by, or under common control with any Defendant, which is served

24   with a copy of this Order, or otherwise has actual or constructive knowledge of this

25   Order, shall:

26       A.    Hold and retain within its control and prohibit the withdrawal, removal,

27   assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation,

28

12

1   conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or

2   other property held by, or under its control:

3         1.   on behalf of, or for the benefit of, any Defendant or any other party

4   subject to Paragraph VI, above;

5         2.   in any account maintained in the name of, or for the benefit of, or

6   subject to withdrawal by, any Defendant or other party subject to Paragraph VI,

7   above; and

8         3.   that are subject to access or use by, or under the signatory power of,

9   any Defendant or other party subject to Paragraph VI, above;

10   B.   Deny Defendants access to any safe deposit boxes or storage facilities that

11   are either:

12         1.   titled in the name, individually or jointly, of any Defendant, or other

13   party subject to Paragraph VI, above; or

14         2.   subject to access by any Defendant or other party subject to

15   Paragraph VI, above;

16   C.   Provide the Commission, within five (5) days of the date of service of this

17   Order, a sworn statement setting forth:

18         1.   The identification number of each account or asset titled in the name,

19   individually or jointly, of any Defendant, or held on behalf of, or for the benefit of,

20   any Defendant or other party subject to Paragraph VI, above, including all trust

21   accounts managed on behalf of any Defendant or subject to any Defendant's

22   control;

23         2.   The balance of each such account, or a description of the nature and

24   value of such asset;

25         3.   The identification and location of any safe deposit box, commercial

26   mail box, or storage facility that is either titled in the name, individually or jointly,

27   of any Defendant, or is otherwise subject to access or control by any Defendant or

28   other party subject to Paragraph VI, above, whether in whole or in part; and

13

1         4.     If the account, safe deposit box, storage facility, or other asset has

2   been closed or removed, the date closed or removed and the balance on said date;

3         D.     Allow representatives of Commission immediate access to inspect and

4   copy, or upon Commission's request, within five (5) business days of said request,

5   provide the Commission with copies of, all records or other documentation pertaining to

6   each such account or asset, including, but not limited to, originals or copies of account

7   applications, account statements, corporate resolutions, signature cards, checks, drafts,

8   deposit tickets, transfers to and from the accounts, all other debit and credit instruments or

9   slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

10        E.     This Paragraph shall apply to existing accounts and assets, assets deposited

11   or accounts opened after the effective date of this Order, and any accounts or assets

12   maintained, held or controlled two years prior to the effective date of this Order. This

13   Paragraph shall not prohibit transfers in accordance with any provision of this Order, any

14   further order of the Court, or by written agreement of the parties.

15 **VIII.  REPATRIATION OF ASSETS AND DOCUMENTS LOCATED IN FOREIGN COUNTRIES**

16

17     **IT IS FURTHER ORDERED** that Defendants shall:

18         A.     Within three (3) business days following service of this Order, take such

19   steps as are necessary to repatriate to the territory of the United States of America all

20   documents and assets that are located outside such territory and are held by or for

21   Defendants or are under Defendants' direct or indirect control, jointly, severally, or

22   individually;

23         B.     Within three (3) business days following service of this Order, provide the

24   Commission with a full accounting of all documents and assets that are located outside of

25   the territory of the United States of America or that have been transferred to the territory

26   of the United States of America pursuant to Subparagraph A, above and are held by or for

27   any Defendant or are under any Defendant's direct or indirect control, jointly, severally,

28   or individually, including the addresses and names of any foreign or domestic financial

14

1   institution or other entity holding the documents and assets, along with the account

2   numbers and balances;

3        C.     Hold and retain all such documents and assets and prevent any transfer,

4   disposition, or dissipation whatsoever of any such documents or assets; and

5        D.     Within three (3) business days following service of this Order, provide the

6   Commission access to Defendants' records and documents held by financial institutions

7   or other entities outside the territorial United States, by signing and delivering to

8   Commission's counsel the Consent to Release of Financial Records attached to this Order

9   as Attachment B.

10  **IX.  INTERFERENCE WITH REPATRIATION**

11       **IT IS FURTHER ORDERED** that Defendants and their successors, assigns,

12  members, officers, agents, servants, employees, and attorneys, and those persons or

13  entities in active concert or participation with them who receive actual notice of this

14  Order by personal service, facsimile transmission, email, or otherwise, whether acting

15  directly or through any corporation, subsidiary, division, or other device, are temporarily

16  restrained and enjoined from taking any action, directly or indirectly, which may result in

17  the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation

18  required by Paragraph VIII. of this Order, including, but not limited to:

19       A.     Sending any statement, letter, fax, email or wire transmission, telephoning,

20  or engaging in any other act, directly or indirectly, that results in a determination by a

21  foreign trustee or other entity that a "duress" event has occurred under the terms of a

22  foreign trust agreement until such time as all assets have been fully repatriated pursuant to

23  Paragraph VIII. of this Order; or

24       B.     Notifying any trustee, protector, or other agent of any of the Defendants of

25  the existence of this Order, or of the fact that repatriation is required pursuant to a Court

26  Order, until such time as all assets have been fully repatriated pursuant to Paragraph VIII.

27  of this Order.

28

1                     **RECORD KEEPING PROVISIONS**

2 **X. FINANCIAL STATEMENTS AND ACCOUNTING**

3        **IT IS FURTHER ORDERED** that within five (5) business days following the

4 service of this Order:

5        A.      Each Individual Defendant shall prepare and deliver to Commission counsel

6 a completed financial statement on the form captioned "Financial Statement of Individual

7 Defendant," which is attached to this Order as Attachment C;

8        B.      Unless otherwise agreed upon with Commission counsel and the Temporary

9 Receiver, Defendants shall also prepare and deliver to Commission counsel a completed

10 financial statement on the form captioned "Financial Statement of Corporate Defendant,"

11 which is attached to this Order as Attachment D, for each Corporate Defendant, and for

12 each business entity owned, controlled or managed by the Individual Defendants,

13 regardless of whether it is a defendant in this case.  The financial statements shall be

14 accurate as of the date and time of entry of this Order; and

15        C.      Each Defendant shall also prepare and deliver to Commission counsel:

16             1.      A completed statement, verified under oath:

17                  a.      specifying the name and address of each financial institution

18             and brokerage firm at which the Defendant has accounts or safe deposit

19             boxes.  Said statements shall include assets held in foreign as well as

20             domestic accounts; and

21                  b.      listing all persons who have received payments, transfers, or

22             assignment of funds, assets, or property which total $10,000 or more in any

23             twelve-month period since January 1, 2006.  This list shall specify: (a) the

24             amount(s) transferred or assigned; (b) the name of each transferee or

25             assignee; (c) the date of the assignment or transfer; and (d) the type and

26             amount of consideration paid to the Defendant;

27

28

2.      For each home-based Internet business opportunity advertised, marketed, promoted, offered for sale, or sold by the Defendants, a detailed accounting, verified under oath, of:

a.      all gross revenues obtained from the sale of each such good or service (broken down by month and year) from January 1, 2006, through the date of the issuance of this Order;

b.      all net profits obtained from the sale of each such good or service (broken down by month and year) from January 1, 2006, through the date of the issuance of this Order;

c.      the total amount of each such good or service sold (broken down by month and year) from January 1, 2006, through the date of the issuance of this Order; and

d.      the full name, address, and telephone number of every purchaser or recipient of each such good or service, and the amount paid by each, from January 1, 2006, through the date of the issuance of this Order.

## XI. RECORDS MAINTENANCE AND NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are temporarily restrained and enjoined from:

A.      Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, electronically stored information, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' assets;

17

1    B.    Destroying, erasing, mutilating, concealing, altering, transferring, or

2 otherwise disposing of, in any manner, directly or indirectly, any documents, including

3 electronically stored information, that relate in any way to the business practices or

4 business or personal finances of Defendants; to the business practices or finances of

5 entities directly or indirectly under the control of Defendants; or to the business practices

6 or finances of entities directly or indirectly under common control with any other

7 Defendant; and

8    C.    Creating, operating, or exercising any control over any new business entity,

9 whether newly formed or previously inactive, including any partnership, limited

10 partnership, joint venture, sole proprietorship, or corporation, without first providing the

11 Commission with a written statement disclosing: (1) the name of the business entity; (2)

12 the address and telephone number of the business entity; (3) the names of the business

13 entity's officers, directors, principals, managers, and employees; and (4) a detailed

14 description of the business entity's intended activities.

15 **XII.  CONSUMER CREDIT REPORTS**

16    **IT IS FURTHER ORDERED** that, under Section 604(1) of the Fair Credit

17 Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the

18 Commission and the Temporary Receiver a consumer report concerning any of the

19 Defendants.

20 **XIII.  PRESERVATION OF EXISTING RECORDS**

21    **IT IS FURTHER ORDERED** that Defendants and their successors, assigns,

22 members, officers, agents, servants, employees, and attorneys, and those persons or

23 entities in active concert or participation with them who receive actual notice of this

24 Order by personal service, facsimile transmission, email, or otherwise, whether acting

25 directly or through any corporation, subsidiary, division, or other device, are temporarily

26 restrained and enjoined from destroying, erasing, mutilating, concealing, altering,

27 transferring, or otherwise disposing of, in any manner, directly or indirectly, any

28 contracts, accounting data, correspondence, email, advertisements, computer tapes, discs,

1   electronically stored information, or other computerized storage media, books, written or

2   printed records, handwritten notes, telephone logs, telephone scripts, recordings, receipt

3   books, ledgers, personal and business cancelled checks and check registers, bank

4   statements, appointment books, copies of federal, state or local business or personal

5   income or property tax returns, and other documents or records of any kind related to the

6   business practices or business or personal finances of Defendants, individually and

7   jointly.

8        This Paragraph specifically applies to all documents that have been or are

9   displayed on or have been or are accessible from any and all Internet websites owned or

10   controlled by any Defendant or electronic data host, including but not limited to any of

11   the websites whose addresses are listed on Attachment A.

12   **XIV. DUTIES OF ELECTRONIC DATA HOSTS**

13        **IT IS FURTHER ORDERED** that pending determination of Commission's

14   request for a Preliminary Injunction, any electronic data host for Defendants shall:

15       A.    Discontinue the provision of products and services to any Defendant or any

16   other person using a Defendant's account, and take no step to provide products or

17   services to any Defendant except as authorized by further order of this Court;

18       B.    Disconnect any such computer equipment from the Internet and from any

19   other means of remote access by Defendants or any other person, and take no step to

20   reconnect the computer equipment except as authorized by further order of this Court;

21       C.    Deny Defendants and any other person access to Defendants' accounts for

22   computer products and services except as authorized by further order of this Court;

23       D.    Deny Defendants and any other person access to the computer equipment

24   except as authorized by further order of this Court;

25       E.    Prevent the modification or removal of Defendants' electronically stored

26   information or computer equipment from its present location except as authorized by

27   further order of this Court; and

28

F.      Provide counsel for the Commission, within five (5) business days of receipt of a copy of this Order, with a sworn statement disclosing the identity of any electronic data host, and the location of the computer equipment, and describing, to the extent known, the make(s) and model(s) of the computer equipment, as well as the operating system(s) in use, and the number, size, and capacity of any mass storage arrays or devices, in order that the Commission may arrange for imaging of the contents of any such mass storage arrays or devices.

## XV. IMMEDIATE ACCESS TO DEFENDANTS' BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.      Defendants and their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, and the Temporary Receiver, shall immediately identify to Commission's counsel and the Temporary Receiver:

1.      All of Defendants' business premises;

2.      Any non-residence premises where any Defendant conducts business, sales operations, or customer service operations;

3.      Any non-residence premises where documents or electronically stored information related to the business, sales operations, or customer service operations of any Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any electronic data hosts; and

4.      Any non-residence premises where assets belonging to any Defendant are stored or maintained.

B.      Allow the Commission's representatives, agents, and assistants immediate access to the business premises, mail drops, storage facilities, electronically stored

1   information, and all other business locations owned, controlled, or used by Defendants,

2   including, but not limited to business premises at the following street address: 1400

3   Glenarm Place, Suite 301, Denver, Colorado 80202. The purpose of the access shall be to

4   effect service and to inspect and copy materials relevant to this action. The Commission

5   shall have the right to remove documents from Defendants' premises in order that they

6   may be inspected, inventoried, and copied. The Commission shall return any such

7   removed documents within five (5) business days, or such time-period that is agreed upon

8   by the Commission and Defendants. Defendants, to the extent they are in possession of

9   documents and electronically stored information relevant to this action, shall provide the

10  Commission with the means necessary to access these documents and electronically

11  stored information, including without limitation keys and combinations to locks,

12  computer access codes, and storage area access information;

13         C.     The Temporary Receiver shall subsequently allow the Commission's

14  representatives and Defendants and their representatives reasonable access to the business

15  premises of the Receivership Defendants. The purpose of this access shall be to inspect

16  and copy any and all books, records, accounts, electronically stored information, and

17  other property owned by or in the possession of the Receivership Defendants. The

18  Temporary Receiver shall have the discretion to determine the time and manner of this

19  access; and

20         D.     If, at the time of service of this Order, any records, electronically stored

21  information, or property relating to Receivership Defendant, or to any Defendant's assets

22  are located in the personal residence of any of the Individual Defendants, or in any other

23  non-business location under the personal control of any of the Individual Defendants,

24  then such Defendant(s) shall, within forty-eight (48) hours of service of this Order,

25  produce to the Commission, at a location designated by the Commission, the following:

26         1.     All contracts, accounting data, written or electronic correspondence,

27  advertisements, computer tapes, discs, electronically stored information, or other

28  computerized or electronic records, books, written or printed records, handwritten

21

1      notes, telephone logs, telephone scripts, telephone bills, receipt books, ledgers,

2      customer records and lists, refund records, receipts, ledgers, bank records

3      (including personal and business monthly statements, canceled checks, records of

4      wire transfers, and check registers), appointment books, copies of federal, state,

5      and local business or personal income or property tax returns, 1099 forms, title

6      records, and other documents or records of any kind related to Defendants'

7      business and assets; and

8          2.    All computers, electronically stored information, and data in

9      whatever form, used by Defendants, in whole or in part, relating to Defendants'

10     business and assets.

11                     **RECEIVERSHIP**

12 **XVI.  APPOINTMENT OF TEMPORARY RECEIVER**

13     **IT IS FURTHER ORDERED** that: _Robb Evans & Assoc. LLC_ is

14 appointed Temporary Receiver for the Receivership Defendants, as well as for any

15 successors, assigns, affiliates, and subsidiaries that conduct any business related to

16 Defendants' home-based Internet business opportunities, and which the Temporary

17 Receiver has reason to believe are owned or controlled in whole or in part by any of the

18 Receivership Defendants, with the full power of an equity receiver. The Temporary

19 Receiver shall be the agent of this Court and solely the agent of this Court in acting as

20 Temporary Receiver under this Order. The Temporary Receiver shall be accountable

21 directly to this Court. The Temporary Receiver shall comply with all Local Rules of this

22 Court governing receivers.

23 **XVII.  RECEIVERSHIP DUTIES**

24     **IT IS FURTHER ORDERED** that the Temporary Receiver is directed and

25 authorized to perform and accomplish the following:

26     A.    Assume full control of the Receivership Defendants by removing

27 Defendants Kimberly Joy Birdsong, Joseph Wayne Lowry, Tracy Jerome Morris, Sarah

28 Lynne Stapel, Alyisse Maloi Tramel, Daniel Vigil, and any other officer, manager,

22

1   independent contractor, employee, or agent of the Receivership Defendants from control

2   and management of the affairs of the Receivership Defendants;

3        B.     Collect, marshal, and take custody, control and possession of all the funds,

4   property, premises, accounts, mail, and other assets of, or in the possession or under the

5   control of the Receivership Defendants, wherever situated, the income and profits, and all

6   sums of money now or hereafter due or owing to the Receivership Defendants with full

7   power to:  collect, receive, and take possession of all goods, chattels, rights, credits,

8   monies, effects, lands, leases, books and records, work papers, records of accounts,

9   including computer-maintained information and electronically stored information,

10  contracts, financial records, monies on hand in banks and other financial institutions, and

11  other papers and documents of the Receivership Defendants and other individuals or

12  corporations whose interests are now held by or under the direction, possession, custody

13  or control of the Receivership Defendants;

14       C.     Collect, marshal, and take custody, control, and possession of all

15  electronically stored information maintained or stored on any Smartphones, flash drives,

16  telephones, PDAs, desktop personal computers and workstations, laptops, notebooks, and

17  other portable computers, or other electronic storage media, whether personal or business,

18  for the purposes of the Temporary Receiver to determine whether such device contains

19  electronically stored information relating to the Receivership Defendants' business

20  practices.  The Temporary Receiver shall make available for copying and imaging by

21  Plaintiff and Defendants all business related electronically stored information maintained

22  or stored on such devices.

23       D.     Perform all acts necessary to conserve, hold, manage, and preserve the

24  value of those assets in order to prevent any irreparable loss, damage and injury to

25  business venture purchasers, and all acts incidental thereto, including the suspension of

26  operations;

27       E.     Perform all acts necessary to ensure that the Receivership Defendants are in

28  compliance with the provisions of this Order, including ceasing all advertising,

23

1   marketing, offering, or providing home-based Internet business opportunities, or assisting

2   others in doing the same, which contains any false or misleading statements of material

3   fact or which fail to disclose all information material to a consumer's decision to seek the

4   services of the Defendants;

5       F.    Make best efforts to notify the Receivership Defendants' customers about

6   this Order, such efforts can include posting this Order on the Receivership Defendants'

7   websites; and

8       G.    Enter into agreements in connection with administration of the receivership,

9   including, but not limited to:

10           1.    the retention and employment of investigators, attorneys, or

11       accountants of the Temporary Receiver's choice, including, without limitation,

12       members and employees of the Temporary Receiver's firm, to assist, advise, and

13       represent the Temporary Receiver; and

14           2.    the movement and storage of any equipment, furniture, records, files,

15       or other physical property of the Receivership Defendants.

16       H.    Institute, prosecute, compromise, adjust, intervene in, or become party to

17   such actions or proceedings in state, federal, or foreign courts that the Temporary

18   Receiver deems necessary and advisable to preserve the value of the properties of the

19   Receivership Defendants or that the Temporary Receiver deems necessary and advisable

20   to carry out the Temporary Receiver's mandate under this Order, and likewise to defend,

21   compromise or adjust or otherwise dispose of any or all actions or proceedings instituted

22   against the Temporary Receiver or the Receivership Defendants that the Temporary

23   Receiver deems necessary and advisable to preserve the properties of the Receivership

24   Defendants or that the Temporary Receiver deems necessary and advisable to carry out

25   the Temporary Receiver's mandate under this Order.

26   **XVIII.  TEMPORARY RECEIVER'S BOND**

27       **IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the

28   Clerk of this Court a bond in the sum of _5,000.00_, with sureties to be approved

24

1  by the Court, conditioned that the Temporary Receiver will well and truly perform the

2  duties of the office and abide by and perform all acts the Court directs.

3  **XIX.  COOPERATION WITH THE TEMPORARY RECEIVER**

4    **IT IS FURTHER ORDERED** that Defendants and their successors, assigns,

5  members, officers, agents, servants, employees, and attorneys, and those persons or

6  entities in active concert or participation with them who receive actual notice of this

7  Order by personal service, facsimile transmission, email, or otherwise, whether acting

8  directly or through any corporation, subsidiary, division, or other device, shall fully

9  cooperate with and assist the Temporary Receiver.  Such cooperation and assistance shall

10  include, but not be limited to, providing any information to the Temporary Receiver that

11  the Temporary Receiver deems necessary to exercising the authority and discharging the

12  responsibilities of the Temporary Receiver under this Order; providing any password

13  required to access any computer, electronically stored information, or electronic files in

14  any medium; or advising all persons who owe money to the Receivership Defendants that

15  all debts should be paid directly to the Temporary Receiver.

16    **IT IS FURTHER ORDERED** that Defendants are temporarily restrained

17  and enjoined from directly or indirectly:

18    A. Transacting any of the business of the Receivership Defendants, or

19  transacting business under the name of the Receivership Defendants, or any substantially

20  similar name;

21    B. Destroying, concealing, defacing, transferring, or otherwise altering or

22  disposing of any documents of the Receivership Defendants, including, but not limited to,

23  books, records, accounts, documents, electronically stored information, or any other

24  papers of any kind or nature;

25    C. Transferring, receiving, altering, selling, encumbering, pledging, assigning,

26  liquidating, or otherwise disposing of any assets owned, controlled, or in the possession

27  or custody of, or in which an interest is held or claimed by, the Receivership Defendants,

28  or the Temporary Receiver;

1        D.      Excusing debts owed to the Receivership Defendants;

2        E.      Failing to notify the Temporary Receiver of any asset, including accounts,

3    of any Receivership Defendant held in any name other than the name of any Receivership

4    Defendant, or by any person or entity other than the Receivership Defendants, or failing

5    to provide any assistance or information requested by the Temporary Receiver in

6    connection with obtaining possession, custody, or control of such assets; or

7        F.      Doing any act or refraining from any act whatsoever to interfere with the

8    Temporary Receiver's taking custody, control, possession, or managing of the assets or

9    documents subject to this receivership; or to harass or interfere with the Temporary

10   Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this

11   Court over the assets or documents of the Receivership Defendants; or to refuse to

12   cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized

13   agents in the exercise of their duties or authority under any Order of this Court.

14   **XX. DELIVERY OF RECEIVERSHIP PROPERTY**

15       **IT IS FURTHER ORDERED** that:

16       A.      Immediately upon service of this Order upon them, or within a period

17   permitted by the Temporary Receiver, Defendants and all other persons in possession,

18   custody, and control of assets or documents of the Receivership Defendants shall transfer

19   or deliver possession, custody, and control of the following to the Temporary Receiver:

20          1.      All assets of the Receivership Defendants;

21          2.      All documents of the Receivership Defendants, including, but not

22   limited to, books and records of accounts, all financial and accounting records,

23   balance sheets, income statements, bank records (including monthly statements,

24   canceled checks, records of wire transfers, and check registers), client lists, title

25   documents, electronically stored information, and other papers; and

26          3.      All assets belonging to members of the public now held by the

27   Receivership Defendants.

28

26

1        B.     In the event any person or entity fails to deliver or transfer any asset or

2  otherwise fails to comply with any provision of this Paragraph, the Temporary Receiver

3  may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding the failure.

4  Upon filing of the affidavit, the Court may authorize, without additional process or

5  demand, Writs of Possession or Sequestration or other equitable writs requested by the

6  Temporary Receiver.  The writs shall authorize and direct the United States Marshal or

7  any sheriff or deputy sheriff of any county to seize the asset, document, or other thing and

8  to deliver it to the Temporary Receiver.

9  **XXI.  TEMPORARY RECEIVER'S REPORTS**

10     **IT IS FURTHER ORDERED** that the Temporary Receiver shall report to this

11  Court on or before the date set for the hearing to Show Cause regarding the Preliminary

12  Injunction regarding:  (1) the steps taken by the Temporary Receiver to implement the

13  terms of this Order; (2) the value of all liquidated and unliquidated assets of the

14  Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4)

15  the steps the Temporary Receiver intends to take in the future to:  (a) prevent any

16  diminution in the value of assets of the Receivership Defendants; (b) pursue receivership

17  assets from third parties; and (c) adjust the liabilities of the Receivership Defendants, if

18  appropriate; and (5) any other matters which the Temporary Receiver believes should be

19  brought to the Court's attention.  *Provided*, however, if any of the required information

20  would hinder the Temporary Receiver's ability to pursue receivership assets, the portions

21  of the Temporary Receiver's report containing such information may be filed under seal

22  and not served on the parties.

23  **XXII.  BANKRUPTCY PETITIONS**

24     **IT IS FURTHER ORDERED** that:

25     A.     In light of the asset freeze and appointment of the Temporary Receiver,

26  Defendants are prohibited from filing, or causing to be filed, on behalf of any

27  Receivership Defendant, a petition for relief under the United States Bankruptcy Code, 11

28  U.S.C. § 101 *et seq.*, without prior permission from this Court.

1    B.    In light of the asset freeze, Individual Defendants must give 21 days' notice

2  to the Commission prior to filing, or causing to be filed, on behalf of the Individual

3  Defendants, a petition for relief under the United States Bankruptcy Code, 11 U.S.C.

4  § 101 *et seq.*

5  **XXIII.  TRANSFER OF FUNDS TO THE TEMPORARY RECEIVER**

6    **IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all

7  banks, broker-dealers, savings and loans, escrow agents, title companies, commodity

8  trading companies, or other financial institutions shall cooperate with all reasonable

9  requests of the Temporary Receiver relating to implementation of this Order, including

10  producing records related to the assets of the Receivership Defendants.

11  **XXIV.  STAY OF ACTIONS**

12    **IT IS FURTHER ORDERED** that:

13    A.    Except by leave of this Court, during pendency of the receivership,

14  Defendants and all other persons and entities (except for the Commission) are stayed

15  from taking any action to establish or enforce any claim, right, or interest for, against, on

16  behalf of, in, or in the name of:  a) the Receivership Defendants, or b) any of assets of

17  Receivership Defendants, or c) the Temporary Receiver or the Temporary Receiver's

18  duly authorized agents acting in their capacities as such, including, but not limited to, the

19  following actions:

20        1.    Commencing, prosecuting, continuing, entering, or enforcing any

21      suit or proceeding, except that the actions may be filed to toll any applicable

22      statute of limitations;

23        2.    Accelerating the due date of any obligation or claimed obligation;

24      filing or enforcing any lien; taking or attempting to take possession, custody, or

25      control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest

26      in any asset, whether such acts are part of a judicial proceeding, are acts of self-

27      help, or otherwise;

28

28

1          3.     Executing, issuing, serving, or causing the execution, issuance or

2     service of, any legal process, including, but not limited to, attachments,

3     garnishments, subpoenas, writs of replevin, writs of execution, or any other form

4     of process whether specified in this Order or not; or

5          4.     Doing any act or thing whatsoever to interfere with the Temporary

6     Receiver taking custody, control, possession, or management of the assets or

7     documents subject to this receivership, or to harass or interfere with the Temporary

8     Receiver in any way, or to interfere in any manner with the exclusive jurisdiction

9     of this Court over the assets or documents of the Receivership Defendants.

10    B.     Subparagraph (A) of this Paragraph does not stay:

11          1.     The commencement or continuation of a criminal action or

12    proceeding;

13          2.     The commencement or continuation of an action or proceeding by a

14    governmental unit to enforce such governmental unit's police or regulatory power;

15          3.     The enforcement of a judgment, other than a money judgment,

16    obtained in an action or proceeding by a governmental unit to enforce such

17    governmental unit's police or regulatory power; or

18          4.     The issuance to the Receivership Defendants of a notice of tax

19    deficiency.

20    C.     Except as otherwise provided in this Order, all persons and entities who

21    need documentation from the Temporary Receiver shall in all instances first attempt to

22    secure such information by submitting a formal written request to the Temporary

23    Receiver, and, if the request has not been responded to within 30 days of receipt by the

24    Temporary Receiver, any person or entity may thereafter seek an order of this Court with

25    regard to the relief requested.

26    **XXV.  COMPENSATION OF TEMPORARY RECEIVER**

27          **IT IS FURTHER ORDERED** that the Temporary Receiver and personnel hired

28    by the Temporary Receiver to perform the duties under this Order, are entitled to a

29

1   reasonable compensation for the performance of duties under this Order, and for the cost

2   of actual out-of-pocket expenses incurred by them, from Defendants' assets.  To obtain

3   payment, the Temporary Receiver shall file with the Court and serve on the parties

4   periodic requests for the payment of such reasonable compensation, with the first such

5   request filed no more than 60 days after the date of this Order.  The Temporary Receiver

6   shall not increase the hourly rates used as the bases for such fee applications without prior

7   approval of the Court.

8   **XXVI.  TEMPORARY RECEIVER'S ACCESS TO BUSINESS PREMISES AND RECORDS**

9

10          **IT IS FURTHER ORDERED** that:

11          A.      The Temporary Receiver, and its respective representatives, agents,

12   contractors, or assistants, are permitted, and the Defendants shall allow, immediate access

13   to any business premises and storage facilities of the Receivership Defendants.  Such

14   locations include, but are not limited to, the offices and facilities of the Receivership

15   Defendants at or in the vicinity of 1400 Glenarm Place, Suite 301, Denver, Colorado

16   80202.

17          B.      The Temporary Receiver is authorized to employ the assistance of law

18   enforcement officers, including, but not limited to, the United States Marshals Service, to

19   effect service, to implement peacefully the provisions of this Order, and keep the peace.

20   The Temporary Receiver may exclude Defendants and their agents and employees from

21   the business premises and facilities.

22          C.      Defendants and all agents or employees of Defendants shall provide the

23   Temporary Receiver with any necessary means of access to documents, including,

24   without limitation, the locations of Receivership Defendants' business premises, keys and

25   combinations to business premises locks, computer access codes of all computers used to

26   conduct Receivership Defendants' business, and storage area access information.

27          D.      The Temporary Receiver is authorized to copy any documents related to

28   Defendants' business practices, including by forensic imaging of electronically stored

1   information.  The Temporary Receiver is authorized to remove any documents related to

2   Defendants' business practices from the premises in order that they may be inspected,

3   inventoried, and copied.  The materials removed shall be returned within five (5) business

4   days of completing inventory and copying.

5              **NOTIFICATION AND MONITORING PROVISIONS**

6   **XXVII.  DISTRIBUTION OF ORDER BY DEFENDANTS**

7              **IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy

8   of this Order to each affiliate, sales entity, successor, assign, member, officer, employee,

9   agent, servant, attorney, subsidiary, division, and representative of any of the Defendants,

10  and shall, within three (3) days from the date of entry of this Order, provide the

11  Commission with a sworn statement that Defendants have complied with this provision of

12  the Order, which statement shall include the names and addresses of each such person or

13  entity who received a copy of this Order.

14  **XXVIII.  SERVICE OF ORDER**

15             **IT IS FURTHER ORDERED** that copies of this Order may be served by any

16  means, including facsimile transmission, email, and overnight delivery service, upon any

17  financial institution or other entity or person that may have possession, custody, or

18  control of any documents or assets of any Defendant, or that may be subject to any

19  provision of this Order.  Pursuant to Fed. R. Civ. P. 4(c)(2), this Order and the initial

20  papers filed in this matter may be served on Defendants, upon the business premises of

21  Defendants, and upon any financial institution or other entity or person that may have

22  possession, custody, or control of any documents or assets of any of the Defendants, or

23  that may be subject to any provision of this Order, by employees of the Commission, by

24  employees of any other law enforcement agency, by any agent of Commission, or by any

25  agent of any process service retained by the Commission.

26  **XXIX.  MONITORING**

27             **IT IS FURTHER ORDERED** that agents or representatives of the Commission

28  may contact the Defendants or their agents or representatives directly and anonymously

1    for the purpose of monitoring compliance with this Order, and may record any oral

2    communications that occur in the course of such contacts.

### PRELIMINARY INJUNCTION PROCEEDINGS

**XXX.   ORDER TO SHOW CAUSE**

5         **IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants

6    North America Marketing and Associates, LLC; NAMAA, LLC, TM Multimedia

7    Marketing, LLC - Nevada; TM Multimedia Marketing, LLC - Arizona;, National

8    Opportunities, LLC - Nevada; National Opportunities, LLC - Arizona; World Wide

9    Marketing and Associates, LLC; Wide World of Marketing, LLC; Precious Metals

10   Resource, LLC; Guaranteed Communications, LLC; Superior Multimedia Group, LLC;

11   Kimberly Joy Birdsong; Joseph Wayne Lowry; Tracy Jerome Morris; Sarah Lynne

12   Stapel; Alyisse Maloi Tramel; Daniel Vigil; Sheila Ann Lowry; Carl Edward Morris, Jr.;

13   and Marketing Strategies, LLC shall appear before this Court, located at United States

14   District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W.

15   Washington Street, Courtroom _____603_____, Phoenix, AZ 85003-2118, on the

16   __15th__ day of __May__, 2012, at _1:30_ ~~a.m.~~/p.m. MST, to show cause why this

17   Court should not enter a preliminary injunction, pending final ruling on the Complaint,

18   against Defendants enjoining them from violations of Section 5(a) of the FTC Act,

19   15 U.S.C. § 45(a), imposing additional relief as may be appropriate, and appointing a

20   permanent receiver over Defendants North America Marketing and Associates, LLC;

21   NAMAA, LLC, TM Multimedia Marketing, LLC - Nevada; TM Multimedia Marketing,

22   LLC - Arizona;, National Opportunities, LLC - Nevada; National Opportunities, LLC -

23   Arizona; World Wide Marketing and Associates, LLC; Wide World of Marketing, LLC;

24   Precious Metals Resource, LLC; Guaranteed Communications, LLC; Superior

25   Multimedia Group, LLC; Kimberly Joy Birdsong; Joseph Wayne Lowry; Tracy Jerome

26   Morris; Sarah Lynne Stapel; Alyisse Maloi Tramel; Daniel Vigil; Sheila Ann Lowry; Carl

27   Edward Morris, Jr.; and Marketing Strategies, LLC.

28

32

1      **IT IS FURTHER ORDERED** that, in support of its application for a preliminary

2   injunction, the Commission may submit supplemental evidence discovered subsequent to

3   the filing of its application for a TRO, as well as a supplemental memorandum. The

4   Commission shall file and serve any supplemental evidence and memorandum by no later

5   than 4:30 p.m. MST on the third court day prior to the preliminary injunction hearing as

6   scheduled above. The documents may be served on each Defendant by email, or fax, or

7   by delivering the document(s) to the attorney(s) for the Defendants, or, if the Defendants

8   are not represented by counsel, to a fax number or email address previously designated by

9   the Defendants in writing to counsel for the Commission; if the Defendants have not so

10   designated a fax number or email address, service may be effected by mailing the

11   documents to an address designated in writing by the Defendants to counsel for the

12   Commission; if no address has been so designated, service shall be complete upon filing

13   of the documents with this Court.

14      **IT IS FURTHER ORDERED** that Defendants shall file and serve any opposition

15   to the issuance of a preliminary injunction and the appointment of a permanent receiver

16   over the Receivership Defendants, including any declarations, exhibits, memoranda or

17   other evidence on which they intend to rely, and objections to any evidence submitted by

18   the Commission, by no later than 4:30 p.m. MST of the third court day prior to the

19   hearing on the preliminary injunction. Such documents may be served by email or fax

20   upon the Commission's counsel.

21      **IT IS FURTHER ORDERED** that the Commission shall file and serve any reply

22   to Defendants' opposition by no later than the second court day prior to the preliminary

23   injunction hearing.

24      **IT IS FURTHER ORDERED** that there will be no direct examination of

25   witnesses at the preliminary injunction hearing in this matter. Direct testimony shall be

26   presented in the form of declarations or affidavits. The Court in ruling on whether a

27   preliminary injunction shall issue will consider declarations or affidavits that have been

28

1 | filed in a timely manner prior to the preliminary injunction hearing without further need

2 | of any party moving such documents into evidence.

3 | **XXXI. EXAMINATION OF WITNESSES**

4 | **IT IS FURTHER ORDERED** that the preliminary injunction hearing will be

5 | conducted on the papers served and filed by the parties and on oral argument by counsel.

6 | No live witness testimony will be heard.

7 | **XXXII. SERVICE OF PLEADINGS**

8 | **IT IS FURTHER ORDERED** that the parties shall serve upon the opposing party

9 | and this Court and file all memoranda, affidavits, and other evidence upon which they

10 | intend to rely at the preliminary injunction hearing set in this matter not later than 4:00

11 | p.m. MST of the second day prior to the hearing date.  Service on the Commission shall

12 | be performed by delivery to:

13 |          Gary D. Kennedy
         Federal Trade Commission

14 |          Southwest Region
         1999 Bryan Street, Suite 2150

15 |          Dallas, Texas 75201-6808
         Fax: (214) 953-3079

16 |          E-mail: gkennedy@ftc.gov

17 | **XXXIII. EXPEDITED ASSET DISCOVERY**

18 | **IT IS FURTHER ORDERED** that, in anticipation of the preliminary injunction

19 | hearing set herein, the Commission is granted leave to conduct expedited discovery

20 | regarding Defendants' assets.  The Commission may depose any witness about

21 | Defendants' assets at any time after the date of this Order upon three (3) business days'

22 | notice.  Defendants shall respond to any asset-related interrogatories, requests for

23 | admissions, or requests for production of documents within three (3) business days after

24 | service of the discovery request.  Any discovery taken or propounded by the Commission

25 | under this Paragraph is in addition to, and not subject to, any limits on the quantity of

26 | permissible discovery provided for in the Federal Rules of Civil Procedure or the rules of

27 | this Court.  Any limitations and conditions set forth in the Federal Rules of Civil

28 |

34

1   Procedure or the rules of this Court regarding subsequent depositions of an individual
2   shall not apply to depositions taken under this Paragraph.
3   **XXXIV.  DURATION OF TEMPORARY RESTRAINING ORDER**
4       **IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire
5   on _May 15_, 2012, at _5 : 00_ ~~a.m.~~/p.m. MST, unless before such
6   time, the Order is extended for good cause shown, or by consent of the parties.
7   **XXXV.  ACKNOWLEDGMENT OF RECEIPT OF TEMPORARY**
    **RESTRAINING ORDER**
8
9       **IT IS FURTHER ORDERED** that each Defendant, within five (5) business days
10  of receipt of this Temporary Restraining Order as entered by the Court, must submit to
11  the Commission a truthful sworn statement acknowledging receipt of the Temporary
12  Restraining Order.
13  **XXXVI.  RETENTION OF JURISDICTION**
14      **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this
15  matter for all purposes.
16
17      **IT IS SO ORDERED.**
18
19  **ENTERED:** this _2nd_ day of _May_, 2012, at _3:50_ ~~a.m.~~/p.m. MST, at
20              Phoenix, Arizona.
21
22
23
24  _David G. Campbell_
    **UNITED STATES DISTRICT JUDGE**
25
26
27
28

35

# ATTACHMENT A

**(List of Websites)**

**Website URLs:**

| COMPANY | WEBSITE |
|---|---|
| North America Marketing and Associates, LLC | www.3waystoearn.com; www.namaallc.com; www.jakb.com/NAMA/; www.threewaystoearn.com |
| TM Multimedia Marketing, LLC (AZ) | www.tmmultimediamarketing.com |
| Time Management Multimedia Marketing, LLC d/b/a TM Multimedia Marketing, LLC (NV/CO) | www.jakb.com/TM; www.tmmmarketing.com |
| National Opportunities, LLC | www.nationalopportunitiesllc.com; www.jakb.com/NOLLC/; www.natopp.com |
| World Wide Marketing and Associates, LLC | www.worldwidemarketingandassociates.com; www.wwmallc.com |
| Wide World of Marketing, LLC | www.wideworldmarketing.com; www.jakb.com/wwm/ |
| Paramount Marketing Group Online, LLC | www.paramountmarketinggrouponline.com; www.pmgollc.com |
| Precious Metals Resource, LLC | www.preciousmetalsresource.com; www.pmrllc.com; www.jakb.com/pmrllc/; www.quickcashgoldtrade.com; www.qcgoldtrade.com |
| Superior Multimedia Group, LLC | www.jakb.com/SMG/; www.smmgllc.com |
| Extreme Merchant Services | www.mymerchantaccountwaseasy.com; www.extrememerchantservices.com; www.jakb.com/bizopp/merch/ |
| Online Shopping Headquarters | www.onlineshoppingheadquarters.com; www.myshoppingwaseasy.com |
| Related Websites - | www.tripleio.com; www.tripleincomeopportunity.com; www.tripleopp.com; www.mymortgagewaseasy.com; www.mytriplethreat.com; www.gamaallc.com; |

**ATTACHMENT A**

# ATTACHMENT O.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

*locd*
FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

JUL 18 2006

LUTHER THOMAS, Clerk
By: _____
Deputy Clerk

JUL 18 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

# 06 CV 1692

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION | Civil Action No. _____ |
| Plaintiff, | **[PROPOSED]** |
| v. | <u>EX PARTE</u> TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF |
| **Prophet 3H, Inc.**, et al., | RECEIVER, AND OTHER EQUITABLE RELIEF |
| Defendants |  |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having

filed a Complaint for a Permanent Injunction and Other Relief, including redress

to consumers, pursuant to Sections 13(b) and 19(a) of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b(a), and having moved

for an *Ex Parte* Temporary Restraining Order pursuant to Rule 65 of the Federal

Rules of Civil Procedure, Fed. R. Civ. P. 65, and the Court having considered the

Complaint, declarations, exhibits, and memorandum of law filed in support, finds

that:

1.      This Court has jurisdiction of the subject matter of this case and there

is good cause to believe it will have jurisdiction over all parties hereto;

2.      There is good cause to believe that Defendants Prophet 3H, Inc.,

Prophet 3H, LLC, Georgia Home Health Care License and Certification Institute,

Inc., d/b/a GHLCI, Healthcare State License and Certification Institute, Inc., d/b/a

HSLCI, HLCI and HSLCC, M7 Holdings, LLC, Jeffrey Wayne McLain, Victor

McLain, and Alexander McLain have engaged and are likely to engage in acts and

practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the

Commission's Rule entitled Disclosure Requirements and Prohibitions

Concerning Franchise and Business Opportunity Ventures (the "Franchise Rule"),

16 C.F.R. Part 436, and that the Commission is, therefore, likely to prevail on the

merits of this action;

3.      There is good cause to believe that immediate and irreparable harm

will result from Defendants' ongoing violations of Section 5 of the FTC Act and

the Franchise Rule unless Defendants are restrained and enjoined by Order of this

Court;

4.      There is good cause to believe that immediate and irreparable damage

to the Court's ability to grant effective final relief for consumers in the form of

monetary restitution will occur from the sale, transfer, or other disposition or

concealment by Defendants of assets or records unless Defendants are

-2-

immediately restrained and enjoined by Order of this Court. Therefore, in accordance with Fed. R. Civ. P. 65(b), good cause and the interests of justice require that this Order be granted without prior notice to Defendants. Accordingly, the Commission is relieved of the duty to provide Defendants with prior notice of the Commission's motion;

5.     Good cause exists for appointing a temporary Receiver for the Corporate Defendants Prophet 3H, Inc., Prophet 3H, LLC, Georgia Home Health Care License and Certification Institute, Inc., Healthcare State License and Certification Institute, Inc., and M7 Holdings, LLC;

6.     Weighing the equities and considering the Commission's likelihood of ultimate success, a Temporary Restraining Order with an asset freeze, appointment of a temporary Receiver, and other equitable relief is in the public interest; and

7.     No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c).

-3-

## DEFINITIONS

1.    "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad;

2.    "Business venture" means any written or oral business arrangement, however denominated, regardless of whether covered by the Franchise Rule, which consists of the payment of any consideration for:

a.    the right or means to offer, sell, or distribute goods or services (regardless of whether identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

b.    more than nominal assistance to any person or entity in connection with or incident to the establishment, maintenance, or operation of a new business or the entry by an existing business into a new line or type of business;

-4-

3.     "Corporate Defendants" means Prophet 3H, Inc., Prophet 3H, LLC,

Georgia Home Health Care License and Certification Institute, Inc., Healthcare

State License and Certification Institute, Inc., and M7 Holdings, LLC, and any

affiliates, fictitious names, d/b/a's, subsidiaries, successors, or assigns of the

aforementioned entities;

4.     "Individual Defendants" means Jeffrey Wayne McLain, Alexander

McLain, and Victor McLain;

5.     "Defendants" means:  (a) each Corporate Defendant; (b) each

Individual Defendant; (c) any person insofar as he or she is acting in the capacity

of an officer, agent, servant, employee or attorney of any Corporate Defendant or

any Individual Defendant; and (d) any persons or entities in active concert or

participation with any of the foregoing who receives actual notice of this Order by

personal service or otherwise, whether these persons or entities are acting directly

or through a trust, corporation, subsidiary, division, or other device.

6.     "Document" is synonymous in meaning and equal in scope to the

usage of the term in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs,

charts, photographs, audio and video recordings, computer records, and other data

compilations from which information can be obtained and translated, if necessary,

-5-

through detection devices into reasonably usable form.  A draft or non-identical

copy is a separate document within the meaning of the term;

    7.    "Health-related product" means any food, drug, dietary supplement,

or device for which a health benefit is claimed.

    8.    "Healthcare business venture" shall mean any business venture,

program, act, or enterprise for which a health benefit is claimed and any business

venture, program, act, or enterprise whose profits are directly or indirectly reliant

upon the provision of medical care or health-related products.  Health-related

service includes, but is not limited to, the provision and management of home

health care services, nursing home care services, assisted living services, nurse

staffing services, medical billing services, medical record management services,

health care consulting services, health care client solicitation services, and services

reimbursable through Federal or state Medicaid programs.

    9.    "Personally identifiable information" or "identity information" shall

mean individually identifiable information from or about an individual consumer

including, but not limited to: (a) a first and last name; (b) a home or other physical

address, including street name and name of city or town; (c) an email address or

other online contact information, such as an instant messaging user identifier or a

screen name that reveals an individual's email address; (d) a telephone number; (e)

a Social Security number; (f) a bank, loan, or credit card account number; (g) a

persistent identifier, such as a customer number held in a "cookie" or processor

serial number, that is combined with other available data that identifies an

individual consumer; (h) a Medicaid client or registration number; or (i) any

information that is combined with any of (a) through (h) above.

    10.    "Receiver" shall mean the temporary receiver appointed in Section X

of this Order and any deputy receivers that may be named by the temporary

receiver;

    11.    "Receivership Defendants" shall mean the Corporate Defendants and

any other entities owned or controlled by an individual in active concert or

participation with the Corporate Defendants who receive actual notice of this

Order by personal service or otherwise, whether these entities are acting directly

or through a trust, corporation, subsidiary, division, or other device.

//

//

//

//

-7-

## ORDER

## I. PROHIBITION AGAINST VIOLATION OF SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT

**IT IS THEREFORE ORDERED** that, in connection with the offering for sale or selling of any business venture, including franchises, defendants are hereby temporarily restrained and enjoined from making any material misrepresentation or assisting others in making any material misrepresentation, either expressly or by implication, to any prospective purchaser of a business venture, including but not limited to, the following:

1.      That defendants' healthcare business ventures do not violate federal or state laws regarding:  (a) the filing of false or misleading or information, (b) the use of a non-profit entity under Section 501(c)(3) of the tax code, (c) the offering of inducements to Medicaid beneficiaries to influence their selection of a particular provider, (d) the giving or acceptance of remuneration by healthcare providers in return for the referral of a person for whom the provider, by supplying services, will receive Medicaid reimbursement, (e) the use of identity information without the authorization of the subject of the information, or (f) the filing of false statements in relation to healthcare matters;

-8-

2.     That consumers who purchase defendants' healthcare business ventures will earn substantial income; or

3.     That consumers who purchase defendants' healthcare business ventures will receive significant assistance in the operation of their business, including, but not limited to, claims that Defendants will provide purchasers with: (a) legal and technical assistance, including mentoring, with the formation, development and operation of purchasers' healthcare businesses, or (b) clients for whom purchasers may obtain Medicaid reimbursement.

## II.  PROHIBITION AGAINST VIOLATION OF THE FRANCHISE RULE

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from violating or assisting others to violate any provisions of the Franchise Rule, 16 C.F.R. Part 436, including, but not limited to:

1.     Failing to provide a prospective purchaser with a complete and accurate disclosure document as prescribed by the Franchise Rule, 16 C.F.R. § 436.1(a);

2.     Failing to provide a prospective purchaser with an earnings claim document as prescribed by the Franchise Rule, 16 C.F.R. § 436.1(b)-(e);

3.     Failing to have a reasonable basis for any earnings claim at the time such claim is made, as required by the Franchise Rule, 16 C.F.R. § 436.1(b)-(e);

-9-

4.      Failing to disclose, in immediate conjunction with any earnings claim, and in a clear and conspicuous manner, that material which constitutes a reasonable basis for the earnings claim is available to the prospective purchasers;

5.      Failing to provide material which constitutes a reasonable basis for any earnings claim to prospective purchasers, the Commission, or its staff upon reasonable demand; or

6.      Making any statement that contradicts information required to be disclosed in the disclosure document, as required by the Franchise Rule, 16 C.F.R. § 436.1(f).

## III. PROTECTION OF PERSONALLY IDENTIFIABLE INFORMATION

**IT IS FURTHER ORDERED** that individual defendants shall immediately upon being served with a copy of this order transfer to the Receiver and not retain copies of any document containing personally identifiable information of members of the public.

## IV. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from:

-10-

1.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, whether within the United States or within a jurisdiction outside the United States, that are:  (1) owned or controlled by any of the Corporate Defendants or Individual Defendants, in whole or in part, or held on or on behalf of or for the benefit of any Corporate Defendant or Individual Defendant; (2) in the actual or constructive possession of any Corporate Defendant or Individual Defendant; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Corporate Defendant or Individual Defendant, including, but not limited to, any assets held by or for, or subject to access by, any of the Defendants, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

-11-

2.      Opening or causing to be opened any safe deposit boxes titled in the name
of any Corporate Defendant or Individual Defendant, or subject to access by any
of them;

3.      Incurring charges or cash advances on any credit card issued in the name,
singly or jointly, of any Corporate Defendant;

4.      Obtaining a personal or secured loan encumbering the assets of any
Corporate Defendant or Individual Defendant; and

5.      Incurring liens or other encumbrances on real property, personal property or
other assets in the name, singly or jointly, of any Corporate Defendant or
Individual Defendant.

The assets affected by this Section include:  (1) all assets of any of the Corporate
Defendants or Individual Defendants as of the time this Order was entered; and (2)
assets obtained after the time this Order was entered if the assets are derived from
the conduct alleged in the Commission's Complaint.

## V. RETENTION OF ASSETS AND RECORDS BY FINANCIAL
## INSTITUTIONS

**IT IS FURTHER ORDERED** that, pending determination of the
Commission's request for a preliminary injunction, any financial or brokerage

-12-

institution, business entity, or person served with a copy of this Order that holds, controls or maintains custody of any account or asset of any Corporate Defendant or Individual Defendant shall:

1.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset, except by further order of the Court;

2.     Deny Defendants access to any safe deposit box that is titled in the name, individually or jointly, or otherwise subject to access by any Corporate Defendant or Individual Defendant;

3.     Provide the Commission's counsel, within five (5) days of receiving a copy of this Order, a sworn statement setting forth:

> a.     the identification number of each such account or asset titled in the name, individually or jointly, of any Corporate Defendant or Individual Defendant, or held on behalf of, or for the benefit of any Corporate Defendant or Individual Defendant;

> b.     the balance of each such account, or a description of the nature and value of such asset as of the date and time it was served with a copy of this Order, and, if the account or other asset has

Page 311

been closed or removed, the date closed or removed, the total

funds removed in order to close the account, and the name of

the person or entity to whom such account or other asset was

remitted; and

c.     the identification of any safe deposit box that is titled in the

name, individually or jointly, of any Corporate Defendant or

Individual Defendant, or is otherwise subject to access by any

Corporate Defendant or Individual Defendant; and

4.     Upon request by the Commission, promptly provide the Commission with

copies of all records or other documentation pertaining to each such account or

asset, including, but not limited to, originals or copies of account applications,

account statements, signature cards, checks, drafts, deposit tickets, transfers to and

from the accounts, all other debit and credit instruments or slips, currency

transaction reports, 1099 forms, and safe deposit box logs.

## VI. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily

restrained and enjoined from:

-14-

1.       Destroying, erasing, mutilating, concealing, altering, transferring, or

otherwise disposing of, in any manner, directly or indirectly, any documents that

relate to the business, business practices, assets, or business or personal finances

of any corporate or individual Defendant, and

2.       Failing to create and maintain documents that, in reasonable detail,

accurately, fairly, and completely reflect Defendants' incomes, disbursements,

transactions, and use of money.

## VII.  FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Corporate Defendant and

Individual Defendant, within forty-eight (48) hours of service of this Order, shall

prepare and deliver to counsel for the Commission and to the Receiver completed

financial statements on the forms attached to this Order as Attachment A

(Financial Statement of Individual Defendant) and Attachment B (Financial

Statement of Corporate Defendant), for themselves individually and for each

business entity under which they conduct business or of which they are an officer,

and for each trust for which any Corporate Defendant or Individual Defendant is a

trustee.  The financial statements shall be accurate as of the date of entry of this

Order.  Each Corporate Defendant and each Individual Defendant shall include in

the financial statements a full accounting of all funds and assets, whether located

inside or outside of the United States, that are:  (a) titled in the name of such

Corporate Defendant or Individual Defendant, jointly, severally, or individually;

(b) held by any person or entity on behalf of or for the benefit of such Corporate

Defendant or Individual Defendant; or (c) under the direct or indirect control of

such Corporate Defendant or Individual Defendant.

## VIII.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair

Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may

furnish a consumer report concerning any Corporate Defendant or Individual

Defendant to the Commission.

## IX.  APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that _Kevin O'Halloran_ is

appointed temporary receiver for the Receivership Defendants.  The Receiver shall

be the agent of this Court, and solely the agent of this Court, in acting as Receiver

under this Order.  The Receiver shall be accountable directly to this Court.

-16-

## X.  RECEIVER'S DUTIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed

to accomplish the following:

1.      Assume full control of the Receivership Defendants by removing, as the

Receiver deems necessary or advisable, any director, officer, independent

contractor, employee, or agent of any of the Receivership Defendants, including

any Defendant, from control of, management of, or participation in, the affairs of

the Receivership Defendants;

2.      Take exclusive custody, control, and possession of all assets and documents

of, or in the possession, custody, or under the control of, the Receivership

Defendants, wherever situated.  The Receiver shall have full power to divert and

open mail and to sue for, collect, receive, take in possession, hold, and manage all

assets and documents of the Receivership Defendants and other persons or entities

whose interests are now under the direction, possession, custody, or control of, the

Receivership Defendants.  The Receiver shall assume control over the income and

profits therefrom and all sums of money now or hereafter due or owing to the

Receivership Defendants.  *Provided, however*, that the Receiver shall not attempt

to collect any amount from a consumer if the Receiver believes the consumer was

-17-

a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

3.      Take all steps necessary to secure each location from which the Receivership Defendants operate their business.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants.  Law enforcement personnel, including, but

-18-

not limited to, police or sheriffs, may assist the Receiver in implementing these

provisions in order to keep the peace and maintain security. If requested by the

Receiver, the United States Marshall will provide appropriate and necessary

assistance to the Receiver to implement this Order;

4.      Conserve, hold, and manage all assets of the Receivership Defendants, and

perform all acts necessary or advisable to preserve the value of those assets in

order to prevent any irreparable loss, damage, or injury to consumers or creditors

of the Receivership Defendants, including, but not limited to, obtaining an

accounting of the assets and preventing the unauthorized transfer, withdrawal, or

misapplication of assets;

5.      Enter into contracts and purchase insurance as advisable or necessary;

6.      Prevent the inequitable distribution of assets and determine, adjust, and

protect the interests of consumers and creditors who have transacted business with

the Receivership Defendants;

7.      Manage and administer the business of the Receivership Defendants until

further order of this Court by performing all incidental acts that the Receiver

deems to be advisable or necessary, which includes, but is not limited to, retaining,

hiring, or dismissing any employees, independent contractors, or agents;