UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

v.

**THE ONLINE ENTREPRENEUR, INC.,**
a corporation, also d/b/a THE SIX FIGURE
PROGRAM and BEN AND DAVE'S
PROGRAM;

**BEN AND DAVE'S CONSULTING
ASSOCIATES, INC.,** a corporation;

**BENJAMIN MOSKEL,** individually and as
an officer or owner of THE ONLINE
ENTREPRENEUR, INC.; and BEN AND
DAVE'S CONSULTING ASSOCIATES,
INC.; and

**DAVID CLABEAUX,** individually and as
an officer or owner of THE ONLINE
ENTREPRENEUR, INC.; and BEN AND
DAVE'S CONSULTING ASSOCIATES,
INC.,

    Defendants.

Case No. 8:12-cv-2500-T-27MAP

---

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
JUDGMENT AGAINST DEFENDANTS THE ONLINE ENTREPRENEUR, INC.,
BEN AND DAVE'S CONSULTING ASSOCIATES, INC., AND
DAVID CLABEAUX, ONLY**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC") filed its

Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter

pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15

1

U.S.C. §§ 53(b), and 57b, and the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibition Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended.  The Commission and Defendants The Online Entrepreneur, Inc., Ben and Dave's Consulting Associates, Inc., and David Clabeaux (collectively "Settling Defendants") stipulate to the entry of this Order for Permanent Injunction and Monetary Judgment ("Final Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1.　　This Court has jurisdiction over this matter.

2.　　The Complaint charges that Settling Defendants violated of Section 5 of the FTC Act, 15 U.S.C. § 45 and the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended, in connection with the advertising, marketing and sale of a business opportunity.

3.　　Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Final Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.　　Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Final Order, and agree to bear their own costs and attorney fees.

5.      The Settling Defendants waive all rights to appeal or otherwise challenge or contest

the validity of this Final Order.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

A.      **"Business Opportunity"** means a commercial arrangement in which:

     1.      A Seller solicits a prospective purchaser to enter into a New Business; and

     2.      The prospective purchaser makes a Required Payment; and

     3.      The Seller, expressly or by implication, orally or in writing, represents that the

seller or one or more Designated Persons will:

          a)      Provide locations for the use or operation of equipment, displays,

             vending machines, or similar devices, owned, leased, controlled, or

             paid for by the purchaser; or

          b)      Provide outlets, accounts, or customers, including, but not limited to,

             Internet outlets, accounts, or customers, for the purchaser's goods or

             services; or

          c)      Buy back any or all of the goods or services that the purchaser makes,

             produces, fabricates, grows, breeds, modifies, or provides, including

             but not limited to providing payment for such services as, for example,

             stuffing envelopes from the purchaser's home.

B.      **"Clear and Conspicuous"** or **"Clearly and Conspicuously"** means:

     1.      In print communications, the message shall be presented in a manner that

stands  out from the accompanying text, so that it is sufficiently prominent, because

of its type size, contrast to the background against which it appears, proximity to offer or claim, or other characteristics, for an ordinary consumer to notice, read, and comprehend it in relation to any claim it may be modifying;

2.      In communications disseminated orally or through audio means, the disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it;

3.      In communications made through an electronic medium (such as television, video, and interactive media such as the Internet, online services, mobile services and software), the disclosure shall be made next to any advertised price or cost (including free), and where consumers' financial account information is required, without the use of pop-up windows or hyperlinks to other electronic pages to display material information; and

4.      Regardless of the medium used to disseminate it, the message shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

C.      **"Defendants"** means all of the named defendants in this action, individually, collectively, or in any combination.

D.      **"Designated person"** means any person, other than the seller, whose goods or services the seller suggests, recommends, or requires that the purchaser use in establishing or operating a New Business.

E.      **"New Business"** means a business in which the prospective purchaser is not currently engaged, or a new line of type of business.

4

F.      **"Receivership Defendants"** mean Settling Corporate Defendants The Online Entrepreneur, Inc. and Ben and Dave's Consulting Associates, Inc.

G.      **"Required Payment"** means all consideration that the purchaser must pay to the seller or an affiliate, either by contract or practical necessity, as a condition of obtaining or commencing operation of the Business Opportunity. Such payment may be made directly or indirectly through a third party.

H.      **"Seller"** means a person who offers for sale or sells a Business Opportunity.

I.      **"Settling Defendants"** means the means David Clabeaux and The Online Entrepreneur, Inc. and Ben and Dave's Consulting Associates, Inc., their successors and assigns, individually, collectively, or in any combination.

J.      **"Work-at-Home Opportunity"** means any good, service, plan, program or opportunity that is represented, expressly or by implication, to assist an individual in any manner to earn money while working from home whether or not a Business Opportunity.

## ORDER

### I.

### BAN ON SALE OF BUSINESS OPPORTUNITIES AND WORK-AT-HOME OPPORTUNITIES

**IT IS ORDERED** that Settling Defendants are permanently restrained and enjoined from:

A.      Advertising, marketing, promoting, offering for sale, or assisting others in the advertising, marketing, promoting, or offering for sale of any (1) Business Opportunity, (2) Work-at-Home Opportunity, or (3) service to assist in the creation, advertising, marketing, promotion, or operation of a Business Opportunity or Work-at-Home Opportunity, including,

but not limited to website development, advertising, marketing, lead generation, social media

promotion, search engine optimization, training, and business establishment services; and

B.    Holding any ownership interest, share, or stock in any business, other than a

publicly traded company, that engages in or assists in advertising, marketing, promoting,

offering for sale of any (1) Business Opportunity, (2) Work-at-Home Opportunity, or (3)

service to assist in the creation, advertising, marketing, promotion, or operation of a Business

Opportunity or Work-at-Home Opportunity, including, but not limited to website

development, advertising, marketing, lead generation, social media promotion, search engine

optimization, training, and business establishment services.

II.

PROHIBITED REPRESENTATIONS AND OMISSIONS

**IT IS FURTHER ORDERED** that Settling Defendants and their officers, agents,

servants, employees, and attorneys, and all other persons in active concert or participation

with any of them who receive actual notice of this Final Order, whether acting directly or

indirectly, in connection with the marketing, advertising, promotion, offering for sale, or sale

of any product or service, are hereby permanently restrained and enjoined from:

A.    Misrepresenting, or assisting others in misrepresenting, expressly or

by implication:

1.    that consumers are likely to make income, earnings, or profits from the

product or service; or

2.    any fact material to consumers concerning any good or service, such

6

as the total costs; any material restrictions, limitations or conditions; or

any material aspect of its performance, efficacy, nature, or central

characteristics;

B.     Failing to disclose truthfully in a Clear and Conspicuous manner, before

consumers provide any billing information or incur a charge, the material terms and

conditions of the offer, including but not limited to:

1.     all products and services that are part of the sales offer; or

2.     the total costs to purchase, receive, or use, and the quantity of any

goods or services that are the subject of the sales offer;

C.     Making expressly or by implication, a representation enumerated in Section

II.A., unless the representation is true, and at the time it is made, Settling Defendants possess

and rely upon competent and reliable evidence that, when evaluated in an objective manner,

substantiates the claim;

D.     Assisting others in failing to disclose information set forth in Section II.B.

### III.

### MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.     Judgment in the amount of $2,923,318.00 (two million nine hundred and

twenty-three thousand three hundred and eighteen dollars) is entered in favor of the

Commission against the Settling Defendants, jointly and severally, as equitable monetary

relief.

B.      In partial satisfaction of the judgment against Settling Defendants, within ten

(10) days of the date of entry of this Final Order:

       1.      Settling Defendant David Clabeaux shall deliver to the Receiver, or his

designated agent, to the extent that he has not already done so, possession of

the following personal property identified in Settling Defendant Clabeaux's

financial statement, dated November 20, 2012, as amended on August 1,

2013:

         a.      Diamond necklace;

         b.      Ulysse Nardin Watch;

         c.      Acer Laptop.

Upon the Receiver's request, Settling Defendant Clabeaux shall promptly

transfer title to the property to the Receiver or his designated agent.  The

Receiver or his designated agent shall sell the property and any transfer fees,

taxes, or other payments mandated from a transferor by law shall be paid from

the proceeds of the sales at the time the property is sold.

       2.      Settling Defendant David Clabeaux shall surrender to the Receiver, or

his designated agent, possession of the following real property located at 732

38th Avenue, North St. Petersburg, Florida 33704, identified in Settling

Defendant Clabeaux's financial statement, dated November 20, 2012, as

amended on August 1, 2013.  Upon the Receiver's request, Settling

Defendant Clabeaux shall promptly transfer title to the property to the Receiver or his designated agent.  The Receiver or his designated agent shall sell the property and any transfer fees, taxes, or other payments mandated from a transferor by law shall be paid from the proceeds of the sales at the time the property is sold.

3.     Bank of America, its parent corporation, subsidiaries, principals, and agents shall transfer to the Commission by wire transfer in accordance with instructions to be provided by the Commission, all funds held in the name of, or for the benefit of, Settling Defendants, including, but not limited to the following:

      a.    Account Nos. xx6188 and xx6175, held in the name of David Clabeaux;

      b.    Account Nos. xx0708 and xx1038, held in the name of The Online Entrepreneur, Inc.

      c.    Account No. xx6289, held in the name of Smart Puppy Hosting, Inc.

4.     Chase Bank, its parent corporation, subsidiaries, principals, and agents shall transfer to the Commission by wire transfer in accordance with instructions to be provided by the Commission, all funds held in name of, or for the benefit of, Settling Defendants, including, but not limited to the following:

    a.      Account Nos. xx4255 and xx2654, held in the name of David

              Clabeaux;

    b.      Account Nos. xx2431 and xx3006, held in the name of

              Clabeaux Development LLC;

    c.      Account No. xx1070, held in the name of Ben and Dave's

              Consulting Associates, Inc;

    d.      Account Nos. xx1130 and xx0173, held in the name of Smart

              Puppy Hosting, Inc.

5.      Etrade.com, its parent corporations, subsidiaries, affiliates, principals, and agents shall take all steps necessary, including selling any shares of stocks, mutual funds, or bonds, to reduce to cash all assets in any Frozen Account held in the name of, or for the benefit of, Settling Defendants, including, but not necessarily limited to, Account No. xx2138, held in the name of David Clabeaux; and then transfer that cash to the Commission by wire transfer in accordance with instructions to be provided by the Commmission.  Provided, however, that prior to transferring any funds to the Commission, etrade.com may withhold any funds necessary for transfer to the Internal Revenue Service as required by law.

    C.    Upon such payment and all other asset transfers set forth in Section III, the remainder of the judgment as to Settling Defendants is suspended, subject to the Subsections below.

D.     The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Settling Defendants' sworn financial statements and related documents (collectively, "Financial Statements") submitted to the Commission, namely:

    1.     the Financial Statement of Settling Individual Defendant David Clabeaux signed on November 16, 2012, as amended on August 1, 2013, including all attachments, supplemental materials, and tax returns;

    2.     the Financial Statement of Settling Corporate Defendant The Online Entrepreneur, Inc., signed by Ben Moskel, President, on November 20, 2012, including all attachments, supplemental materials, and tax returns;

    3.     the Financial Statement of Settling Corporate Defendant Ben and Dave's Consulting Associates, Inc., signed by Ben Moskel, President, on November 20, 2012, including all attachments, supplemental materials, and tax returns; and

    4.     the sworn depositions of the Settling Defendants held on November 6 and 7, 2013.

E.     In the event that it is necessary to execute additional documents to transfer or liquidate assets of any Settling Defendant under this Final Order, or to dissolve and wind down the Receivership Defendants, Settling Defendants shall execute such documents within three (3) days of a written request from the Receiver or the Commission.

F.      The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection III. A, above which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Final Order.

H.      Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Final Order and may not seek the return of any assets.

I.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Final Order, such as a nondischargeability complaint in any bankruptcy case.

J.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Final Order will have collateral estoppel effect for such purposes.

K.     Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Final Order, in accordance with 31 U.S.C. § 7701.

L.     All money paid to the Commission pursuant to this Final Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IV.

### LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the asset freeze set forth in Section III of the Preliminary Injunction Order entered in this matter on November 6, 2012 (Dkt. 22), is modified to permit the payments and transfers identified in the Monetary Judgment Section III, above.  Upon completion of those payments and transfers, the asset freeze as to Settling Defendants is dissolved.

## V.

## RECEIVERSHIP

**IT IS FURTHER ORDERED** that:

A.      Except as modified by this Section of the Final Order, the receivership

imposed by this court shall continue in the manner set forth in the Preliminary Injunction

Order entered in this matter on November 6, 2012 (Dkt. 22).

B.      The Receiver shall take all necessary steps to wind down the affairs of the

Receivership Defendants.

C.      The Receiver shall forthwith take all steps necessary to liquidate the

receivership assets and those assets that are surrendered pursuant to Section III of this Final

Order and, after such liquidation, shall promptly remit the net proceeds to the Plaintiff as

payment toward the monetary judgment entered against Settling Defendants.  The Receiver is

authorized to withhold a reasonable sum, not to exceed ten (10) percent of the net proceeds

of the sale of any non-liquid assets surrendered pursuant to Section III as costs, fees, and

expenses.

D.      The Receiver shall continue to be entitled to compensation for the

performance of his duties pursuant to this Final Order from the assets of the Receivership

Defendants, at the billing rate previously agreed to by the Receiver.  Within sixty (60) days

after entry of this Final Order, and every sixty (60) days thereafter, the Receiver shall file

with the court a report detailing the action he has taken to wind down the affairs, marshal,

and liquidate receivership assets and those assets that are surrendered pursuant to Section III

of this Final Order, shall account for all assets marshaled, and shall submit any request for payment of reasonable compensation.

E.      The Receiver shall file his Final Report within one hundred and eighty (180) days after entry of this Final Order, unless this time is extended by the court for good cause. Upon approval of the Receiver's final report and request for payment, the receivership shall be terminated and all funds remaining after payment of the Receiver's final approved payment shall be remitted immediately to the FTC or its designated representative in partial satisfaction of the judgment pursuant to Section III of this Final Order.

F.      Any and all uncollected judgments obtained for the benefit of the Receivership Defendants shall be assigned to the Commission for further collection efforts.

## VI.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Final Order, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying

information, or any data that enables access to a customer's account (including a credit card,

bank account, or other financial account), that any Settling Defendant obtained prior to entry

of this Final Order in connection with the advertising, marketing, promotion, offering for

sale, or sale of business opportunities or work-at-home opportunities; and

C.      Failing to destroy such customer information in all forms in their possession,

custody, or control within thirty (30) days after receipt of written direction to do so from a

representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be

disclosed, to the extent requested by a government agency or required by law, regulation, or

court order.

## VII.

## COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with

representatives of the Commission in this case and in any investigation related to or

associated with the transactions or the occurrences that are the subject of the Complaint.

Settling Defendants must provide truthful and complete information, evidence, and

testimony.  Settling Individual Defendant must appear and Settling Corporate Defendants

must cause its officers, employees, representatives, or agents to appear for interviews,

discovery, hearings, trials, and any other proceedings that a Commission representative may

reasonably request upon five (5) days written notice, or other reasonable notice, at such

places and times as a Commission representative may designate, without the service of a

subpoena.

# VIII.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Final Order.

A.     Each Settling Defendant, within seven (7) days of entry of this Final Order, must submit to the Commission an acknowledgment of receipt of this Final Order sworn under penalty of perjury.

B.     For fifteen (15) years after entry of this Final Order, the Settling Individual Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Settling Corporate Defendant, must deliver a copy of this Final Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the advertising, marketing, promoting, offering for sale or sale of any business opportunity or work-at-home opportunity; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Final Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Settling Defendant delivered a copy of this Final Order, that Settling Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Final Order.

# IX.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the Settling Defendants make timely submissions to the Commission:

A.      One (1) year after entry of this Final Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Settling Defendant must (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with the Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, e-mail, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Final Order; and (e) provide a copy of each Final Order Acknowledgment obtained pursuant to this Final Order, unless previously submitted to the Commission;

2.      Additionally, the Settling Individual Defendant must (a) identify all telephone numbers and all e-mail, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business

18

activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For fifteen (15) years following entry of this Final Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.      Each Settling Defendant must report any change in (a) any designated point of contact; or (b) the structure of any Settling Corporate Defendants, or any entity that Settling Defendants have any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Final Order, including creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Order.

2.      Additionally, the Settling Individual Defendant must report any change in (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has direct or indirect control, and identify its name, physical address, and Internet address, if any.

C.      Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Settling Defendant within fourteen (14) days of its filing.

D.      Any submission to the Commission required by this Final Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Final Order must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to

> Associate Director for Enforcement, Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue NW Washington, DC 20580

The subject line must begin:  FTC v. The Online Entrepreneur, Inc., *et al*., X130013.

## X.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for fifteen (15) years after entry of the Final Order, and retain each such record for five (5) years.  Specifically, each Settling Defendant, for any business that such Settling Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.     Records of all consumer complaints and refund requests, whether receive directly or indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of this Final Order, including all submissions to the Commission; and

E.     A copy of each advertisement or other marketing material.

## XI.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Final Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Final Order:

A.     Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      Upon written request from a representative of the Commission, any credit reporting agency must furnish consumer reports concerning the Settling Defendants pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

C.      For matters concerning this Final Order, the Commission is authorized to communicate directly with each Settling Defendant. Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

D.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Final Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.

**IT IS SO ORDERED** this _13ᵗʰ_ day of _March_____ , 20 _14_ .


_____
JAMES D. WHITTEMORE
United States District Judge

22

**SO STIPULATED AND AGREED TO:**

**FOR THE PLAINTIFF:**

Dated: 3/11/14

BARBARA E. BOLTON, TRIAL COUNSEL
Federal Trade Commission
225 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia 30303
(404) 656-1362 (Bolton)
(404) 656-1379 (Facsimile)
Email:  bbolton@ftc.gov


**FOR DEFENDANT THE ONLINE ENTREPRENEUR, INC.:**

Dated: _____

_____
Benjamin Moskel, as the President and
Owner of The Online Entrepreneur, Inc.


**FOR DEFENDANT BEN AND DAVE'S CONSULTING ASSOCIATES, INC.:**

Dated: _____

_____
Benjamin Moskel, as the President and
Owner of Ben and Dave's Consulting Associates, Inc.


**FOR DEFENDANT DAVID CLABEAUX:**

Dated: 12/31/13

_____
David Clabeaux, Individually and
as an Officer and Owner of
The Online Entrepreneur, Inc. and
Ben and Dave's Consulting Associates, Inc.

23

**SO STIPULATED AND AGREED TO:**

**FOR THE PLAINTIFF:**

_____                    Dated: _____
**BARBARA E. BOLTON, TRIAL COUNSEL**
**Federal Trade Commission**
225 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia 30303
(404) 656-1362 (Bolton)
(404) 656-1379 (Facsimile)
Email:  bbolton@ftc.gov


**FOR DEFENDANT THE ONLINE ENTREPRENEUR, INC.:**

_____                    Dated: 1/2/14
Benjamin Moskel, as the President and
Owner of The Online Entrepreneur, Inc.


**FOR DEFENDANT BEN AND DAVE'S CONSULTING ASSOCIATES, INC.:**

_____                    Dated: 1/2/14
Benjamin Moskel, as the President and
Owner of Ben and Dave's Consulting Associates, Inc.


**FOR DEFENDANT DAVID CLABEAUX:**

_____                    Dated: _____
David Clabeaux, Individually and
as an Officer and Owner of
The Online Entrepreneur, Inc. and
Ben and Dave's Consulting Associates, Inc.

23

Dated: 1 - 2 - 14

RYAN HUGHES
Florida Bar No. 102670
The Law Offices of John W. McKnight
4834 Gandy Blvd.
Tampa, FL 33611
Tel: (239) 464-2868
Email: publicrecordslawhughes@gmail.com

Attorney for the Corporate Defendants The Online Entrepreneur, Inc. and
Ben and Dave's Consulting Associates, Inc.

24