## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

     Plaintiff,

v.

**THE ONLINE ENTREPRENEUR, INC.,**
a corporation, also d/b/a THE SIX FIGURE
PROGRAM and BEN AND DAVE'S
PROGRAM;

**BEN AND DAVE'S CONSULTING
ASSOCIATES, INC.,** a corporation;

**BENJAMIN MOSKEL**, individually and as
an officer or owner of THE ONLINE
ENTREPRENEUR, INC.; and BEN AND
DAVE'S CONSULTING ASSOCIATES,
INC.; and

**DAVID CLABEAUX**, individually and as
an officer or owner of THE ONLINE
ENTREPRENEUR, INC.; and BEN AND
DAVE'S CONSULTING ASSOCIATES,
INC.,

     Defendants.

**Case No. 8:12-cv-2500-JDW-MAP**

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY
## RELIEF AGAINST DEFENDANT BENJAMIN MOSKEL

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its

Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter

pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. §§ 53(b), and 57b, and the FTC's Trade Regulation Rule entitled "Disclosure

1

Requirements and Prohibition Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended.  The Commission and Defendant Benjamin Moskel stipulate to the entry of this Order for Permanent Injunction and Monetary Judgment ("Final Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant Moskel violated Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended, in connection with the advertising, marketing and sale of a business opportunity.

3.      Defendant Moskel neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Final Order.  Only for purposes of this action, Defendant Moskel admits the facts necessary to establish jurisdiction.

4.      Defendant Moskel waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Final Order, and agrees to bear his own costs and attorney fees.

5.      Defendant Moskel waives all rights to appeal or otherwise challenge or contest the validity of this Final Order.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

A.     **"Business Opportunity"** means a commercial arrangement in which:

    1.     A Seller solicits a prospective purchaser to enter into a New Business; and

    2.     The prospective purchaser makes a Required Payment; and

    3.     The Seller, expressly or by implication, orally or in writing, represents that the seller or one or more Designated Persons will:

        a)     Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or

        b)     Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services; or

        c)     Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including but not limited to providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

B.     **"Clear and Conspicuous" or "Clearly and Conspicuously"** means:

    1.     In print communications, the message shall be presented in a manner that stands  out from the accompanying text, so that it is sufficiently prominent, because of its type size, contrast to the background against which it appears, proximity to offer

or claim, or other characteristics, for an ordinary consumer to notice, read, and comprehend it in relation to any claim it may be modifying;

2.      In communications disseminated orally or through audio means, the disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it;

3.      In communications made through an electronic medium (such as television, video, and interactive media such as the Internet, online services, mobile services and software), the disclosure shall be made next to any advertised price or cost (including free), and where consumers' financial account information is required, without the use of pop-up windows or hyperlinks to other electronic pages to display material information; and

4.      Regardless of the medium used to disseminate it, the message shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

C.      **"Defendant Moskel"** means the Individual Defendant Benjamin Moskel and by whatever other names he may be known.

D.      **"Defendants"** means all of the named defendants in this action individually, collectively, or in any combination, including the Corporate Defendants, The Online Entrepreneur, Inc., Ben and Dave's Consulting, Inc., and their successors and assigns; and the Individual Defendants, Benjamin Moskel and David Clabeaux.

E.      **"Designated Person"** means any person, other than the seller, whose goods or services the seller suggests, recommends, or requires that the purchaser use in establishing or

4

operating a New Business.

F.     **"New Business"** means a business in which the prospective purchaser is not currently

engaged, or a new line or type of business.

G.     **"Receivership Defendants"** means Corporate Defendants The Online Entrepreneur,

Inc. and Ben and Dave's Consulting Associates, Inc.

H.     **"Required Payment"** means all consideration that the purchaser must pay to the

seller or an affiliate, either by contract or practical necessity, as a condition of obtaining or

commencing operation of the Business Opportunity.  Such payment may be made directly or

indirectly through a third party.

I.     **"Seller"** means a person who offers for sale or sells a Business Opportunity.

J.     **"Work-at-Home Opportunity"** means any good, service, plan, program or

opportunity that is represented, expressly or by implication, to assist an individual in any

manner to earn money while working from home whether or not a Business Opportunity.

## ORDER

### I.

### BAN ON SALE OF BUSINESS OPPORTUNITIES AND WORK-AT-HOME OPPORTUNITIES

**IT IS ORDERED** that Defendant Moskel is hereby permanently restrained and

enjoined from:

A.     Advertising, marketing, promoting, offering for sale, or assisting others in the

advertising, marketing, promoting, or offering for sale of any (1) Business Opportunity, (2)

Work-at-Home Opportunity, or (3) service to assist in the creation, advertising, marketing,

promotion, or operation of a Business Opportunity or Work-at-Home Opportunity, including,

but not limited to website development, advertising, marketing, lead generation, social media

promotion, search engine optimization, training, and business establishment services; and

      B.      Holding any ownership interest, share, or stock in any business, other than a

publicly traded company, that engages in or assists in advertising, marketing, promoting,

offering for sale of any (1) Business Opportunity, (2) Work-at-Home Opportunity, or (3)

service to assist in the creation, advertising, marketing, promotion, or operation of a Business

Opportunity or Work-at-Home Opportunity, including, but not limited to website

development, advertising, marketing, lead generation, social media promotion, search engine

optimization, training, and business establishment services.

## II.

### PROHIBITED REPRESENTATIONS AND OMISSIONS

**IT IS FURTHER ORDERED** that Defendant Moskel, and his officers, agents,

servants, employees, and attorneys, and all other persons in active concert or participation

with any of them who receive actual notice of this Final Order, whether acting directly or

indirectly, in connection with the marketing, advertising, promotion, offering for sale, or sale

of any product or service, are hereby permanently restrained and enjoined from:

      A.      Misrepresenting, or assisting others in misrepresenting, expressly or by

implication:

            1.      that consumers are likely to make income, earnings, or profits from the

                   product or service; or

            2.      any fact material to consumers concerning any product or service,

                   such as the total costs; any material restrictions, limitations or

conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.      Failing to disclose truthfully in a Clear and Conspicuous manner, before consumers provide any billing information or incur a charge, the material terms and conditions of the offer, including but not limited to:

1.      all products and services that are part of the sales offer; and

2.      the total costs to purchase, receive, or use, and the quantity of any products or services that are the subject of the sales offer;

C.      Making expressly or by implication, a representation enumerated in Section II.A., unless the representation is true, and at the time it is made, Defendant Moskel possesses and relies upon competent and reliable evidence that, when evaluated in an objective manner, substantiates the claim;

D.      Assisting others in failing to disclose information set forth in Section II.B.

## III.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of $2,923,318.00 (two million nine hundred twenty-three thousand three hundred and eighteen dollars) is entered in favor of the Commission against Defendant Moskel, jointly and severally, with Defendants, as equitable monetary relief; ***provided, however,*** that upon the completion of all asset transfers specified in Subsections B and C of Section III, and subject to the conditions set forth in Subsections D and E of Section III, the Judgment shall be partially suspended, except that $259,394.00 (two

hundred fifty-nine thousand three hundred ninety-four dollars) of the Judgment as to

Defendant Moskel shall not be suspended and shall remain due and payable.

     B.    Within ten (10) business days of receiving notice of this Final Order by any

means, the entities listed below shall turn over the account or asset identified below to the

Commission by electronic fund transfer in accordance with the instructions provided by

counsel for the Commission, by certified check or other guaranteed funds payable to and

delivered to the Commission, or as otherwise instructed by counsel for the Commission:

    1.    Chase Bank, its parent corporation, subsidiaries, principals, and agents

shall turn over:

    a.    Account No. xx0294, held in the name of Benjamin

Moskel; and

    b.    Account No. xx1995, held in the name of Benjamin

Moskel Custodian for minor child Moskel;

    2.    Citibank, N.A, its parent corporation, subsidiaries, principals, and

agents shall turn over Account No. xx4180, held in the name of

Benjamin Moskel.

    3.    Citizens Bank, its parent corporation, subsidiaries, principals, and

agents shall turn over:

    a.    Account No. xx9436, held in the name of Benjamin

Moskel;

    b.    A Safe Deposit Box, held in the name of Benjamin

Moskel;

4.  Five Star Bank, its parent corporation, subsidiaries, principals, and agents shall turn over Account No. xx9090, held in the name of Benjamin Moskel;

5.  M & T Bank, its parent corporation, subsidiaries, principals, and agents shall turn over Account No. xx6533, held in the name of Benjamin Moskel;

6.  Morgan Stanley, its parent corporation, subsidiaries, principals, and agents shall turn over Account No. xx4335, held in the name of Benjamin Moskel;

7.  Pittsford Federal Credit Union, its parent corporation, subsidiaries, principals, and agents shall turn over Account No. xx9846, held in the name of Benjamin Moskel.

C.  Within ten (10) business days of the date of entry of this Final Order, Defendant Moskel shall deliver to the Receiver, or his designated agent, to the extent that he has not already done so, possession of the following personal property identified in Defendant Moskel's financial statement, dated November 20, 2012, as amended on August 2, 2013:

1.  2009 BMW X5;

2.  2008 BMW 335xi;

3.  Moomba Mobius LSV and 2007 Moomba boat trailer;

4.  Taghauer Men's Watch;

5.  MacBook Laptop computer;

6.    Apple Ipad.

Upon the Receiver's request, Defendant Moskel shall promptly transfer title to the property to the Receiver or his designated agent.  The Receiver or his designated agent shall sell the property, and any transfer fees, taxes, or other payments mandated from a transferor by law shall be paid from the proceeds of the sales at the time the property is sold.

D.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Moskel's sworn financial statement and related documents (collectively, "Financial Statement") submitted to the Commission, namely:

1.    the Financial Statement of Individual Defendant Benjamin Moskel signed on November 20, 2012, as amended on August 2, 2013, including all attachments, supplemental materials, and tax returns; and

2.    the sworn deposition testimony of Defendant Moskel held on November 15, 2013.

E.    In the event that it is necessary to execute additional documents to transfer or liquidate assets of Defendant Moskel under this Final Order, or to dissolve and wind down the Receivership Defendants, Defendant Moskel shall execute such documents within three (3) days of a written request from the Receiver or the Commission.

F.    The suspension of the judgment will be lifted as to Defendant Moskel if, upon motion by the Commission, the Court finds that Defendant Moskel failed to disclose any

material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.      If the suspension of the judgment is lifted, the full judgment becomes immediately due as to Defendant Moskel in the amount specified in Subsection III. A, above which Defendant Moskel stipulates only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Final Order.

H.      Defendant Moskel relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Final Order and may not seek the return of any assets.

I.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Final Order, such as a nondischargeability complaint in any bankruptcy case.

J.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Final Order will have collateral estoppel effect for such purposes.

K.      The Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant Moskel previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Final Order, in accordance with 31 U.S.C. § 7701.

L.      All money paid to the Commission pursuant to this Final Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant Moskel has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IV.

### DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the asset freeze set forth in Section III of the Preliminary Injunction Order, first entered in this matter on November 6, 2012, is modified to permit the payments and transfers identified in the Monetary Judgment Section III, above. Upon completion of those payments and transfers, the asset freeze as to Defendant Moskel is dissolved.

## V.

### CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Moskel, and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation

with any of them who receive actual notice of this Final Order, are permanently restrained and enjoined from directly or indirectly:

A.   Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendant Moskel must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B.   Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant Moskel obtained prior to entry of this Final Order in connection with the advertising, marketing, promotion, offering for sale, or sale of business opportunities or work-at-home opportunities; and

C.   Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.

## COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that Defendant Moskel must fully cooperate with the Receiver in: (1) pursuing any and all claims by the Receiver against persons or entities other

than Defendant Moskel; (2) assisting the Receiver in defending any and all actions or claims brought against the Receiver, the receivership estate or the Receivership Defendants by persons or entities other than Defendant Moskel; (3) executing any documents necessary to transfer assets or ownership interests to the Receiver pursuant to the terms of this Final Order, or any other such order that has been or may be entered by the Court; and (4) refraining from any act that would interfere or impede the Receiver in execution of the performance of his duties.

## VII.

### ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Moskel obtain acknowledgments of receipt of this Final Order.

A.   Defendant Moskel, within seven (7) days of entry of this Final Order, must submit to the Commission an acknowledgment of receipt of this Final Order sworn under penalty of perjury.

B.   For fifteen (15) years after entry of this Final Order, Defendant Moskel for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Final Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the advertising, marketing, promoting, offering for sale or sale of any business opportunity or work-at-home opportunity; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance

Reporting.  Delivery must occur within seven (7) days of entry of this Final Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendant Moskel delivered a copy of this Final Order, Defendant Moskel must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Final Order.

## VIII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Moskel make timely submissions to the Commission:

A.      One (1) year after entry of this Final Order, Defendant Moskel must submit a compliance report, sworn under penalty of perjury.  Defendant Moskel must: (1) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (2) identify all titles and roles in all business activities, including any business for which Defendant Moskel performs services whether as an employee or otherwise and any entity in which he has any ownership interest; (3) describe in detail Defendant Moskel's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (4) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant Moskel; (5) identify all of Defendant Moskel's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (6) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any

15

other Defendant (which Defendant Moskel must describe if he knows or should know due to his own involvement); (7) describe in detail whether and how Defendant Moskel is in compliance with each Section of this Final Order; and (8) provide a copy of each Final Order Acknowledgment obtained pursuant to this Final Order, unless previously submitted to the Commission.

      B.      For fifteen (15) years after entry of this Final Order, Defendant Moskel must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following: (1) name, including aliases or fictitious name, or residence address; (2) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity; (3) any designated point of contact; or (4) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Final Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Order.

      C.      Defendant Moskel must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Defendant Moskel within fourteen (14) days of its filing.

      D.      Any submission to the Commission required by this Final Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on: _____" and supplying the date,

signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all

submissions to the Commission pursuant to this Final Order must be emailed to

Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

> Associate Director for Enforcement, Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Washington, DC 20580

The subject line must begin:  FTC v. The Online Entrepreneur, Inc., et al., X130013.

## IX.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Moskel must create certain records for

fifteen (15) years after entry of the Final Order, and retain each such record for five (5) years.

Specifically, Defendant Moskel for any business that he, individually or collectively with any

other Defendants, is a majority owner or controls directly or indirectly, must create and retain

the following records:

A.      Accounting records showing the revenues from all products or services sold;

B.      Personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's:  name; addresses; telephone numbers; job title or

position; dates of service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests, whether received

directly or indirectly, such as through a third party, and any response;

D.   All records necessary to demonstrate full compliance with each provision of this Final Order, including all submissions to the Commission; and

E.   A copy of each unique advertisement or other marketing material.

## X.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant Moskel's compliance with this Final Order, including the financial representations upon which part of the judgment was suspended, and any failure to transfer any assets as required by this Final Order:

A.   Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant Moskel must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules  of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   Upon written request from a representative of the Commission, any credit reporting agency must furnish consumer reports concerning Defendant Moskel pursuant to Section 604(!) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

C.   For matters concerning this Final Order, the Commission is authorized to communicate directly with Defendant Moskel.  Defendant Moskel must permit representatives of the Commission to interview any employee or other person affiliated with

Defendant Moskel who has agreed to such an interview.  The person interviewed may have counsel present.

D.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to monitor Defendant Moskel or any individual or entity affiliated with Defendant Moskel, without the necessity of identification or prior notice.  Nothing in this Final Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**XI.**

**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.

IT IS SO ORDERED this 29ᵗʰ day of July        , 20 14 .

JAMES D. WHITTEMORE
United States District Judge

**SO STIPULATED AND AGREED TO:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

Dated: 7/29/14

**BARBARA E. BOLTON, Trial Counsel**
**Federal Trade Commission**
225 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia 30303
(404) 656-1362 (Bolton)
(404) 656-1379 (Facsimile)
Email:  bbolton@ftc.gov

**FOR DEFENDANT BENJAMIN MOSKEL:**

Dated: 6/2/14

Benjamin Moskel, Esq., Individually and
as an Officer and Owner of The Online
Entrepreneur, Inc. and Ben and Dave's
Consulting Associates, Inc.